HARMEET K. DHILLON (CA SBN: 207873)
harmeet@dhillonlaw.com
MARK P. MEUSER (CA SBN: 231335)
mmeuser@dhillonlaw.com
DHILLON LAW GROUP INC.
177 Post Street, Suite 700
San Francisco, CA 94108
T: 415-433-1700
F: 415-520-6593

*Attorneys for Movants in Northern District of California*

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| **CAITLIN BERNARD, M.D.;**<br>**KATHERINE McHUGH, M.D.,**<br><br>         Plaintiffs,<br>    *v.*<br>**THE INDIVIDUAL MEMBERS OF THE**<br>**INDIANA MEDICAL LICENSING**<br>**BOARD**, in their official capacities; **THE**<br>**MARION COUNTY PROSECUTOR,**<br><br>         Defendants. | Case No.: 1:19-01660-SEB-MJD<br><br>**DECLARATION OF MARK MEUSER**<br>**IN SUPPORT OF MOTION FOR**<br>**ORDER TO ENFORCE THIRD**<br>**PARTY SUBPOENAS ISSUED BY**<br>**THE UNITED STATES DISTRICT**<br>**COURT IN THE SOUTHERN**<br>**DISTRICT OF INDIANA, FRCP 37**<br>**(a)(2)** |

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **INDIVIDUAL MEMBERS OF THE**<br>**INDIANA MEDICAL LICENSING**<br>**BOARD**, in their official capacities; and<br>**MARION COUNTY PROSECUTOR,**<br><br>    Movants,<br><br>    *v.*<br><br>**REGENTS OF THE UNIVERSITY OF**<br>**CALIFORNIA**; **MICHELE B. BARON**,<br>**LAUREN LEDERLE**;<br><br>    Third Party Subpoena Recipients. | Case No. |

Declaration of Meuser                                                                    Case No.

I, Mark Meuser, declare as follows:

1.  I am an attorney of record for Movants in this matter.

2.  I make this Declaration in support of Movants' Motion to Enforce Subpoenas.

3.  The following facts are within my personal knowledge and if called upon to testify in this action, as to the matters set forth in this Declaration, I could and would competently testify thereto.

4.  On or about December 24, 2020, I sent an email to Karen Johnson-McKewan, counsel for Defendants, requesting to meet and confer about a motion to compel responses to the subpoenas identified in accompanying Motion to Enforce Subpoenas. Ms. Johnson-McKewan responded that January 4, 2021, was the earliest that she could meet and confer with me about this issue due to her being out of the office until that time.

5.  On or about January 4, 2021, I participated in a conference call with Ms. Johnson-McKewan wherein she continued refusing to provide documents that were responsive to Movants' subpoenas.

6.  On or about January 5, 2021, I sent Ms. Johnson-McKewan a detailed email to respond to questions raised during the conference call on January 4. She responded later that day with an email saying that she was trying to find out if the data covered by the Movants' subpoenas still existed. She also stated that she was unsure whether her client would agree to release the data even if it did exist.

7.  On or about January 8, 2021, I sent another email to Ms. Johnson-McKewan to find out whether her client would be producing any documents or whether Movants would need to file a motion to compel.

8.  Later that same day, Ms. Johnson-McKewan responded without providing any documents or assurances that any documents would be forthcoming.

9.  Attached as Exhibit 1 is a copy of Complaint that was filed in United States District Court for the Southern District of Indiana.

10. Attached as Exhibit 2 is a copy of the Subpoena to Department of Obstetrics for the University of California.

11. Attached as Exhibit 3 is a copy of the Affidavit of Service for Department of Obstetrics for the University of California.



Declaration of Meuser                                                                              Case No.

1   12. Attached as Exhibit 4 is a copy of the Subpoena to Michele B. Barron.

2   13. Attached as Exhibit 5 is a copy of the Affidavit of Service for Michele B. Barron.

3   14. Attached as Exhibit 6 is a copy of the Subpoena to Lauren Lederie.

4   15. Attached as Exhibit 7 is a copy of the Affidavit of service for Lauren Lederie.

5   16. Attached as Exhibit 8 is a copy of Defendants' Notice of Subpoenas to Non-Party Entities.

6   17. Attached as Exhibit 9 is a copy of an email string between counsel for Defendants and counsel

7   for the Non-Party Entities.

8   18. Attached as Exhibit 10 is Non-Party Entities Objections to the Subpoenas.

9        I declare under penalty of perjury, under the laws of the State of California, that the foregoing

10  is true and correct.

11        Executed on January 13, 2021, at Pasadena, California.

12

13                                          /s/Mark Meuser_____
                                            Mark Meuser

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



Declaration of Meuser                                                                Case No.

EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CAITLIN BERNARD, M.D.; | ) | |
| KATHERINE McHUGH, M.D., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-1660 |
| | ) | |
| THE INDIVIDUAL MEMBERS OF THE | ) | |
| INDIANA MEDICAL LICENSING | ) | |
| BOARD, in their official capacities; | ) | |
| THE MARION COUNTY | ) | |
| PROSECUTOR, | ) | |
| | ) | |
| Defendants. | ) | |

**Complaint for Declaratory and Injunctive Relief/Challenge to Constitutionality of Indiana Statute**

**Introduction**

1.     Plaintiffs are physicians who provide abortions to women seeking them, prior to viability, in the second trimesters of their pregnancies.   In the second trimester of pregnancy the abortions are performed through a dilation and evacuation procedure (D&E), which is the abortion procedure used in the vast majority of second trimester abortions in the United States. However, House Enrolled Act 1211 ("the Enrolled Act"), effective July 1, 2019, makes the D&E procedure illegal unless the physician performing it causes fetal demise prior to the abortion. But, this imposes additional invasive and medically unnecessary procedures prior to the abortion, which are not feasible to ensure

[1]

demise and which impose a heightened risk to the health of women and enforcement of the Enrolled Act would prevent physicians from providing pre-viability abortions and women from obtaining them. The statute causes an undue burden on the right of women to obtain pre-viability abortions and is an unwarranted invasion of their bodily integrity and is therefore unconstitutional. Appropriate injunctive and declaratory relief must issue.

**Jurisdiction, venue, and cause of action**

2.      This Court has jurisdiction of this case pursuant to 28 U.S.C. §§ 1331 and 1343.

3.      Venue is proper in this district pursuant to 28 U.S.C. § 1391.

4.      Declaratory relief is authorized by Federal Rule of Civil Procedure 57 and by 28 U.S.C. §§ 2201, 2202.

5.      This case is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States.

**Parties**

6.      Dr. Caitlin Bernard is a physician, licensed in the State of Indiana by the Indiana Medical Licensing Board.

7.      Dr. Katherine McHugh is a physician, licensed in the State of Indiana by the Indiana Medical Licensing Board.

8.      The Individual Members of the Medical Licensing Board of Indiana comprise the body that licenses and disciplines physicians in Indiana. They are sued in their official

[2]

capacities and are designated by their official titles pursuant to Federal Rule of Civil Procedure 17(d).

9.      The Marion County Prosecutor is the duly elected prosecutor in the county where the plaintiffs perform abortions. The prosecutor is sued in his official capacity and is designated by his official title pursuant to Federal Rule of Civil Procedure 17(d).

**Legal background**

10.      The Enrolled Act creates a new statutory section, Indiana Code § 16-34-2-1(c) (eff. July 1, 2019), which provides that:

> A person may not knowingly or intentionally perform a dismemberment abortion unless reasonable medical judgment dictates that performing the abortion is necessary:
>
>> (1)      to prevent any serious health risk to the mother; or
>> (2)      to save the mother's life

11.      The Enrolled Act provides, at Indiana Code § 16-18-2-96.4 (eff. July 1, 2019):

> (a)      "Dismemberment abortion" means an abortion with the purpose of killing a living fetus in which the living fetus is extracted one (1) piece at a time from the uterus through clamps, grasping forceps, tongs, scissors, or another similar instrument that, through the convergence of two (2) rigid levers, slices, crushes, or grasps a portion of the fetus's body to cut or rip it off.
>
> (b)      "Dismemberment abortion" does not include an abortion that uses suction to dismember a fetus by sucking fetal parts into a collection container.

12.      A physician who, after July 1, 2019, performs a "dismemberment abortion" commits a Level 5 felony. Ind. Code § 16-34-2-7(a). He or she will also be subject to an injunction action or an action for damages. Ind. Code §§ 16-34-2-9; 16-34-2-10 (eff. July 1,

2019). He or she will also be subject to discipline imposed by the Indiana Medical Licensing Board, which could include loss of his or her medical license.

**Factual allegations**

13.     In Indiana, abortions during the first trimester of pregnancy may be performed in a clinic setting. However, after the first trimester and "before the earlier of viability of the fetus or twenty (20) weeks of post-fertilization age," the abortion must be performed in a hospital or ambulatory surgical center. Ind. Code § 16-34-2-1(a)(2).

14.     Although Indiana law refers to "post-fertilization age," medical professionals generally measure fetal age from the first day of the woman's last menstrual period or LMP.  Fertilization is considered to be 14 days post- LMP.

15.     The preferred methods of abortion during the first trimester of pregnancy are through a combination of medications that, in effect, cause a miscarriage, and through aspiration where a suction device is used to remove embryonic or fetal tissue from the uterus.

16.     Both in Indiana and in the United States, the standard method of abortion after the earliest weeks of the second trimester is through dilation and evacuation.

17.     Approximately 95% of abortions in the United States in the second trimester are performed by D&E procedures.

18.     The D&E procedure is used starting early in the second trimester.

[4]

19.     In the D&E procedure, after the cervix is softened and dilated, the physician uses suction to remove amniotic fluid and the placenta and forceps or another surgical instrument to remove the fetus. Usually, because the cervical opening is narrower than the fetus, some disarticulation or separation of fetal tissue will occur.

20.     The D&E procedure is the safest method available for abortions conducted in the second trimester. Indeed, in many states D&E procedures take place in an out-patient setting.

21.     In Indiana, the only other method available for abortions conducted after approximately 15 weeks post-LMP is the use of medications to, in effect, induce labor and the delivery of a non-viable fetus. Induction can take anywhere from 8 to 36 hours, or even longer, and requires the woman to go into labor, which can involve pain requiring significant medication or anesthesia.  Additionally, this can involve the risk of serious injury as giving birth is riskier to a woman's health than abortion.

22.     Moreover, in a significant percentage of induction abortions, a woman must undergo an additional surgical procedure to remove a retained placenta.

23.      Induction can also lead to uterine rupture, particularly in women with previous cesarean deliveries.  For all these reasons, induction is not appropriate or available for many women.  D&E is the standard abortion method after approximately 15 weeks.

24.     If the Enrolled Act goes into effect, a D&E procedure will be able to be performed only if fetal demise occurs before the abortion.

[5]

25.     Most physicians who provide D&E abortions do not attempt to induce fetal demise prior to abortion.

26.     The reason for this is that the various fetal-demise methods carry medically unnecessary risks of injury to patients, may not be utilized on all patients, may be extremely painful to patients, may not be successful, have no medical benefit to the patient and are not medically indicated. The procedures can also be technically difficult, requiring extensive training beyond the expertise of most obstetrician-gynecologists.

27.     Moreover, the fetal-demise methods have been subject to little-to-no research prior to 18 weeks LMP – when many D&Es take place. Indeed, certain fetal-demise methods have been subject to little study at all.

28.     Dr. Bernard practices medicine and performs pre-viability abortions in women's second trimesters of pregnancy, including women whose pregnancies are advanced far enough that the aspiration abortion method is not possible.

29.     The women are seeking these abortions because the fetus has been diagnosed as having either fatal or profound anomalies or because a physician has indicated that it would be dangerous for the woman to continue the pregnancy. However, the large majority of the abortions are because of diagnosed fatal or profound fetal anomalies.

30.     Dr. Bernard provides abortions through D&E procedures.

31.     Dr. McHugh has performed pre-viability second trimester abortions in the past through D&E procedures and intends to continue to do so in the future.

[6]

32.     The second trimester abortions performed by Dr. McHugh all involved cases where the fetus suffered from fatal or profound anomalies.

33.     Drs. Bernard and McHugh understand that the D&E procedure is the standard method of providing second-trimester abortions as it is the safest and most effective method.

34.     Drs. Bernard and McHugh are aware of the Enrolled Act and understand that the only way that they can continue to provide D&E procedures if the Enrolled Act goes into effect would be if they acted to cause fetal demise.

35.     Dr. Bernard is aware that, although Dr. McHugh has performed D&E abortions in the past and wishes to provide them in the future, there is only one other doctor in Indiana regularly performing second-trimester pre-viability abortions at the current time.

36.     Neither that other doctor, Dr. Bernard nor Dr. McHugh are able to perform the fetal-demise methods.

37.     In order to perform the fetal-demise methods, the doctors would at least require additional training as would the medical teams that would have to assist them.

38.     If the law goes into effect, plaintiffs believe that patients will be prevented from obtaining abortions as they will not be able to obtain physicians to perform fetal-demise procedures in place of the D&E procedures currently being performed.

39.     On behalf of their patients and future patients, Drs. Bernard and McHugh object to the patients having to undergo painful, risk-enhancing and infeasible procedures to

[7]

induce fetal demise in order to obtain an abortion. Because none of the fetal-demise procedures affords a feasible means to reliably induce fetal demise, and to do so without violating the Enrolled Act, and because the procedures all impose significant health risks, it would be extremely problematic for plaintiffs to use them even if they had the requisite training and experience.

40.     The Enrolled Act forces a patient seeking a second-trimester abortion to undergo a risk-enhancing and unnecessary medical procedure, to remain pregnant against her will, or to undergo an induction abortion, which, as noted above, entails greater risk, pain, and time than D&E and is not an option for some women.

41.     Even if they were able to be trained to do so, Drs. Bernard and McHugh do not desire to use the fetal-demise methods because as physicians, they have an ethical obligation not to subject their patients to potentially harmful procedures that provide no medical benefit.

42.     The Enrolled Act requires them to violate their ethical obligations to their patients.

43.     Moreover, the Enrolled Act places them in an impossible situation, as they are unable to know before beginning the fetal-demise procedures whether fetal demise will occur. If it does not, they may not be able to complete the abortion without violating the Enrolled Act. Because a physician cannot initiate a medical procedure without knowing that she has the capacity to see it through to completion, and because of the unreliability

of fetal-demise procedures, the Act will deter physicians from performing D&E abortions.

44.     The Enrolled Act will prevent women from being able to obtain second-trimester abortions in Indiana through the safest method of abortion, pre-viability.

45.     The Enrolled Act will discourage women from obtaining abortions.

46.     The Enrolled Act will impose a substantial and unwarranted burden on women's ability to obtain second-trimester, pre-viability, abortions.

47.     The Enrolled Act will cause plaintiffs' patients irreparable harm for which there is no adequate remedy at law.

48.     At all times defendants have acted, and will act, under color of state law.

**Claims for relief**

49.     The Enrolled Act, which bans the safest and most common method of abortion prior to viability in the second trimester of pregnancy, imposes an undue burden on women attempting to seek an abortion prior to viability and therefore violates the women's rights as guaranteed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

50.     The Enrolled Act, which forces women wishing to obtain a pre-viability abortion in the second trimester to undergo invasive, painful, infeasible and potentially medically risky procedures, in place of the safe and efficacious D&E procedure, violates the

[9]

women's right to bodily integrity guaranteed by the Due Process Clause of the Fourteenth

Amendment to the United States Constitution.

**Request for relief**

WHEREFORE, plaintiffs request that this Court:

a.     Accept jurisdiction of this case and set it for hearing at the earliest opportunity.

b.     Declare that the D&E ban created by the Enrolled Act violates the United States Constitution for the reasons noted above.

c.     Enter a preliminary injunction, later to be made permanent, enjoining the D&E ban created by the Enrolled Act.

d.     Award plaintiffs their costs and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988.

e.     Award all other proper relief.

Kenneth J. Falk
Gavin M. Rose
ACLU of Indiana
1031 E. Washington St.
Indianapolis, IN 46202
317/635-4059
fax: 317/635-4105
kfalk@aclu-in.org
grose@aclu-in.org

Andrew Beck
Motion to Appear Pro Hac Vice to be filed
American Civil Liberties Union
125 Broad St., 18th Floor
New York, NY 10004

[10]

(212) 549-2641
abeck@aclu.org

Attorneys for Plaintiffs

EXHIBIT 2

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Indiana

| | |
|---|---|
| Caitlin Bernard, M.D., et al., | ) |
| _____ | ) |
| *Plaintiff* | ) |
| v. | ) |
| The Individual Members of the Indiana Licensing | ) |
| Board, et al. | ) |
| _____ | ) |
| *Defendant* | ) |

Civil Action No.  1:19-cv-1660-SEB-DML

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   Department of Obstetrics, Gynecology, and Reproductive Sciences, University of California, San Francisco, 550 16th Street, 7th Floor, San Francisco, CA 94143

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attachment A.

| Place: 550 16th Street, 7th Floor, San Francisco, CA 94143 | Date and Time: |
|---|---|
| Please contact counsel per Instruction 17. | 5 PM on November 23, 2020 |

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   11/09/2020

CLERK OF COURT

OR

_____          s/ Diana Moers
*Signature of Clerk or Deputy Clerk*                  *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Defendants
The Individual Members of the Indiana Licensing Board, et al._____, who issues or requests this subpoena, are:

Thomas M. Fisher, IGCS-5th Floor, 302 W. Washington St., Indianapolis, IN 46204, 317-232-6201, tom.fisher@atg.in.gov

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  1:19-cv-1660-SEB-DML

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                                        *Server's signature*

                                                    _____
                                                        *Printed name and title*

                                                    _____
                                                        *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CAITLIN BERNARD, M.D., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-1660-SEB-DML |
| | ) | |
| THE INDIVIDUAL MEMBERS OF THE | ) | |
| INDIANA MEDICAL LICENSING | ) | |
| BOARD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ATTACHMENT A

Pursuant to the attached Subpoena and in accordance with the following Definitions and Instructions, you are required to produce the documents described below.

## **DEFINITIONS**

1.     "You" and "your" refer to each and every party required to respond to the attached Subpoena, including each party's employees, officers, agents, and successors.

2.     "Document" and "documents" are synonymous in meaning and equal in scope to the usage of the terms as defined in Federal Rule of Civil Procedure 34(a)(1)(A) and shall include all items subject to inspection and copying under those Rules. It includes all electronic data that is retrievable and translatable into a reasonably usable form.

3.     "Electronic data" means the original (or duplicate, identical copies when originals are not available) and any non-identical copies of electronic data of every kind and description. Unless the parties agree otherwise, all electronic data should be provided in native format, including metadata.

1

4.      "Native format" means the format of electronic data in the application in which such data was originally created.

5.      "Metadata" means structured information about electronic data that is created by the file system or application, embedded in the document or email, and sometimes modified through ordinary business use. Metadata of the electronic data describes, *inter alia*, the characteristics, origins, usage and validity of the collected electronic data.

6.      The connectives "and" and "or" and the phrase "and/or" shall be construed to bring within the scope of the request all documents that might otherwise be construed as nonresponsive to the Request.

7.      The singular shall be construed to include the plural, and the plural shall be construed to include the singular, as necessary to bring within the scope of each Request all documents that might otherwise be construed as nonresponsive to the Request.

## <u>INSTRUCTIONS</u>

1.      These requests do not seek any patient-identifying information or other information protected from disclosure by state or federal law or other applicable privilege. Patient-identifying information and any other information protected from disclosure by state or federal law or other applicable privilege should be redacted from any responsive document prior to the document being produced.

2.      In responding to this request, you are required to furnish all responsive documents in your possession, custody, or control, or in the possession, custody, or control of your attorneys, agents, employees, independent contractors, and all other persons acting on your behalf.

3.      These document requests shall be responded to fully, unless it is in good faith objected to, in which event the reasons for the objection shall be stated with specificity.  If an

objection pertains to only a portion of the request, or to a word, phrase, or clause contained therein, you shall state the objection to that portion only and respond to the remainder of the request.

4.      If, in responding to this request, you claim any ambiguity in the document request, or in a definition or instruction applicable thereto, you shall not rely upon the ambiguity as a basis for refusing to respond, but shall set forth as part of your response the language deemed to be ambiguous and the interpretation used in responding to the request.

5.      An original or one copy of each responsive document shall be produced.  If the same document exists in both electronic and non-electronic format, the electronically maintained document must be produced.

6.      If there are no documents responsive to the request, you shall so state in writing.

7.      A request for documents shall be deemed to include a request for all transmittal sheets, cover letters, exhibits, enclosures, and attachments to the documents, in addition to the document itself, without abbreviation or expurgations.  Documents attached to other documents or materials shall not be separated unless information is provided sufficient to permit reconstruction of the grouping or context in which the document is maintained in the ordinary course of business.

8.      Except as otherwise provided, each document requested shall be produced in its entirety and without redactions, deletions, or excisions, regardless of whether you consider the entire document to be relevant or responsive to this request.

9.      Documents shall be produced as they are kept in the ordinary course of business. Each document requested is to be produced in its original file folder, file jacket, or cover (or you may, in the alternative, designate in writing the titles of such folder, jacket, or cover with respect to each document).  The individual or department from whose files the document is being produced is to be indicated.

10.     If the documents requested differ or vary from one office, division, or location to another, these Requests require production of documents for each office, division, or location.

11.     If you refuse to produce any requested document, or part of any requested document, you shall submit, for each document or part of a document withheld, a written statement that:

    a)  specifies the privilege or other asserted basis for withholding the document;

    b)  describes the nature and general topic of the document;

    c)  identifies the persons who prepared the document and any persons to whom the document was sent or disclosed;

    d)  identifies any persons who have seen or had possession of the document; and

    e)  specifies the dates on which the document was prepared, transmitted, and received.

12.     These document requests are continuing in nature.  Any document obtained, identified, or located after service of any response to these requests that would have been included in the response had the document been available or had its existence been known at that time should be produced immediately.

13.     Documents not maintained electronically shall be scanned and electronically produced as Adobe .pdf files.

14.     You shall produce electronically stored documents and files in their native formats on DVD, CD, or portable hard drives.

15.     These requests seeks only documents and other items within your possession, custody, or control.

16.     The parties issuing the Subpoena further reserve the right to amend the Instructions after they have viewed your production.

17.     Please contact counsel for Defendants, who are located at Office of Attorney General Curtis Hill, 302 W. Washington Street, IGCS - 5th Floor, Indianapolis, IN 46204, to discuss means of electronic production in lieu of physical delivery. They can be reached by email at Diana.Moers@atg.in.gov or Jamie.Dingo@atg.in.gov.

## **REQUESTS**

Pursuant to the attached subpoena, you are required to produce the following:

1.     All survey data collected or relied upon on in the following study: Haddad, L., Yanow, S., Delli-Bovi, L., Cosby, K., & Weitz, T.A.(2009). Changes in abortion provider practices in response to the Partial-Birth Abortion Ban Act of 2003. Contraception, *79*(5),379-384. doi: 10.1016/j.contraception.2008.11.010.

2.     All survey data collected or relied upon in the following study: Denny, C. C., Baron, M. B., Lederle, L., Drey, E. A., & Kerns, J. L. (2015). Induction of fetal demise before pregnancy termination: Practices of family planning providers. Contraception, 92(3), 241–245. doi: 10.1016/j.contraception.2015.05.002.

EXHIBIT 3

## UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF INDIANA

Caitlin Bernard, M.D., et al.

### Plaintiff(s)

Civil Action No.: 1:19-cv-1660-SEB-DML

*vs.*

The Individual Members of the Indiana Licensing Board, et al.

### Defendant(s)

## AFFIDAVIT OF SERVICE

I, Uriel Carmona, a Private Process Server, being duly sworn, depose and say:

That I have been duly authorized to make service of the Subpoena Duces Tecum with Attachment A in the above entitled case.

That I am over the age of eighteen years and not a party to or otherwise interested in this action.

That on 11/25/2020 at 10:20 AM, I served Department of Obstetrics, Gynecology, and Reproductive Sciences, University of California, San Francisco at Risk Management Department, 1001 Potrero Avenue, Building 20, Lobby, San Francisco, California 94110 with the Subpoena Duces Tecum with Attachment A by serving Emma M., Risk Management Specialist, authorized to accept service.

Emma M. is described herein as:

Gender: Female    Race/Skin: White    Age: 40's    Weight: 190    Height: 5'6"    Hair: Brown    Glasses: No

I declare under penalty of perjury that this information is true and correct.

_11·30·2020_
Executed On

_Uriel Carmona_ (signature)
Uriel Carmona

Client Ref Number:N/A
Job #: 1583502

Capitol Process Services, Inc. | 1827 18th Street, NW, Washington, DC 20009 | (202) 667-0050

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of Indiana

| | |
|---|---|
| Caitlin Bernard, M.D., et al., | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. **1:19-cv-1660-SEB-DML** |
| The Individual Members of the Indiana Licensing Board, et al. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Department of Obstetrics, Gynecology, and Reproductive Sciences, University of California, San Francisco, 550 16th Street, 7th Floor, San Francisco, CA 94143

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attachment A.

| Place: 550 16th Street, 7th Floor, San Francisco, CA 94143 | Date and Time: |
|---|---|
| Please contact counsel per Instruction 17. | 5 PM on November 23, 2020 |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  11/09/2020

*CLERK OF COURT*

OR

_____      s/ Diana Moers
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  **Defendants**
The Individual Members of the Indiana Licensing Board, et al. _____, who issues or requests this subpoena, are:
Thomas M. Fisher, IGCS-5th Floor, 302 W. Washington St., Indianapolis, IN 46204, 317-232-6201, tom.fisher@atg.in.gov

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

EXHIBIT 4

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

### for the
Southern District of Indiana

| | |
|---|---|
| Caitlin Bernard, M.D., et al., | ) |
| *Plaintiff* | ) |
| v. | ) |
| The Individual Members of the Indiana Licensing Board, et al. | ) |
| *Defendant* | ) |

Civil Action No.  1:19-cv-1660-SEB-DML

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:      Michele B. Baron, M.D., 206 Ashbury St., San Francisco, CA 94117

*(Name of person to whom this subpoena is directed)*

✒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attachment A.

| Place: 206 Ashbury St., San Francisco, CA 94117 <br><br> Please contact counsel per Instruction 17. | Date and Time: <br><br> 5 PM on November 23, 2020 |
|---|---|

❒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

    The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    11/16/2020

| *CLERK OF COURT* | |
| | OR |
| _____ | s/ Diana Moers |
| *Signature of Clerk or Deputy Clerk* | _____ |
| | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendants
The Individual Members of the Indiana Licensing Board, et al. , who issues or requests this subpoena, are:
Thomas M. Fisher, IGCS-5th Floor, 302 W. Washington St., Indianapolis, IN 46204, 317-232-6201, tom.fisher@atg.in.gov

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   1:19-cv-1660-SEB-DML

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CAITLIN BERNARD, M.D., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-1660-SEB-DML |
| | ) | |
| THE INDIVIDUAL MEMBERS OF THE | ) | |
| INDIANA MEDICAL LICENSING | ) | |
| BOARD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ATTACHMENT A

Pursuant to the attached Subpoena and in accordance with the following Definitions and Instructions, you are required to produce the documents described below.

## **DEFINITIONS**

1.      "You" and "your" refer to the person named on the subpoena.

2.       "Document" and "documents" are synonymous in meaning and equal in scope to the usage of the terms as defined in Federal Rule of Civil Procedure 34(a)(1)(A) and shall include all items subject to inspection and copying under those Rules. It includes all electronic data that is retrievable and translatable into a reasonably usable form.

3.      "Electronic data" means the original (or duplicate, identical copies when originals are not available) and any non-identical copies of electronic data of every kind and description. Unless the parties agree otherwise, all electronic data should be provided in native format, including metadata.

4.      "Native format" means the format of electronic data in the application in which such data was originally created.

1

5.      "Metadata" means structured information about electronic data that is created by the file system or application, embedded in the document or email, and sometimes modified through ordinary business use. Metadata of the electronic data describes, *inter alia*, the characteristics, origins, usage and validity of the collected electronic data.

6.      The connectives "and" and "or" and the phrase "and/or" shall be construed to bring within the scope of the request all documents that might otherwise be construed as nonresponsive to the Request.

7.      The singular shall be construed to include the plural, and the plural shall be construed to include the singular, as necessary to bring within the scope of each Request all documents that might otherwise be construed as nonresponsive to the Request.

## **INSTRUCTIONS**

1.      This request does not seek any patient-identifying information or other information protected from disclosure by state or federal law or other applicable privilege. Patient-identifying information and any other information protected from disclosure by state or federal law or other applicable privilege should be redacted from any responsive document prior to the document being produced.

2.      In responding to this request, you are required to furnish all responsive documents in your possession, custody, or control, or in the possession, custody, or control of your attorneys, agents, employees, independent contractors, and all other persons acting on your behalf.

3.      The document request shall be responded to fully, unless it is in good faith objected to, in which event the reasons for the objection shall be stated with specificity.  If an objection pertains to only a portion of the request, or to a word, phrase, or clause contained therein, you shall state the objection to that portion only and respond to the remainder of the request.

4.      If, in responding to this request, you claim any ambiguity in the document request, or in a definition or instruction applicable thereto, you shall not rely upon the ambiguity as a basis for refusing to respond, but shall set forth as part of your response the language deemed to be ambiguous and the interpretation used in responding to the request.

5.      An original or one copy of each responsive document shall be produced.  If the same document exists in both electronic and non-electronic format, the electronically maintained document must be produced.

6.      If there are no documents responsive to the request, you shall so state in writing.

7.      A request for documents shall be deemed to include a request for all transmittal sheets, cover letters, exhibits, enclosures, and attachments to the documents, in addition to the document itself, without abbreviation or expurgations.  Documents attached to other documents or materials shall not be separated unless information is provided sufficient to permit reconstruction of the grouping or context in which the document is maintained in the ordinary course of business.

8.      Except as otherwise provided, each document requested shall be produced in its entirety and without redactions, deletions, or excisions, regardless of whether you consider the entire document to be relevant or responsive to this request.

9.      Documents shall be produced as they are kept in the ordinary course of business. Each document requested is to be produced in its original file folder, file jacket, or cover (or you may, in the alternative, designate in writing the titles of such folder, jacket, or cover with respect to each document).  The individual or department from whose files the document is being produced is to be indicated.

10.      If the documents requested differ or vary from one office, division, or location to another, the Requests require production of documents for each office, division, or location.

11.     If you refuse to produce any requested document, or part of any requested document, you shall submit, for each document or part of a document withheld, a written statement that:

      a)  specifies the privilege or other asserted basis for withholding the document;

      b)  describes the nature and general topic of the document;

      c)  identifies the persons who prepared the document and any persons to whom the document was sent or disclosed;

      d)  identifies any persons who have seen or had possession of the document; and

      e)  specifies the dates on which the document was prepared, transmitted, and received.

12.     This document request is continuing in nature.  Any document obtained, identified, or located after service of any response to this request that would have been included in the response had the document been available or had its existence been known at that time should be produced immediately.

13.     Documents not maintained electronically shall be scanned and electronically produced as Adobe .pdf files.

14.     You shall produce electronically stored documents and files in their native formats on DVD, CD, or portable hard drives.

15.     This request seeks only documents and other items within your possession, custody, or control.

16.    The parties issuing the Subpoena further reserve the right to amend the Instructions after they have viewed your production.

17.    Please contact counsel for Defendants, who are located at Office of Attorney General Curtis Hill, 302 W. Washington Street, IGCS - 5th Floor, Indianapolis, IN 46204, to discuss means of electronic production in lieu of physical delivery. They can be reached by email at Diana.Moers@atg.in.gov or Jamie.Dingo@atg.in.gov.

## REQUESTS

Pursuant to the attached subpoena, you are required to produce the following:

1.    All survey data collected or relied upon in the following study: Denny, C. C., Baron, M. B., Lederle, L., Drey, E. A., & Kerns, J. L. (2015). Induction of fetal demise before pregnancy termination: Practices of family planning providers. Contraception, 92(3), 241–245. doi: 10.1016/j.contraception.2015.05.002.

EXHIBIT 5

## UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF INDIANA

**Caitlin Bernard, M.D., et al.**

Plaintiff(s)

Civil Action No.: 1:19-cv-1660-SEB-DML

*vs.*

**The Individual Members of the Indiana Licensing Board, et al.**

Defendant(s)

### AFFIDAVIT OF SERVICE

I, Timothy J. Anderson, a Private Process Server, being duly sworn, depose and say:

That I have been duly authorized to make service of the Subpoena Duces Tecum with Attachment A in the above entitled case.

That I am over the age of eighteen years and not a party to or otherwise interested in this matter.

That on 11/16/2020 at 4:58 PM, I served Michele B. Baron, M.D. at 206 Ashbury Street, San Francisco, California 94117 with the Subpoena Duces Tecum with Attachment A by serving Michele B. Baron, M.D., personally.

Michele B. Baron, M.D. is described herein as:

Gender: Female   Race/Skin: White   Age: 40s   Weight: 140   Height: 5'3"   Hair: Brown/Red   Glasses: Yes

I declare under penalty of perjury that this information is true and correct.

11-18-20
_____
Executed On

_____
Timothy J. Anderson

Client Ref Number:N/A
Job #: 1583770

Capitol Process Services, Inc. | 1827 18th Street, NW, Washington, DC 20009 | (202) 667-0050

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of Indiana

| | |
|---|---|
| Caitlin Bernard, M.D., et al., | ) |
| _Plaintiff_ | ) |
| v. | ) |
| The Individual Members of the Indiana Licensing Board, et al. | ) |
| _Defendant_ | ) |

Civil Action No.   1:19-cv-1660-SEB-DML

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:        Michele B. Baron, M.D., 3260 Kerner Blvd, San Rafael, CA 94901

_(Name of person to whom this subpoena is directed)_

☒ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attachment A.

| Place: 3260 Kerner Blvd, San Rafael, CA 94901 | Date and Time: |
|---|---|
| Please contact counsel per Instruction 17. | 5 PM on November 23, 2020 |

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     11/09/2020

_CLERK OF COURT_

OR

_____          s/ Diana Moers
_Signature of Clerk or Deputy Clerk_                        _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_      Defendants
The Individual Members of the Indiana Licensing Board, et al._____ , who issues or requests this subpoena, are:
Thomas M. Fisher, IGCS-5th Floor, 302 W. Washington St., Indianapolis, IN 46204, 317-232-6201, tom.fisher@atg.in.gov

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

EXHIBIT 6

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Indiana

| | |
|---|---|
| Caitlin Bernard, M.D., et al., | ) |
| *Plaintiff* | ) |
| v. | ) |
| The Individual Members of the Indiana Licensing | ) |
| Board, et al. | ) |
| *Defendant* | ) |

Civil Action No. 1:19-cv-1660-SEB-DML

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:     Lauren Lederle, MD, 4150 Clement St, San Francisco, CA 94121

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attachment A.

| Place: 4150 Clement St, San Francisco, CA 94121<br><br>Please contact counsel per Instruction 17. | Date and Time:<br><br>5 PM on November 23, 2020 |
|---|---|

❒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    11/09/2020

*CLERK OF COURT*

OR

_____                    s/ Diana Moers
*Signature of Clerk or Deputy Clerk*                    _____
                                                      *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  Defendants
The Individual Members of the Indiana Licensing Board, et al._____ , who issues or requests this subpoena, are:
Thomas M. Fisher, IGCS-5th Floor, 302 W. Washington St., Indianapolis, IN 46204, 317-232-6201, tom.fisher@atg.in.gov

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:19-cv-1660-SEB-DML

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) For Other Discovery.** A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) Command to Produce Materials or Permit Inspection.**
    **(A)** Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) Quashing or Modifying a Subpoena.**
    **(A)** When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
    **(A)** Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
    **(D)** Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) Claiming Privilege or Protection.**
    **(A)** Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CAITLIN BERNARD, M.D., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-1660-SEB-DML |
| | ) | |
| THE INDIVIDUAL MEMBERS OF THE | ) | |
| INDIANA MEDICAL LICENSING | ) | |
| BOARD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ATTACHMENT A**

---

Pursuant to the attached Subpoena and in accordance with the following Definitions and Instructions, you are required to produce the documents described below.

**<u>DEFINITIONS</u>**

1.      "You" and "your" refer to the person named on the subpoena.

2.       "Document" and "documents" are synonymous in meaning and equal in scope to the usage of the terms as defined in Federal Rule of Civil Procedure 34(a)(1)(A) and shall include all items subject to inspection and copying under those Rules. It includes all electronic data that is retrievable and translatable into a reasonably usable form.

3.      "Electronic data" means the original (or duplicate, identical copies when originals are not available) and any non-identical copies of electronic data of every kind and description. Unless the parties agree otherwise, all electronic data should be provided in native format, including metadata.

4.      "Native format" means the format of electronic data in the application in which such data was originally created.

1

5.      "Metadata" means structured information about electronic data that is created by the file system or application, embedded in the document or email, and sometimes modified through ordinary business use. Metadata of the electronic data describes, *inter alia*, the characteristics, origins, usage and validity of the collected electronic data.

6.      The connectives "and" and "or" and the phrase "and/or" shall be construed to bring within the scope of the request all documents that might otherwise be construed as nonresponsive to the Request.

7.      The singular shall be construed to include the plural, and the plural shall be construed to include the singular, as necessary to bring within the scope of each Request all documents that might otherwise be construed as nonresponsive to the Request.

## **INSTRUCTIONS**

1.      This request does not seek any patient-identifying information or other information protected from disclosure by state or federal law or other applicable privilege. Patient-identifying information and any other information protected from disclosure by state or federal law or other applicable privilege should be redacted from any responsive document prior to the document being produced.

2.      In responding to this request, you are required to furnish all responsive documents in your possession, custody, or control, or in the possession, custody, or control of your attorneys, agents, employees, independent contractors, and all other persons acting on your behalf.

3.      The document request shall be responded to fully, unless it is in good faith objected to, in which event the reasons for the objection shall be stated with specificity.  If an objection pertains to only a portion of the request, or to a word, phrase, or clause contained therein, you shall state the objection to that portion only and respond to the remainder of the request.

4.     If, in responding to this request, you claim any ambiguity in the document request, or in a definition or instruction applicable thereto, you shall not rely upon the ambiguity as a basis for refusing to respond, but shall set forth as part of your response the language deemed to be ambiguous and the interpretation used in responding to the request.

5.     An original or one copy of each responsive document shall be produced.  If the same document exists in both electronic and non-electronic format, the electronically maintained document must be produced.

6.     If there are no documents responsive to the request, you shall so state in writing.

7.     A request for documents shall be deemed to include a request for all transmittal sheets, cover letters, exhibits, enclosures, and attachments to the documents, in addition to the document itself, without abbreviation or expurgations.  Documents attached to other documents or materials shall not be separated unless information is provided sufficient to permit reconstruction of the grouping or context in which the document is maintained in the ordinary course of business.

8.     Except as otherwise provided, each document requested shall be produced in its entirety and without redactions, deletions, or excisions, regardless of whether you consider the entire document to be relevant or responsive to this request.

9.     Documents shall be produced as they are kept in the ordinary course of business. Each document requested is to be produced in its original file folder, file jacket, or cover (or you may, in the alternative, designate in writing the titles of such folder, jacket, or cover with respect to each document).  The individual or department from whose files the document is being produced is to be indicated.

10.     If the documents requested differ or vary from one office, division, or location to another, the Requests require production of documents for each office, division, or location.

11.     If you refuse to produce any requested document, or part of any requested document, you shall submit, for each document or part of a document withheld, a written statement that:

a)  specifies the privilege or other asserted basis for withholding the document;

b)  describes the nature and general topic of the document;

c)  identifies the persons who prepared the document and any persons to whom the document was sent or disclosed;

d)  identifies any persons who have seen or had possession of the document; and

e)  specifies the dates on which the document was prepared, transmitted, and received.

12.     This document request is continuing in nature.  Any document obtained, identified, or located after service of any response to this request that would have been included in the response had the document been available or had its existence been known at that time should be produced immediately.

13.     Documents not maintained electronically shall be scanned and electronically produced as Adobe .pdf files.

14.     You shall produce electronically stored documents and files in their native formats on DVD, CD, or portable hard drives.

15.     This request seeks only documents and other items within your possession, custody, or control.

16.     The parties issuing the Subpoena further reserve the right to amend the Instructions after they have viewed your production.

17.     Please contact counsel for Defendants, who are located at Office of Attorney General Curtis Hill, 302 W. Washington Street, IGCS - 5th Floor, Indianapolis, IN 46204, to discuss means of electronic production in lieu of physical delivery. They can be reached by email at Diana.Moers@atg.in.gov or Jamie.Dingo@atg.in.gov.

## REQUESTS

Pursuant to the attached subpoena, you are required to produce the following:

1.     All survey data collected or relied upon in the following study: Denny, C. C., Baron, M. B., Lederle, L., Drey, E. A., & Kerns, J. L. (2015). Induction of fetal demise before pregnancy termination: Practices of family planning providers. Contraception, 92(3), 241–245. doi: 10.1016/j.contraception.2015.05.002.

EXHIBIT 7

## UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF INDIANA

Caitlin Bernard, M.D., et al.

Plaintiff(s)

Civil Action No.: 1:19-cv-1660-SEB-DML

*vs.*

The Individual Members of the Indiana Licensing Board, et al.

Defendant(s)

## AFFIDAVIT OF SERVICE

I, Timothy J. Anderson, a Private Process Server, being duly sworn, depose and say:

That I have been duly authorized to make service of the Subpoena Duces Tecum with Attachment A in the above entitled case.

That I am over the age of eighteen years and not a party to or otherwise interested in this matter.

That on 11/23/2020 at 3:54 PM, I served Lauren Lederle, MD with the Subpoena Duces Tecum with Attachment A at 2787 Diamond Street, San Francisco, California 94131 by serving Lauren Lederle, MD, personally.

I declare under penalty of perjury that this information is true.

11-25-2020
Executed On

Timothy J. Anderson

Client Ref Number:N/A
Job #: 1583499

Capitol Process Services, Inc. | 1827 18th Street, NW, Washington, DC 20009 | (202) 667-0050

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Indiana

| | |
|---|---|
| Caitlin Bernard, M.D., et al., | ) |
| *Plaintiff* | ) |
| v. | ) |
| The Individual Members of the Indiana Licensing Board, et al. | ) |
| *Defendant* | ) |

Civil Action No.  1:19-cv-1660-SEB-DML

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:      Lauren Lederle, MD, 4150 Clement St, San Francisco, CA 94121

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attachment A.

| Place: 4150 Clement St, San Francisco, CA 94121 <br><br> Please contact counsel per Instruction 17. | Date and Time: <br><br> 5 PM on November 23, 2020 |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      11/09/2020

*CLERK OF COURT*

OR

_____        s/ Diana Moers
*Signature of Clerk or Deputy Clerk*                  *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*      Defendants
The Individual Members of the Indiana Licensing Board, et al.            , who issues or requests this subpoena, are:

Thomas M. Fisher, IGCS-5th Floor, 302 W. Washington St., Indianapolis, IN 46204, 317-232-6201, tom.fisher@atg.in.gov

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

EXHIBIT 8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CAITLIN BERNARD, M.D., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-1660-SEB-DML |
| | ) | |
| THE INDIVIDUAL MEMBERS OF THE | ) | |
| INDIANA MEDICAL LICENSING | ) | |
| BOARD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' NOTICE OF SUBPOENAS TO
NON-PARTY ENTITIES**

_____

TO:    Plaintiff Caitlyn Bernard, M.D., by and through her attorney of record, Kenneth J. Falk, ACLU of Indiana, 1031 E. Washington St., Indianapolis, IN 46202.

Pursuant to Federal Rule of Civil Procedure 45(a)(4), Defendants hereby provide notice that they will serve subpoenas to produce documents on (1) Brigham & Women's Hospital; (2) Yale New Haven Hospital; (3) Thomas Jefferson University Hospital; (4) Parkmed Women's Center; (5) the Department of Obstetrics, Gynecology, and Reproductive Sciences, University of California, San Francisco; (6) Lisa Haddad; (7) Susan Yanow; (8) Laurent Delli-Bovi; (9) Kate Cockrill; (10) Tracy A. Weitz; (11) Colleen C. Denny; (12) Michele B. Baron; (13) Lauren Lederle; (14) Eleanor A. Drey; and (15) Jennifer L. Kerns, directing the named entities to produce for inspection and copying all documents referred to in Attachment A of the subpoenas. Both the subpoenas and their attachments are attached here as Exhibits A–O, respectively. The requested documents may be used as evidence in this case. Copies of the subpoenas are attached hereto.

1

Respectfully submitted,

CURTIS T. HILL, Jr.
Attorney General of Indiana

THOMAS M. FISHER
Solicitor General

DIANA MOERS
CHRISTOPHER M. ANDERSON
JULIA C. PAYNE
Deputy Attorneys General

Office of the Attorney General
IGC South, Fifth Floor
Indianapolis, Indiana 46204
Tel: (317) 232-6255
Fax: (317) 232-7979
Email: Tom.Fisher@atg.in.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on November 10, 2020, a copy of the foregoing was served on all attorneys of record by electronic mail.

This the 10th day of November, 2020.      s/ Diana Moers
                                          Diana Moers
                                          Section Chief
                                          Government Litigation Section

Office of the Attorney General
Indiana Government Center South, Fifth Floor
302 West Washington Street
Indianapolis, IN 46204-2770
Telephone: (317) 232-6215
Fax: (317) 232-7979
Email: Diana.Moers@atg.in.gov

## TABLE OF CONTENTS

Brigham & Women's Hospital Subpoena and Attachment A ...........................................Exhibit A

Yale New Haven Hospital Subpoena and Attachment A ................................................. Exhibit B

Thomas Jefferson University Hospital Subpoena and Attachment A ..............................Exhibit C

Parkmed Women's Center Subpoena and Attachment A .................................................Exhibit D

Department of Ob/GYN, and Reproductive Sciences,
University of California, San Francisco Subpoena and Attachment A ............................ Exhibit E

Lisa Haddad Subpoena and Attachment A .......................................................................Exhibit F

Susan Yanow Subpoena and Attachment A .....................................................................Exhibit G

Laurent Delli-Bovi Subpoena and Attachment A ............................................................Exhibit H

Kate Cockrill Subpoena and Attachment A...................................................................... Exhibit I

Tracy A. Weitz Subpoena and Attachment A................................................................... Exhibit J

Colleen C. Denny Subpoena and Attachment A...............................................................Exhibit K

Michele B. Baron Subpoena and Attachment A ............................................................... Exhibit L

Lauren Lederle Subpoena and Attachment A ................................................................. Exhibit M

Eleanor A. Drey Subpoena and Attachment A .................................................................Exhibit N

Jennifer L. Kerns Subpoena and Attachment A...............................................................Exhibit O

**EXHIBIT A**

Brigham & Women's Hospital Subpoena and Attachment A

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Indiana

| | |
|---|---|
| Caitlin Bernard, M.D., et al., | ) |
| Plaintiff | ) |
| v. | ) Civil Action No. 1:19-cv-1660-SEB-DML |
| The Individual Members of the Indiana Licensing Board, et al. | ) |
| Defendant | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:            Brigham & Women's Hospital, 75 Francis St, Boston, MA 02115

_____
(Name of person to whom this subpoena is directed)

☑ Production: YOU ARE COMMANDED to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attachment A.

| Place: 75 Francis St, Boston, MA 02115 | Date and Time: |
|---|---|
| Please contact counsel per Instruction 17. | 5 PM on November 23, 2020 |

☐ Inspection of Premises: YOU ARE COMMANDED to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    11/09/2020

|   CLERK OF COURT | | |
|---|---|---|
| | OR | |
| _____ | | s/ Diana Moers |
| Signature of Clerk or Deputy Clerk | | Attorney's signature |

The name, address, e-mail address, and telephone number of the attorney representing (name of party)   Defendants

The Individual Members of the Indiana Licensing Board, et al.            , who issues or requests this subpoena, are:

Thomas M. Fisher, IGCS-5th Floor, 302 W. Washington St., Indianapolis, IN 46204, 317-232-6201, tom.fisher@atg.in.gov

Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2

Civil Action No.   1:19-cv-1660-SEB-DML

## PROOF  OF  SERVICE

### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for (name of individual and title, if any) _____

on (date) _____ .

    υ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on (date) _____ ; or

    υ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

                              _____

                                             Server's signature

                              _____

                                             Printed name and title

                              _____

                                             Server's address

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3

## Federal  Rule of Civil Procedure 45 (c), (d), (e), and  (g) (Effective  12/1/13)

(c) Place of Compliance.

  (1) For a Trial, Hearing,  or Deposition. A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

  (2) For Other Discovery. A subpoena may command:
    (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    (B) inspection of premises at the premises to be inspected.

(d) Protecting  a Person Subject to a Subpoena;  Enforcement.

  (1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  (2) Command to Produce Materials or Permit Inspection.
    (A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  (3) Quashing  or Modifying a Subpoena.
    (A) When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
    (B) When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

(e) Duties in Responding  to a Subpoena.

  (1) Producing  Documents or Electronically Stored Information.  These procedures apply to producing documents or electronically stored information:
    (A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    (B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    (C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
    (D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.
  (A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) Information Produced.  If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(g) Contempt.
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CAITLIN BERNARD, M.D., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-1660-SEB-DML |
| | ) | |
| THE INDIVIDUAL MEMBERS OF THE | ) | |
| INDIANA MEDICAL LICENSING | ) | |
| BOARD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ATTACHMENT A

Pursuant to the attached Subpoena and in accordance with the following Definitions and Instructions, you are required to produce the documents described below.

## **DEFINITIONS**

1.       "You" and "your" refer to each and every party required to respond to the attached Subpoena, including each party's employees, officers, agents, and successors.

2.       "Document" and "documents" are synonymous in meaning and equal in scope to the usage of the terms as defined in Federal Rule of Civil Procedure 34(a)(1)(A) and shall include all items subject to inspection and copying under those Rules. It includes all electronic data that is retrievable and translatable into a reasonably usable form.

3.       "Electronic data" means the original (or duplicate, identical copies when originals are not available) and any non-identical copies of electronic data of every kind and description. Unless the parties agree otherwise, all electronic data should be provided in native format, including metadata.

4.      "Native format" means the format of electronic data in the application in which such data was originally created.

5.      "Metadata" means structured information about electronic data that is created by the file system or application, embedded in the document or email, and sometimes modified through ordinary business use. Metadata of the electronic data describes, *inter alia*, the characteristics, origins, usage and validity of the collected electronic data.

6.      The connectives "and" and "or" and the phrase "and/or" shall be construed to bring within the scope of the request all documents that might otherwise be construed as nonresponsive to the Request.

7.      The singular shall be construed to include the plural, and the plural shall be construed to include the singular, as necessary to bring within the scope of each Request all documents that might otherwise be construed as nonresponsive to the Request.

## INSTRUCTIONS

1.      This request does not seek any patient-identifying information or other information protected from disclosure by state or federal law or other applicable privilege. Patient-identifying information and any other information protected from disclosure by state or federal law or other applicable privilege should be redacted from any responsive document prior to the document being produced.

2.      In responding to this request, you are required to furnish all responsive documents in your possession, custody, or control, or in the possession, custody, or control of your attorneys, agents, employees, independent contractors, and all other persons acting on your behalf.

3.      The document request shall be responded to fully, unless it is in good faith objected to, in which event the reasons for the objection shall be stated with specificity.  If an objection

pertains to only a portion of the request, or to a word, phrase, or clause contained therein, you shall state the objection to that portion only and respond to the remainder of the request.

4.     If, in responding to this request, you claim any ambiguity in the document request, or in a definition or instruction applicable thereto, you shall not rely upon the ambiguity as a basis for refusing to respond, but shall set forth as part of your response the language deemed to be ambiguous and the interpretation used in responding to the request.

5.     An original or one copy of each responsive document shall be produced.  If the same document exists in both electronic and non-electronic format, the electronically maintained document must be produced.

6.     If there are no documents responsive to the request, you shall so state in writing.

7.     A request for documents shall be deemed to include a request for all transmittal sheets, cover letters, exhibits, enclosures, and attachments to the documents, in addition to the document itself, without abbreviation or expurgations.  Documents attached to other documents or materials shall not be separated unless information is provided sufficient to permit reconstruction of the grouping or context in which the document is maintained in the ordinary course of business.

8.     Except as otherwise provided, each document requested shall be produced in its entirety and without redactions, deletions, or excisions, regardless of whether you consider the entire document to be relevant or responsive to this request.

9.     Documents shall be produced as they are kept in the ordinary course of business. Each document requested is to be produced in its original file folder, file jacket, or cover (or you may, in the alternative, designate in writing the titles of such folder, jacket, or cover with respect to each document).  The individual or department from whose files the document is being produced is to be indicated.

10.     If the documents requested differ or vary from one office, division, or location to another, the Request requires production of documents for each office, division, or location.

11.     If you refuse to produce any requested document, or part of any requested document, you shall submit, for each document or part of a document withheld, a written statement that:

      a)  specifies the privilege or other asserted basis for withholding the document;

      b)  describes the nature and general topic of the document;

      c)  identifies the persons who prepared the document and any persons to whom the document was sent or disclosed;

      d)  identifies any persons who have seen or had possession of the document; and

      e)  specifies the dates on which the document was prepared, transmitted, and received.

12.     This document request is continuing in nature.  Any document obtained, identified, or located after service of any response to this request that would have been included in the response had the document been available or had its existence been known at that time should be produced immediately.

13.     Documents not maintained electronically shall be scanned and electronically produced as Adobe .pdf files.

14.     You shall produce electronically stored documents and files in their native formats on DVD, CD, or portable hard drives.

15.     This request seeks only documents and other items within your possession, custody, or control.

16.     The parties issuing the Subpoena further reserve the right to amend the Instructions after they have viewed your production.

17.     Please contact counsel for Defendants, who are located at Office of Attorney General Curtis Hill, 302 W. Washington Street, IGCS - 5th Floor, Indianapolis, IN 46204, to discuss means of electronic production in lieu of physical delivery. They can be reached by email at Diana.Moers@atg.in.gov or Jamie.Dingo@atg.in.gov.

## REQUESTS

Pursuant to the attached subpoena, you are required to produce the following:

1.     All survey data collected or relied upon on in the following study: Haddad, L., Yanow, S., Delli-Bovi, L., Cosby, K., & Weitz, T.A.(2009). Changes in abortion provider practices in response to the Partial-Birth Abortion Ban Act of 2003. Contraception, *79*(5),379-384. doi: 10.1016/j.contraception.2008.11.010.

**EXHIBIT B**

Yale New Haven Hospital Subpoena and Attachment A

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Indiana

| | |
|---|---|
| Caitlin Bernard, M.D., et al., | ) |
| Plaintiff | ) |
| v. | ) Civil Action No.  1:19-cv-1660-SEB-DML |
| The Individual Members of the Indiana Licensing Board, et al. | ) |
| Defendant | ) |

SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:            Yale New Haven Hospital, 20 York Street, New Haven, CT 06510

_____
(Name of person to whom this subpoena is directed)

☒ Production: YOU ARE COMMANDED to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attachment A.

| Place: 20 York Street, New Haven, CT 06510 | Date and Time: |
|---|---|
| Please contact counsel per Instruction 18. | 5 PM on November 23, 2020 |

☐ Inspection of Premises: YOU ARE COMMANDED to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   11/09/2020

CLERK OF COURT

OR

_____        _____
Signature of Clerk or Deputy Clerk              s/ Diana Moers
                                                Attorney's signature

The name, address, e-mail address, and telephone number of the attorney representing (name of party)   Defendants
The Individual Members of the Indiana Licensing Board, et al.          , who issues or requests this subpoena, are:
Thomas M. Fisher, IGCS-5th Floor, 302 W. Washington St., Indianapolis, IN 46204, 317-232-6201, tom.fisher@atg.in.gov

Notice to the person  who issues or requests  this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2

Civil Action No.  1:19-cv-1660-SEB-DML

PROOF OF SERVICE

(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for (name of individual and title, if any) _____

on (date) _____ .

ப  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on (date) _____ ; or

ப  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
Server's signature

_____
Printed name and title

_____
Server's address

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3

## Federal  Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

(c) Place of Compliance.

 (1) For a Trial, Hearing,  or Deposition. A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
     (i) is a party or a party's officer; or
     (ii) is commanded to attend a trial and would not incur substantial expense.

 (2) For Other Discovery. A subpoena may command:
   (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises at the premises to be inspected.

(d) Protecting  a Person Subject to a Subpoena;  Enforcement.

 (1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 (2) Command to Produce Materials or Permit Inspection.
   (A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 (3) Quashing  or Modifying a Subpoena.
   (A) When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     (i) fails to allow a reasonable time to comply;
     (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
     (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     (iv) subjects a person to undue burden.
   (B) When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     (i) disclosing a trade secret or other confidential research, development, or commercial information; or

     (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     (ii) ensures that the subpoenaed person will be reasonably compensated.

(e) Duties in Responding  to a Subpoena.

 (1) Producing  Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
   (A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
   (D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.
  (A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     (i) expressly make the claim; and
     (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) Information Produced.  If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(g) Contempt.
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CAITLIN BERNARD, M.D., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-1660-SEB-DML |
| | ) | |
| THE INDIVIDUAL MEMBERS OF THE | ) | |
| INDIANA MEDICAL LICENSING | ) | |
| BOARD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ATTACHMENT A

Pursuant to the attached Subpoena and in accordance with the following Definitions and Instructions, you are required to produce the documents described below.

### **DEFINITIONS**

1.      "You" and "your" refer to each and every party required to respond to the attached Subpoena, including each party's employees, officers, agents, and successors.

2.      The term "LMP" refers to that method of determining the age of a fetus that counts from the first day of the mother's last menstrual period.

3.      "Concerning" and "related to" shall mean having any relationship or connection to, regarding, relating, being connected to, commenting on, responding to, addressed to, sent to, containing, evidencing, showing, memorializing, describing, analyzing, reflecting, pertaining to, comprising, constituting, or otherwise establishing any reasonable, logical, or causal connection.

4.      "Document" and "documents" are synonymous in meaning and equal in scope to the usage of the terms as defined in Federal Rule of Civil Procedure 34(a)(1)(A) and shall include

1

all items subject to inspection and copying under those Rules. It includes all electronic data that is retrievable and translatable into a reasonably usable form.

5.      "Electronic data" means the original (or duplicate, identical copies when originals are not available) and any non-identical copies of electronic data of every kind and description. Unless the parties agree otherwise, all electronic data should be provided in native format, including metadata, and in Adobe .pdf format.

6.      "Native format" means the format of electronic data in the application in which such data was originally created.

7.      "Metadata" means structured information about electronic data that is created by the file system or application, embedded in the document or email, and sometimes modified through ordinary business use. Metadata of the electronic data describes, *inter alia*, the characteristics, origins, usage and validity of the collected electronic data.

8.      The connectives "and" and "or" and the phrase "and/or" shall be construed to bring within the scope of the request all documents that might otherwise be construed as nonresponsive to the Request.

9.      The singular shall be construed to include the plural, and the plural shall be construed to include the singular, as necessary to bring within the scope of each Request all documents that might otherwise be construed as nonresponsive to the Request.

## **INSTRUCTIONS**

1.      These requests do not seek any patient-identifying information or other information protected from disclosure by state or federal law or other applicable privilege. Patient-identifying information and any other information protected from disclosure by state or federal law or other

applicable privilege should be redacted from any responsive document prior to the document being produced.

2.      In responding to these requests, you are required to furnish all responsive documents in your possession, custody, or control, or in the possession, custody, or control of your attorneys, agents, employees, independent contractors, and all other persons acting on your behalf.

3.      The document requests shall be responded to fully, unless it is in good faith objected to, in which event the reasons for the objection shall be stated with specificity.  If an objection pertains to only a portion of the request, or to a word, phrase, or clause contained therein, you shall state the objection to that portion only and respond to the remainder of the request.

4.      If, in responding to these requests, you claim any ambiguity in the requests, or in a definition or instruction applicable thereto, you shall not rely upon the ambiguity as a basis for refusing to respond, but shall set forth as part of your response the language deemed to be ambiguous and the interpretation used in responding to the requests.

5.      An original or one copy of each responsive document shall be produced.  If the same document exists in both electronic and non-electronic format, the electronically maintained document must be produced.

6.      If there are no documents responsive to the request, you shall so state in writing.

7.      A request for documents shall be deemed to include a request for all transmittal sheets, cover letters, exhibits, enclosures, and attachments to the documents, in addition to the document itself, without abbreviation or expurgations.  Documents attached to other documents or materials shall not be separated unless information is provided sufficient to permit reconstruction of the grouping or context in which the document is maintained in the ordinary course of business.

8.      Except as otherwise provided, each document requested shall be produced in its entirety and without redactions, deletions, or excisions, regardless of whether you consider the entire document to be relevant or responsive to the request.

9.      Documents shall be produced as they are kept in the ordinary course of business. Each document requested is to be produced in its original file folder, file jacket, or cover (or you may, in the alternative, designate in writing the titles of such folder, jacket, or cover with respect to each document).  The individual or department from whose files the document is being produced is to be indicated.

10.      If the documents requested differ or vary from one office, division, or location to another, the requests require production of documents for each office, division, or location.

11.      If you refuse to produce any requested document, or part of any requested document, you shall submit, for each document or part of a document withheld, a written statement that:

      a)  specifies the privilege or other asserted basis for withholding the document;

      b)  describes the nature and general topic of the document;

      c)  identifies the persons who prepared the document and any persons to whom the document was sent or disclosed;

      d)  identifies any persons who have seen or had possession of the document; and

      e)  specifies the dates on which the document was prepared, transmitted, and received.

12.     These requests are continuing in nature.  Any document obtained, identified, or located after service of any response to these requests that would have been included in the responses had the document been available or had its existence been known at that time should be produced immediately.

13.      Documents not maintained electronically shall be scanned and electronically produced as Adobe .pdf files.

14.      You shall produce electronically stored documents and files in their native formats and in Adobe .pdf format on DVD, CD, or portable hard drives.

15.      These requests seek only documents and other items within your possession, custody, or control.

16.      The parties issuing the Subpoena further reserve the right to amend the Instructions after they have viewed your production.

17.      The relevant time period for these requests is January 1, 2019, through present, unless otherwise stated.

18.      Please contact counsel for Defendants, who are located at Office of Attorney General Curtis Hill, 302 W. Washington Street, IGCS - 5th Floor, Indianapolis, IN 46204, to discuss means of electronic production in lieu of physical delivery. They can be reached by email at Diana.Moers@atg.in.gov or Jamie.Dingo@atg.in.gov.

## **REQUESTS**

Pursuant to the attached subpoena, you are required to produce the following:

1.      All documents concerning complications related to the induction of fetal demise before abortions performed at Yale-New Haven Hospital where the gestational age of the fetus was less than 18 weeks LMP.

5

2.      All policies, procedures, guidelines, instructions, or similar documents concerning the induction of fetal demise before abortions performed at Yale-New Haven Hospital.

3.      The medical file for each patient who received an abortion at Yale-New Haven Hospital where the gestational age of the fetus was less than 18 weeks LMP, and where fetal demise was induced before the abortion.

4.      All medical data, including patient files, relied on in the following study: Sfakianaki, A. K., Davis, K. J., Copel, J. A., Stanwood, N. L., & Lipkind, H. S. (2014). Potassium chloride-induced fetal demise: A retrospective cohort of efficacy and safety. Journal of Ultrasound in Medicine, 33(2), 337-341. doi: 10.7863/ultra.33.2.337. This request has no time limitation.

**EXHIBIT C**

Thomas Jefferson University Hospital Subpoena and Attachment A

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Indiana

| | |
|---|---|
| Caitlin Bernard, M.D., et al., | ) |
| _____ | ) |
| Plaintiff | ) |
| v. | ) |
| The Individual Members of the Indiana Licensing | ) |
| Board, et al. | ) |
| _____ | ) |
| Defendant | ) |

Civil Action No. 1:19-cv-1660-SEB-DML

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:      Thomas Jefferson University Hospital, 111 South 11th St., Philadelphia, PA 19107

_____

(Name of person to whom this subpoena is directed)

☑ Production: YOU ARE COMMANDED to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attachment A.

| Place: 111 South 11th St., Philadelphia, PA 19107 | Date and Time: |
|---|---|
| Please contact counsel per Instruction 18. | 5 PM on November 23, 2020 |

☐ Inspection of Premises: YOU ARE COMMANDED to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    11/09/2020

CLERK OF COURT

                 OR

| _____ | s/ Diana Moers |
|---|---|
| Signature of Clerk or Deputy Clerk | Attorney's signature |

The name, address, e-mail address, and telephone number of the attorney representing (name of party)   Defendants

The Individual Members of the Indiana Licensing Board, et al.    , who issues or requests this subpoena, are:

Thomas M. Fisher, IGCS-5th Floor, 302 W. Washington St., Indianapolis, IN 46204, 317-232-6201, tom.fisher@atg.in.gov

Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2

Civil Action No.   1:19-cv-1660-SEB-DML

## PROOF  OF  SERVICE

### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for (name of individual and title, if any) _____

on (date) _____ .

    ☐  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on (date) _____ ; or

    ☐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
Server's signature

_____
Printed name and title

_____
Server's address

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3

## Federal  Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

(c) Place of Compliance.

  (1) For a Trial, Hearing, or Deposition. A subpoena may command a
person to attend a trial, hearing, or deposition only as follows:
    (A) within 100 miles of where the person resides, is employed, or
regularly transacts business in person; or
    (B) within the state where the person resides, is employed, or regularly
transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial
expense.

  (2) For Other Discovery. A subpoena may command:
    (A) production of documents, electronically stored information, or
tangible things at a place within 100 miles of where the person resides, is
employed, or regularly transacts business in person; and
    (B) inspection of premises at the premises to be inspected.

(d) Protecting  a Person Subject to a Subpoena;  Enforcement.

  (1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney
responsible for issuing and serving a subpoena must take reasonable steps
to avoid imposing undue burden or expense on a person subject to the
subpoena. The court for the district where compliance is required must
enforce this duty and impose an appropriate sanction—which may include
lost earnings and reasonable attorney's fees—on a party or attorney who
fails to comply.

  (2) Command to Produce Materials or Permit Inspection.
    (A) Appearance Not Required. A person commanded to produce
documents, electronically stored information, or tangible things, or to
permit the inspection of premises, need not appear in person at the place of
production or inspection unless also commanded to appear for a deposition,
hearing, or trial.
    (B) Objections. A person commanded to produce documents or tangible
things or to permit inspection may serve on the party or attorney designated
in the subpoena a written objection to inspecting, copying, testing, or
sampling any or all of the materials or to inspecting the premises—or to
producing electronically stored information in the form or forms requested.
The objection must be served before the earlier of the time specified for
compliance or 14 days after the subpoena is served. If an objection is made,
the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party
may move the court for the district where compliance is required for an
order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the
order must protect a person who is neither a party nor a party's officer from
significant expense resulting from compliance.

  (3) Quashing  or Modifying a Subpoena.
    (A) When Required. On timely motion, the court for the district where
compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits
specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no
exception or waiver applies; or
      (iv) subjects a person to undue burden.
    (B) When Permitted. To protect a person subject to or affected by a
subpoena, the court for the district where compliance is required may, on
motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research,
development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does
not describe specific occurrences in dispute and results from the expert's
study that was not requested by a party.
    (C) Specifying Conditions as an Alternative. In the circumstances
described in Rule 45(d)(3)(B), the court may, instead of quashing or
modifying a subpoena, order appearance or production under specified
conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be
otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

(e) Duties in Responding  to a Subpoena.

  (1) Producing  Documents or Electronically Stored Information.  These
procedures apply to producing documents or electronically stored
information:
    (A) Documents. A person responding to a subpoena to produce documents
must produce them as they are kept in the ordinary course of business or
must organize and label them to correspond to the categories in the demand.
    (B) Form for Producing Electronically Stored Information Not Specified.
If a subpoena does not specify a form for producing electronically stored
information, the person responding must produce it in a form or forms in
which it is ordinarily maintained or in a reasonably usable form or forms.
    (C) Electronically Stored Information Produced in Only One Form. The
person responding need not produce the same electronically stored
information in more than one form.
    (D) Inaccessible Electronically Stored Information. The person
responding need not provide discovery of electronically stored information
from sources that the person identifies as not reasonably accessible because
of undue burden or cost. On motion to compel discovery or for a protective
order, the person responding must show that the information is not
reasonably accessible because of undue burden or cost. If that showing is
made, the court may nonetheless order discovery from such sources if the
requesting party shows good cause, considering the limitations of Rule
26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.
  (A) Information Withheld. A person withholding subpoenaed information
under a claim that it is privileged or subject to protection as trial-preparation
material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or
tangible things in a manner that, without revealing information itself
privileged or protected, will enable the parties to assess the claim.
  (B) Information Produced.  If information produced in response to a
subpoena is subject to a claim of privilege or of protection as
trial-preparation material, the person making the claim may notify any party
that received the information of the claim and the basis for it. After being
notified, a party must promptly return, sequester, or destroy the specified
information and any copies it has; must not use or disclose the information
until the claim is resolved; must take reasonable steps to retrieve the
information if the party disclosed it before being notified; and may promptly
present the information under seal to the court for the district where
compliance is required for a determination of the claim. The person who
produced the information must preserve the information until the claim is
resolved.

(g) Contempt.
The court for the district where compliance is required—and also, after a
motion is transferred, the issuing court—may hold in contempt a person
who, having been served, fails without adequate excuse to obey the
subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CAITLIN BERNARD, M.D., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-1660-SEB-DML |
| | ) | |
| THE INDIVIDUAL MEMBERS OF THE | ) | |
| INDIANA MEDICAL LICENSING | ) | |
| BOARD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ATTACHMENT A**

Pursuant to the attached Subpoena and in accordance with the following Definitions and Instructions, you are required to produce the documents described below.

**<u>DEFINITIONS</u>**

1.      "You" and "your" refer to each and every party required to respond to the attached Subpoena, including each party's employees, officers, agents, and successors.

2.      The term "LMP" refers to that method of determining the age of a fetus that counts from the first day of the mother's last menstrual period.

3.      "Concerning" and "related to" shall mean having any relationship or connection to, regarding, relating, being connected to, commenting on, responding to, addressed to, sent to, containing, evidencing, showing, memorializing, describing, analyzing, reflecting, pertaining to, comprising, constituting, or otherwise establishing any reasonable, logical, or causal connection.

4.      "Document" and "documents" are synonymous in meaning and equal in scope to the usage of the terms as defined in Federal Rule of Civil Procedure 34(a)(1)(A) and shall include

1

all items subject to inspection and copying under those Rules. It includes all electronic data that is retrievable and translatable into a reasonably usable form.

5.      "Electronic data" means the original (or duplicate, identical copies when originals are not available) and any non-identical copies of electronic data of every kind and description. Unless the parties agree otherwise, all electronic data should be provided in native format, including metadata, and in Adobe .pdf format.

6.      "Native format" means the format of electronic data in the application in which such data was originally created.

7.      "Metadata" means structured information about electronic data that is created by the file system or application, embedded in the document or email, and sometimes modified through ordinary business use. Metadata of the electronic data describes, *inter alia*, the characteristics, origins, usage and validity of the collected electronic data.

8.      The connectives "and" and "or" and the phrase "and/or" shall be construed to bring within the scope of the request all documents that might otherwise be construed as nonresponsive to the Request.

9.      The singular shall be construed to include the plural, and the plural shall be construed to include the singular, as necessary to bring within the scope of each Request all documents that might otherwise be construed as nonresponsive to the Request.

## **INSTRUCTIONS**

1.      These requests do not seek any patient-identifying information or other information protected from disclosure by state or federal law or other applicable privilege. Patient-identifying information and any other information protected from disclosure by state or federal law or other

2

applicable privilege should be redacted from any responsive document prior to the document being produced.

2.       In responding to these requests, you are required to furnish all responsive documents in your possession, custody, or control, or in the possession, custody, or control of your attorneys, agents, employees, independent contractors, and all other persons acting on your behalf.

3.       The document requests shall be responded to fully, unless it is in good faith objected to, in which event the reasons for the objection shall be stated with specificity.  If an objection pertains to only a portion of the request, or to a word, phrase, or clause contained therein, you shall state the objection to that portion only and respond to the remainder of the request.

4.       If, in responding to these requests, you claim any ambiguity in the requests, or in a definition or instruction applicable thereto, you shall not rely upon the ambiguity as a basis for refusing to respond, but shall set forth as part of your response the language deemed to be ambiguous and the interpretation used in responding to the requests.

5.       An original or one copy of each responsive document shall be produced.  If the same document exists in both electronic and non-electronic format, the electronically maintained document must be produced.

6.       If there are no documents responsive to the request, you shall so state in writing.

7.       A request for documents shall be deemed to include a request for all transmittal sheets, cover letters, exhibits, enclosures, and attachments to the documents, in addition to the document itself, without abbreviation or expurgations.  Documents attached to other documents or materials shall not be separated unless information is provided sufficient to permit reconstruction of the grouping or context in which the document is maintained in the ordinary course of business.

8.      Except as otherwise provided, each document requested shall be produced in its entirety and without redactions, deletions, or excisions, regardless of whether you consider the entire document to be relevant or responsive to the request.

9.      Documents shall be produced as they are kept in the ordinary course of business. Each document requested is to be produced in its original file folder, file jacket, or cover (or you may, in the alternative, designate in writing the titles of such folder, jacket, or cover with respect to each document).  The individual or department from whose files the document is being produced is to be indicated.

10.      If the documents requested differ or vary from one office, division, or location to another, the requests require production of documents for each office, division, or location.

11.      If you refuse to produce any requested document, or part of any requested document, you shall submit, for each document or part of a document withheld, a written statement that:

   a)  specifies the privilege or other asserted basis for withholding the document;

   b)  describes the nature and general topic of the document;

   c)  identifies the persons who prepared the document and any persons to whom the document was sent or disclosed;

   d)  identifies any persons who have seen or had possession of the document; and

   e)  specifies the dates on which the document was prepared, transmitted, and received.

4

12.    These requests are continuing in nature.  Any document obtained, identified, or located after service of any response to these requests that would have been included in the responses had the document been available or had its existence been known at that time should be produced immediately.

13.    Documents not maintained electronically shall be scanned and electronically produced as Adobe .pdf files.

14.    You shall produce electronically stored documents and files in their native formats and in Adobe .pdf format on DVD, CD, or portable hard drives.

15.    These requests seek only documents and other items within your possession, custody, or control.

16.    The parties issuing the Subpoena further reserve the right to amend the Instructions after they have viewed your production.

17.    The relevant time period for these requests is January 1, 2019, through present, unless otherwise stated.

18.    Please contact counsel for Defendants, who are located at Office of Attorney General Curtis Hill, 302 W. Washington Street, IGCS - 5th Floor, Indianapolis, IN 46204, to discuss means of electronic production in lieu of physical delivery. They can be reached by email at Diana.Moers@atg.in.gov or Jamie.Dingo@atg.in.gov.

## **REQUESTS**

Pursuant to the attached subpoena, you are required to produce the following:

1.    All documents concerning complications related to the induction of fetal demise before abortions performed at Thomas Jefferson University Hospital where the gestational age of the fetus was less than 18 weeks LMP.

5

2.      All policies, procedures, guidelines, instructions, or similar documents concerning the induction of fetal demise before abortions performed at Thomas Jefferson University Hospital.

3.      The medical file for each patient who received an abortion at Thomas Jefferson University Hospital where the gestational age of the fetus was less than 18 weeks LMP, and where fetal demise was induced before the abortion.

4.      All medical data, including patient files, relied on in the following study: Singh, S., Seligman, N. S., Jackson, B., & Berghella, V. (2012). Fetal intracardiac potassium chloride injection to expedite second-trimester dilation and evacuation. Fetal Diagnosis and Therapy, 31(1), 63-68. doi: 10.1159/000333815. This request has no time limitation.

**EXHIBIT D**

Parkmed Women's Center Subpoena and Attachment A

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Indiana

| | | |
|---|---|---|
| Caitlin Bernard, M.D., et al., | ) | |
| _Plaintiff_ | ) | |
| v. | ) | Civil Action No.  1:19-cv-1660-SEB-DML |
| The Individual Members of the Indiana Licensing Board, et al. | ) | |
| _Defendant_ | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Parkmed Women's Center, 800 2nd Ave, Suite 605, New York, NY 10017

_(Name of person to whom this subpoena is directed)_

☑ *Production:* YOU ARE COMMANDED to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attachment A.

| Place: 800 2nd Ave, Suite 605, New York, NY 10017 | Date and Time: |
|---|---|
| Please contact counsel per Instruction 18. | 5 PM on November 23, 2020 |

☐ *Inspection of Premises:* YOU ARE COMMANDED to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  11/09/2020

| CLERK OF COURT | | |
|---|---|---|
| | OR | |
| _____ | | s/ Diana Moers |
| Signature of Clerk or Deputy Clerk | | Attorney's signature |

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_  Defendants
The Individual Members of the Indiana Licensing Board, et al.                    , who issues or requests this subpoena, are:
Thomas M. Fisher, IGCS-5th Floor, 302 W. Washington St., Indianapolis, IN 46204, 317-232-6201, tom.fisher@atg.in.gov

Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2

Civil Action No.   1:19-cv-1660-SEB-DML

## PROOF  OF  SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for (name of individual and title, if any) _____

on (date) _____ .

     **u** I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on (date) _____ ; or

     **u** I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

                                   _____
                                                      Server's signature

                                     _____
                                                   Printed name and title

                                     _____
                                                   Server's address

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3

## Federal  Rule of Civil Procedure 45 (c), (d), (e), and  (g) (Effective  12/1/13)

(c) Place of Compliance.

 (1) For a Trial, Hearing,  or Deposition. A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
     (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
     (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
        (i) is a party or a party's officer; or
        (ii) is commanded to attend a trial and would not incur substantial expense.

 (2) For Other Discovery. A subpoena may command:
     (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
     (B) inspection of premises at the premises to be inspected.

(d) Protecting  a Person Subject to a Subpoena;  Enforcement.

 (1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 (2) Command to Produce Materials or Permit Inspection.
     (A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
     (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
        (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
        (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 (3) Quashing  or Modifying a Subpoena.
     (A) When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
        (i) fails to allow a reasonable time to comply;
        (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
        (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
        (iv) subjects a person to undue burden.
     (B) When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
        (i) disclosing a trade secret or other confidential research, development, or commercial information; or

        (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
     (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
        (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
        (ii) ensures that the subpoenaed person will be reasonably compensated.

(e) Duties in Responding  to a Subpoena.

 (1) Producing  Documents or Electronically Stored Information.  These procedures apply to producing documents or electronically stored information:
     (A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
     (B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
     (C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
     (D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.
 (A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
        (i) expressly make the claim; and
        (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
     (B) Information Produced.  If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(g) Contempt.
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CAITLIN BERNARD, M.D., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-1660-SEB-DML |
| | ) | |
| THE INDIVIDUAL MEMBERS OF THE | ) | |
| INDIANA MEDICAL LICENSING | ) | |
| BOARD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ATTACHMENT A

Pursuant to the attached Subpoena and in accordance with the following Definitions and Instructions, you are required to produce the documents described below.

## **DEFINITIONS**

1.      "You" and "your" refer to each and every party required to respond to the attached Subpoena, including each party's employees, officers, agents, and successors.

2.      The term "LMP" refers to that method of determining the age of a fetus that counts from the first day of the mother's last menstrual period.

3.      "Concerning" and "related to" shall mean having any relationship or connection to, regarding, relating, being connected to, commenting on, responding to, addressed to, sent to, containing, evidencing, showing, memorializing, describing, analyzing, reflecting, pertaining to, comprising, constituting, or otherwise establishing any reasonable, logical, or causal connection.

4.      "Document" and "documents" are synonymous in meaning and equal in scope to the usage of the terms as defined in Federal Rule of Civil Procedure 34(a)(1)(A) and shall include

1

all items subject to inspection and copying under those Rules. It includes all electronic data that is retrievable and translatable into a reasonably usable form.

5.      "Electronic data" means the original (or duplicate, identical copies when originals are not available) and any non-identical copies of electronic data of every kind and description. Unless the parties agree otherwise, all electronic data should be provided in native format, including metadata, and in Adobe .pdf format.

6.      "Native format" means the format of electronic data in the application in which such data was originally created.

7.      "Metadata" means structured information about electronic data that is created by the file system or application, embedded in the document or email, and sometimes modified through ordinary business use. Metadata of the electronic data describes, *inter alia*, the characteristics, origins, usage and validity of the collected electronic data.

8.      The connectives "and" and "or" and the phrase "and/or" shall be construed to bring within the scope of the request all documents that might otherwise be construed as nonresponsive to the Request.

9.      The singular shall be construed to include the plural, and the plural shall be construed to include the singular, as necessary to bring within the scope of each Request all documents that might otherwise be construed as nonresponsive to the Request.

## **INSTRUCTIONS**

1.      These requests do not seek any patient-identifying information or other information protected from disclosure by state or federal law or other applicable privilege. Patient-identifying information and any other information protected from disclosure by state or federal law or other

2

applicable privilege should be redacted from any responsive document prior to the document being produced.

2.      In responding to these requests, you are required to furnish all responsive documents in your possession, custody, or control, or in the possession, custody, or control of your attorneys, agents, employees, independent contractors, and all other persons acting on your behalf.

3.      The document requests shall be responded to fully, unless it is in good faith objected to, in which event the reasons for the objection shall be stated with specificity.  If an objection pertains to only a portion of the request, or to a word, phrase, or clause contained therein, you shall state the objection to that portion only and respond to the remainder of the request.

4.      If, in responding to these requests, you claim any ambiguity in the requests, or in a definition or instruction applicable thereto, you shall not rely upon the ambiguity as a basis for refusing to respond, but shall set forth as part of your response the language deemed to be ambiguous and the interpretation used in responding to the requests.

5.      An original or one copy of each responsive document shall be produced.  If the same document exists in both electronic and non-electronic format, the electronically maintained document must be produced.

6.      If there are no documents responsive to the request, you shall so state in writing.

7.      A request for documents shall be deemed to include a request for all transmittal sheets, cover letters, exhibits, enclosures, and attachments to the documents, in addition to the document itself, without abbreviation or expurgations.  Documents attached to other documents or materials shall not be separated unless information is provided sufficient to permit reconstruction of the grouping or context in which the document is maintained in the ordinary course of business.

8.      Except as otherwise provided, each document requested shall be produced in its entirety and without redactions, deletions, or excisions, regardless of whether you consider the entire document to be relevant or responsive to the request.

9.      Documents shall be produced as they are kept in the ordinary course of business. Each document requested is to be produced in its original file folder, file jacket, or cover (or you may, in the alternative, designate in writing the titles of such folder, jacket, or cover with respect to each document).  The individual or department from whose files the document is being produced is to be indicated.

10.     If the documents requested differ or vary from one office, division, or location to another, the requests require production of documents for each office, division, or location.

11.     If you refuse to produce any requested document, or part of any requested document, you shall submit, for each document or part of a document withheld, a written statement that:

    a)  specifies the privilege or other asserted basis for withholding the document;

    b)  describes the nature and general topic of the document;

    c)  identifies the persons who prepared the document and any persons to whom the document was sent or disclosed;

    d)  identifies any persons who have seen or had possession of the document; and

    e)  specifies the dates on which the document was prepared, transmitted, and received.

4

12.     These requests are continuing in nature.  Any document obtained, identified, or located after service of any response to these requests that would have been included in the responses had the document been available or had its existence been known at that time should be produced immediately.

13.     Documents not maintained electronically shall be scanned and electronically produced as Adobe .pdf files.

14.     You shall produce electronically stored documents and files in their native format and in Adobe .pdf format on DVD, CD, or portable hard drives.

15.     These requests seek only documents and other items within your possession, custody, or control.

16.     The parties issuing the Subpoena further reserve the right to amend the Instructions after they have viewed your production.

17.     The relevant time period for these requests is January 1, 2019, through present, unless otherwise stated.

18.     Please contact counsel for Defendants, who are located at Office of Attorney General Curtis Hill, 302 W. Washington Street, IGCS - 5th Floor, Indianapolis, IN 46204, to discuss means of electronic production in lieu of physical delivery. They can be reached by email at Diana.Moers@atg.in.gov or Jamie.Dingo@atg.in.gov.

## **REQUESTS**

Pursuant to the attached subpoena, you are required to produce the following:

1.     All documents concerning complications related to the induction of fetal demise before abortions performed at Parkmed Women's Center where the gestational age of the fetus was less than 18 weeks LMP.

2.      All policies, procedures, guidelines, instructions, or similar documents concerning the induction of fetal demise before abortions performed at Parkmed Women's Center.

3.      The medical file for each patient who received an abortion at Parkmed Women's Center where the gestational age of the fetus was less than 18 weeks LMP, and where fetal demise was induced before the abortion.

4.      All medical data, including patient files, relied on in the following study: Molaei, M., Jones, H. E., Weiselberg, T., McManama, M., Bassell, J., & Westhoff, C. L. (2008). Effectiveness and safety of digoxin to induce fetal demise prior to second trimester abortion. Contraception, 77(3), 223-225. doi: 10.1016/j.contraception.2007.10.011.  This request has no time limitation.

**EXHIBIT E**

Department of Obstetrics, Gynecology, and Reproductive Sciences, University of California, San

Francisco Subpoena and Attachment A

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Southern District of Indiana

| | |
|---|---|
| Caitlin Bernard, M.D., et al., | ) |
| _____ | ) |
| Plaintiff | ) |
| v. | )   Civil Action No.   1:19-cv-1660-SEB-DML |
| The Individual Members of the Indiana Licensing | ) |
| Board, et al. | ) |
| _____ | ) |
| Defendant | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Department of Obstetrics, Gynecology, and Reproductive Sciences, University of California, San Francisco, 550 16th Street, 7th Floor, San Francisco, CA 94143

_____
(Name of person to whom this subpoena is directed)

☑ Production: YOU ARE COMMANDED to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attachment A.

| Place: 550 16th Street, 7th Floor, San Francisco, CA 94143 | Date and Time: |
|---|---|
| Please contact counsel per Instruction 17. | 5 PM on November 23, 2020 |

☐ Inspection of Premises: YOU ARE COMMANDED to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   11/09/2020

CLERK OF COURT

OR

_____          _____
Signature of Clerk or Deputy Clerk                    s/ Diana Moers
                                                                        Attorney's signature

The name, address, e-mail address, and telephone number of the attorney representing (name of party)  Defendants
_____
The Individual Members of the Indiana Licensing Board, et al.          , who issues or requests this subpoena, are:

Thomas M. Fisher, IGCS-5th Floor, 302 W. Washington St., Indianapolis, IN 46204, 317-232-6201, tom.fisher@atg.in.gov

Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the

inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2

Civil Action No.  1:19-cv-1660-SEB-DML

## PROOF  OF  SERVICE

### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for (name of individual and title, if any) _____

on (date) _____ .

    **u** I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on (date) _____ ; or

    **u** I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
Server's signature

_____
Printed name and title

_____
Server's address

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3

## Federal  Rule of Civil Procedure 45 (c), (d), (e), and  (g) (Effective 12/1/13)

(c) Place of Compliance.

 (1) For a Trial, Hearing, or Deposition. A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
        (i) is a party or a party's officer; or
        (ii) is commanded to attend a trial and would not incur substantial expense.

 (2) For Other Discovery. A subpoena may command:
    (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    (B) inspection of premises at the premises to be inspected.

(d) Protecting  a Person Subject to a Subpoena;  Enforcement.

 (1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 (2) Command to Produce Materials or Permit Inspection.
    (A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
        (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
        (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 (3) Quashing  or Modifying a Subpoena.
    (A) When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
        (i) fails to allow a reasonable time to comply;
        (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
        (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
        (iv) subjects a person to undue burden.
    (B) When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
        (i) disclosing a trade secret or other confidential research, development, or commercial information; or

        (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
        (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
        (ii) ensures that the subpoenaed person will be reasonably compensated.

(e) Duties in Responding  to a Subpoena.

 (1) Producing  Documents or Electronically Stored Information.  These procedures apply to producing documents or electronically stored information:
    (A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    (B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    (C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
    (D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.
    (A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
        (i) expressly make the claim; and
        (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    (B) Information Produced.  If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(g) Contempt.
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CAITLIN BERNARD, M.D., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-1660-SEB-DML |
| | ) | |
| THE INDIVIDUAL MEMBERS OF THE | ) | |
| INDIANA MEDICAL LICENSING | ) | |
| BOARD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ATTACHMENT A

Pursuant to the attached Subpoena and in accordance with the following Definitions and Instructions, you are required to produce the documents described below.

## **DEFINITIONS**

1.      "You" and "your" refer to each and every party required to respond to the attached Subpoena, including each party's employees, officers, agents, and successors.

2.      "Document" and "documents" are synonymous in meaning and equal in scope to the usage of the terms as defined in Federal Rule of Civil Procedure 34(a)(1)(A) and shall include all items subject to inspection and copying under those Rules. It includes all electronic data that is retrievable and translatable into a reasonably usable form.

3.      "Electronic data" means the original (or duplicate, identical copies when originals are not available) and any non-identical copies of electronic data of every kind and description. Unless the parties agree otherwise, all electronic data should be provided in native format, including metadata.

4.      "Native format" means the format of electronic data in the application in which such data was originally created.

5.      "Metadata" means structured information about electronic data that is created by the file system or application, embedded in the document or email, and sometimes modified through ordinary business use. Metadata of the electronic data describes, *inter alia*, the characteristics, origins, usage and validity of the collected electronic data.

6.      The connectives "and" and "or" and the phrase "and/or" shall be construed to bring within the scope of the request all documents that might otherwise be construed as nonresponsive to the Request.

7.      The singular shall be construed to include the plural, and the plural shall be construed to include the singular, as necessary to bring within the scope of each Request all documents that might otherwise be construed as nonresponsive to the Request.

## <u>INSTRUCTIONS</u>

1.      These requests do not seek any patient-identifying information or other information protected from disclosure by state or federal law or other applicable privilege. Patient-identifying information and any other information protected from disclosure by state or federal law or other applicable privilege should be redacted from any responsive document prior to the document being produced.

2.      In responding to this request, you are required to furnish all responsive documents in your possession, custody, or control, or in the possession, custody, or control of your attorneys, agents, employees, independent contractors, and all other persons acting on your behalf.

3.      These document requests shall be responded to fully, unless it is in good faith objected to, in which event the reasons for the objection shall be stated with specificity.  If an

objection pertains to only a portion of the request, or to a word, phrase, or clause contained therein, you shall state the objection to that portion only and respond to the remainder of the request.

4.      If, in responding to this request, you claim any ambiguity in the document request, or in a definition or instruction applicable thereto, you shall not rely upon the ambiguity as a basis for refusing to respond, but shall set forth as part of your response the language deemed to be ambiguous and the interpretation used in responding to the request.

5.      An original or one copy of each responsive document shall be produced.  If the same document exists in both electronic and non-electronic format, the electronically maintained document must be produced.

6.      If there are no documents responsive to the request, you shall so state in writing.

7.      A request for documents shall be deemed to include a request for all transmittal sheets, cover letters, exhibits, enclosures, and attachments to the documents, in addition to the document itself, without abbreviation or expurgations.  Documents attached to other documents or materials shall not be separated unless information is provided sufficient to permit reconstruction of the grouping or context in which the document is maintained in the ordinary course of business.

8.      Except as otherwise provided, each document requested shall be produced in its entirety and without redactions, deletions, or excisions, regardless of whether you consider the entire document to be relevant or responsive to this request.

9.      Documents shall be produced as they are kept in the ordinary course of business. Each document requested is to be produced in its original file folder, file jacket, or cover (or you may, in the alternative, designate in writing the titles of such folder, jacket, or cover with respect to each document).  The individual or department from whose files the document is being produced is to be indicated.

10.     If the documents requested differ or vary from one office, division, or location to another, these Requests require production of documents for each office, division, or location.

11.     If you refuse to produce any requested document, or part of any requested document, you shall submit, for each document or part of a document withheld, a written statement that:

a)  specifies the privilege or other asserted basis for withholding the document;

b)  describes the nature and general topic of the document;

c)  identifies the persons who prepared the document and any persons to whom the document was sent or disclosed;

d)  identifies any persons who have seen or had possession of the document; and

e)  specifies the dates on which the document was prepared, transmitted, and received.

12.     These document requests are continuing in nature.   Any document obtained, identified, or located after service of any response to these requests that would have been included in the response had the document been available or had its existence been known at that time should be produced immediately.

13.     Documents not maintained electronically shall be scanned and electronically produced as Adobe .pdf files.

14.     You shall produce electronically stored documents and files in their native formats on DVD, CD, or portable hard drives.

15.     These requests seeks only documents and other items within your possession, custody, or control.

16.     The parties issuing the Subpoena further reserve the right to amend the Instructions after they have viewed your production.

17.     Please contact counsel for Defendants, who are located at Office of Attorney General Curtis Hill, 302 W. Washington Street, IGCS - 5th Floor, Indianapolis, IN 46204, to discuss means of electronic production in lieu of physical delivery. They can be reached by email at Diana.Moers@atg.in.gov or Jamie.Dingo@atg.in.gov.

## **REQUESTS**

Pursuant to the attached subpoena, you are required to produce the following:

1.     All survey data collected or relied upon on in the following study: Haddad, L., Yanow, S., Delli-Bovi, L., Cosby, K., & Weitz, T.A.(2009). Changes in abortion provider practices in response to the Partial-Birth Abortion Ban Act of 2003. Contraception, *79*(5),379-384. doi: 10.1016/j.contraception.2008.11.010.

2.     All survey data collected or relied upon in the following study: Denny, C. C., Baron, M. B., Lederle, L., Drey, E. A., & Kerns, J. L. (2015). Induction of fetal demise before pregnancy termination: Practices of family planning providers. Contraception, 92(3), 241–245. doi: 10.1016/j.contraception.2015.05.002.

**EXHIBIT F**

Lisa Haddad Subpoena and Attachment A

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Indiana

| | |
|---|---|
| Caitlin Bernard, M.D., et al., | ) |
| _____ | ) |
| Plaintiff | ) |
| v. | ) Civil Action No.   1:19-cv-1660-SEB-DML |
| The Individual Members of the Indiana Licensing Board, et al. | ) |
| _____ | ) |
| Defendant | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   Lisa Haddad, M.D., Emory University School of Medicine, Division of Family Planning, 49 Jesse Hill Jr. Drive, SE Atlanta, GA 30303 (404) 778-1385

_____
(Name of person to whom this subpoena is directed)

☑ *Production:* YOU ARE COMMANDED to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attachment A.

| Place: 49 Jesse Hill Jr. Drive, SE Atlanta, GA 30303 | Date and Time: |
|---|---|
| Please contact counsel per Instruction 17. | 5 PM on November 23, 2020 |

☐ *Inspection of Premises:* YOU ARE COMMANDED to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   11/09/2020

CLERK OF COURT

OR

_____          _____
Signature of Clerk or Deputy Clerk                    s/ Diana Moers
                                                             Attorney's signature

The name, address, e-mail address, and telephone number of the attorney representing (name of party)   Defendants
_____
The Individual Members of the Indiana Licensing Board, et al.                , who issues or requests this subpoena, are:
Thomas M. Fisher, IGCS-5th Floor, 302 W. Washington St., Indianapolis, IN 46204, 317-232-6201, tom.fisher@atg.in.gov

Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the

inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2

Civil Action No.   1:19-cv-1660-SEB-DML

## PROOF  OF  SERVICE

### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for (name of individual and title, if any) _____

on (date) _____ .

    u  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on (date) _____ ; or

    u  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
Server's signature

_____
Printed name and title

_____
Server's address

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3

## Federal  Rule of Civil Procedure 45 (c), (d), (e), and  (g) (Effective 12/1/13)

(c) Place of Compliance.

 (1) For a Trial, Hearing,  or Deposition. A subpoena may command a
person to attend a trial, hearing, or deposition only as follows:
    (A) within 100 miles of where the person resides, is employed, or
regularly transacts business in person; or
    (B) within the state where the person resides, is employed, or regularly
transacts business in person, if the person
        (i) is a party or a party's officer; or
        (ii) is commanded to attend a trial and would not incur substantial
expense.

 (2) For Other Discovery. A subpoena may command:
    (A) production of documents, electronically stored information, or
tangible things at a place within 100 miles of where the person resides, is
employed, or regularly transacts business in person; and
    (B) inspection of premises at the premises to be inspected.

(d) Protecting  a Person Subject to a Subpoena;  Enforcement.

 (1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney
responsible for issuing and serving a subpoena must take reasonable steps
to avoid imposing undue burden or expense on a person subject to the
subpoena. The court for the district where compliance is required must
enforce this duty and impose an appropriate sanction—which may include
lost earnings and reasonable attorney's fees—on a party or attorney who
fails to comply.

 (2) Command to Produce Materials or Permit Inspection.
    (A) Appearance Not Required. A person commanded to produce
documents, electronically stored information, or tangible things, or to
permit the inspection of premises, need not appear in person at the place of
production or inspection unless also commanded to appear for a deposition,
hearing, or trial.
    (B) Objections. A person commanded to produce documents or tangible
things or to permit inspection may serve on the party or attorney designated
in the subpoena a written objection to inspecting, copying, testing, or
sampling any or all of the materials or to inspecting the premises—or to
producing electronically stored information in the form or forms requested.
The objection must be served before the earlier of the time specified for
compliance or 14 days after the subpoena is served. If an objection is made,
the following rules apply:
        (i) At any time, on notice to the commanded person, the serving party
may move the court for the district where compliance is required for an
order compelling production or inspection.
        (ii) These acts may be required only as directed in the order, and the
order must protect a person who is neither a party nor a party's officer from
significant expense resulting from compliance.

 (3) Quashing  or Modifying a Subpoena.
    (A) When Required. On timely motion, the court for the district where
compliance is required must quash or modify a subpoena that:
        (i) fails to allow a reasonable time to comply;
        (ii) requires a person to comply beyond the geographical limits
specified in Rule 45(c);
        (iii) requires disclosure of privileged or other protected matter, if no
exception or waiver applies; or
        (iv) subjects a person to undue burden.
    (B) When Permitted. To protect a person subject to or affected by a
subpoena, the court for the district where compliance is required may, on
motion, quash or modify the subpoena if it requires:
        (i) disclosing a trade secret or other confidential research,
development, or commercial information; or

        (ii) disclosing an unretained expert's opinion or information that does
not describe specific occurrences in dispute and results from the expert's
study that was not requested by a party.
    (C) Specifying Conditions as an Alternative. In the circumstances
described in Rule 45(d)(3)(B), the court may, instead of quashing or
modifying a subpoena, order appearance or production under specified
conditions if the serving party:
        (i) shows a substantial need for the testimony or material that cannot be
otherwise met without undue hardship; and
        (ii) ensures that the subpoenaed person will be reasonably compensated.

(e) Duties in Responding  to a Subpoena.

 (1) Producing  Documents  or Electronically Stored Information.  These
procedures apply to producing documents or electronically stored
information:
    (A) Documents. A person responding to a subpoena to produce documents
must produce them as they are kept in the ordinary course of business or
must organize and label them to correspond to the categories in the demand.
    (B) Form for Producing Electronically Stored Information Not Specified.
If a subpoena does not specify a form for producing electronically stored
information, the person responding must produce it in a form or forms in
which it is ordinarily maintained or in a reasonably usable form or forms.
    (C) Electronically Stored Information Produced in Only One Form. The
person responding need not produce the same electronically stored
information in more than one form.
    (D) Inaccessible Electronically Stored Information. The person
responding need not provide discovery of electronically stored information
from sources that the person identifies as not reasonably accessible because
of undue burden or cost. On motion to compel discovery or for a protective
order, the person responding must show that the information is not
reasonably accessible because of undue burden or cost. If that showing is
made, the court may nonetheless order discovery from such sources if the
requesting party shows good cause, considering the limitations of Rule
26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.
 (A) Information Withheld. A person withholding subpoenaed information
under a claim that it is privileged or subject to protection as trial-preparation
material must:
        (i) expressly make the claim; and
        (ii) describe the nature of the withheld documents, communications, or
tangible things in a manner that, without revealing information itself
privileged or protected, will enable the parties to assess the claim.
 (B) Information Produced.  If information produced in response to a
subpoena is subject to a claim of privilege or of protection as
trial-preparation material, the person making the claim may notify any party
that received the information of the claim and the basis for it. After being
notified, a party must promptly return, sequester, or destroy the specified
information and any copies it has; must not use or disclose the information
until the claim is resolved; must take reasonable steps to retrieve the
information if the party disclosed it before being notified; and may promptly
present the information under seal to the court for the district where
compliance is required for a determination of the claim. The person who
produced the information must preserve the information until the claim is
resolved.

(g) Contempt.
The court for the district where compliance is required—and also, after a
motion is transferred, the issuing court—may hold in contempt a person
who, having been served, fails without adequate excuse to obey the
subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CAITLIN BERNARD, M.D., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-1660-SEB-DML |
| | ) | |
| THE INDIVIDUAL MEMBERS OF THE | ) | |
| INDIANA MEDICAL LICENSING | ) | |
| BOARD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ATTACHMENT A**

---

Pursuant to the attached Subpoena and in accordance with the following Definitions and Instructions, you are required to produce the documents described below.

**<u>DEFINITIONS</u>**

1.      "You" and "your" refer to the person named on the subpoena.

2.       "Document" and "documents" are synonymous in meaning and equal in scope to the usage of the terms as defined in Federal Rule of Civil Procedure 34(a)(1)(A) and shall include all items subject to inspection and copying under those Rules. It includes all electronic data that is retrievable and translatable into a reasonably usable form.

3.      "Electronic data" means the original (or duplicate, identical copies when originals are not available) and any non-identical copies of electronic data of every kind and description. Unless the parties agree otherwise, all electronic data should be provided in native format, including metadata.

4.      "Native format" means the format of electronic data in the application in which such data was originally created.

1

5.      "Metadata" means structured information about electronic data that is created by the file system or application, embedded in the document or email, and sometimes modified through ordinary business use. Metadata of the electronic data describes, *inter alia*, the characteristics, origins, usage and validity of the collected electronic data.

6.      The connectives "and" and "or" and the phrase "and/or" shall be construed to bring within the scope of the request all documents that might otherwise be construed as nonresponsive to the Request.

7.      The singular shall be construed to include the plural, and the plural shall be construed to include the singular, as necessary to bring within the scope of each Request all documents that might otherwise be construed as nonresponsive to the Request.

## **INSTRUCTIONS**

1.      This request does not seek any patient-identifying information or other information protected from disclosure by state or federal law or other applicable privilege. Patient-identifying information and any other information protected from disclosure by state or federal law or other applicable privilege should be redacted from any responsive document prior to the document being produced.

2.      In responding to this request, you are required to furnish all responsive documents in your possession, custody, or control, or in the possession, custody, or control of your attorneys, agents, employees, independent contractors, and all other persons acting on your behalf.

3.      The document request shall be responded to fully, unless it is in good faith objected to, in which event the reasons for the objection shall be stated with specificity.  If an objection pertains to only a portion of the request, or to a word, phrase, or clause contained therein, you shall state the objection to that portion only and respond to the remainder of the request.

4.      If, in responding to this request, you claim any ambiguity in the document request, or in a definition or instruction applicable thereto, you shall not rely upon the ambiguity as a basis for refusing to respond, but shall set forth as part of your response the language deemed to be ambiguous and the interpretation used in responding to the request.

5.      An original or one copy of each responsive document shall be produced.  If the same document exists in both electronic and non-electronic format, the electronically maintained document must be produced.

6.      If there are no documents responsive to the request, you shall so state in writing.

7.      A request for documents shall be deemed to include a request for all transmittal sheets, cover letters, exhibits, enclosures, and attachments to the documents, in addition to the document itself, without abbreviation or expurgations.  Documents attached to other documents or materials shall not be separated unless information is provided sufficient to permit reconstruction of the grouping or context in which the document is maintained in the ordinary course of business.

8.      Except as otherwise provided, each document requested shall be produced in its entirety and without redactions, deletions, or excisions, regardless of whether you consider the entire document to be relevant or responsive to this request.

9.      Documents shall be produced as they are kept in the ordinary course of business. Each document requested is to be produced in its original file folder, file jacket, or cover (or you may, in the alternative, designate in writing the titles of such folder, jacket, or cover with respect to each document).  The individual or department from whose files the document is being produced is to be indicated.

10.      If the documents requested differ or vary from one office, division, or location to another, the Requests require production of documents for each office, division, or location.

11.   If you refuse to produce any requested document, or part of any requested document, you shall submit, for each document or part of a document withheld, a written statement that:

  a)  specifies the privilege or other asserted basis for withholding the document;

  b)  describes the nature and general topic of the document;

  c)  identifies the persons who prepared the document and any persons to whom the document was sent or disclosed;

  d)  identifies any persons who have seen or had possession of the document; and

  e)  specifies the dates on which the document was prepared, transmitted, and received.

12.   This document request is continuing in nature.  Any document obtained, identified, or located after service of any response to this request that would have been included in the response had the document been available or had its existence been known at that time should be produced immediately.

13.   Documents not maintained electronically shall be scanned and electronically produced as Adobe .pdf files.

14.   You shall produce electronically stored documents and files in their native formats on DVD, CD, or portable hard drives.

15.   This request seeks only documents and other items within your possession, custody, or control.

16.     The parties issuing the Subpoena further reserve the right to amend the Instructions after they have viewed your production.

17.     Please contact counsel for Defendants, who are located at Office of Attorney General Curtis Hill, 302 W. Washington Street, IGCS - 5th Floor, Indianapolis, IN 46204, to discuss means of electronic production in lieu of physical delivery. They can be reached by email at Diana.Moers@atg.in.gov or Jamie.Dingo@atg.in.gov.

## REQUESTS

Pursuant to the attached subpoena, you are required to produce the following:

1.     All survey data collected or relied upon in the following study: Haddad, L., Yanow, S., Delli-Bovi, L., Cosby, K., & Weitz, T. A. (2009). Changes in abortion provider practices in response to the Partial-Birth Abortion Ban Act of 2003. Contraception, 79(5), 379-384. doi: 10.1016/j.contraception.2008.11.010.

**EXHIBIT G**

Susan Yanow Subpoena and Attachment A

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### Southern District of Indiana

| | |
|---|---|
| Caitlin Bernard, M.D., et al., | ) |
| Plaintiff | ) |
| v. | ) |
| Individual Members of the Indiana Licensing Board, et al. | ) |
| Defendant | ) |

Civil Action No.   1:19-cv-1660-SEB-DML

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:          Susan Yanow, 221 Norfolk St., Cambridge, MA 02139

(Name of person to whom this subpoena is directed)

☑ Production: YOU ARE COMMANDED to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attachment A.

| Place: 221 Norfolk St., Cambridge, MA 02139 | Date and Time: |
|---|---|
| Please contact counsel per Instruction 17. | 5 PM on November 23, 2020 |

☐ Inspection of Premises: YOU ARE COMMANDED to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      11/09/2020

CLERK OF COURT

OR

_____              s/ Diana Moers
Signature of Clerk or Deputy Clerk                    Attorney's signature

The name, address, e-mail address, and telephone number of the attorney representing (name of party)      Defendants

The Individual Members of the Indiana Licensing Board, et al.              , who issues or requests this subpoena, are:

Thomas M. Fisher, IGCS-5th Floor, 302 W. Washington St., Indianapolis, IN 46204, 317-232-6201, tom.fisher@atg.in.gov

Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2

Civil Action No.   1:19-cv-1660-SEB-DML

## PROOF  OF  SERVICE

### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for (name of individual and title, if any) _____

on (date) _____ .

u  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on (date) _____ ; or

u  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
Server's signature

_____
Printed name and title

_____
Server's address

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3

## Federal  Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

(c) Place of Compliance.

  (1) For a Trial, Hearing, or Deposition. A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

  (2) For Other Discovery. A subpoena may command:
    (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    (B) inspection of premises at the premises to be inspected.

(d) Protecting a Person Subject to a Subpoena; Enforcement.

  (1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  (2) Command to Produce Materials or Permit Inspection.
    (A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  (3) Quashing or Modifying a Subpoena.
    (A) When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
    (B) When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

(e) Duties in Responding to a Subpoena.

  (1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
    (A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    (B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    (C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
    (D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  (2) Claiming Privilege or Protection.
    (A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    (B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(g) Contempt.
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CAITLIN BERNARD, M.D., et al., | ) | |
| | ) | |
|     Plaintiffs, | ) | |
| | ) | |
|     v. | ) | No. 1:19-cv-1660-SEB-DML |
| | ) | |
| THE INDIVIDUAL MEMBERS OF THE | ) | |
| INDIANA MEDICAL LICENSING | ) | |
| BOARD, et al., | ) | |
| | ) | |
|     Defendants. | ) | |

## ATTACHMENT A

Pursuant to the attached Subpoena and in accordance with the following Definitions and Instructions, you are required to produce the documents described below.

### **DEFINITIONS**

1.      "You" and "your" refer to the person named on the subpoena.

2.       "Document" and "documents" are synonymous in meaning and equal in scope to the usage of the terms as defined in Federal Rule of Civil Procedure 34(a)(1)(A) and shall include all items subject to inspection and copying under those Rules. It includes all electronic data that is retrievable and translatable into a reasonably usable form.

3.      "Electronic data" means the original (or duplicate, identical copies when originals are not available) and any non-identical copies of electronic data of every kind and description. Unless the parties agree otherwise, all electronic data should be provided in native format, including metadata.

4.      "Native format" means the format of electronic data in the application in which such data was originally created.

1

5.     "Metadata" means structured information about electronic data that is created by the file system or application, embedded in the document or email, and sometimes modified through ordinary business use. Metadata of the electronic data describes, *inter alia*, the characteristics, origins, usage and validity of the collected electronic data.

6.     The connectives "and" and "or" and the phrase "and/or" shall be construed to bring within the scope of the request all documents that might otherwise be construed as nonresponsive to the Request.

7.     The singular shall be construed to include the plural, and the plural shall be construed to include the singular, as necessary to bring within the scope of each Request all documents that might otherwise be construed as nonresponsive to the Request.

## <u>INSTRUCTIONS</u>

1.     This request does not seek any patient-identifying information or other information protected from disclosure by state or federal law or other applicable privilege. Patient-identifying information and any other information protected from disclosure by state or federal law or other applicable privilege should be redacted from any responsive document prior to the document being produced.

2.     In responding to this request, you are required to furnish all responsive documents in your possession, custody, or control, or in the possession, custody, or control of your attorneys, agents, employees, independent contractors, and all other persons acting on your behalf.

3.     The document request shall be responded to fully, unless it is in good faith objected to, in which event the reasons for the objection shall be stated with specificity.  If an objection pertains to only a portion of the request, or to a word, phrase, or clause contained therein, you shall state the objection to that portion only and respond to the remainder of the request.

4.      If, in responding to this request, you claim any ambiguity in the document request, or in a definition or instruction applicable thereto, you shall not rely upon the ambiguity as a basis for refusing to respond, but shall set forth as part of your response the language deemed to be ambiguous and the interpretation used in responding to the request.

5.      An original or one copy of each responsive document shall be produced.  If the same document exists in both electronic and non-electronic format, the electronically maintained document must be produced.

6.      If there are no documents responsive to the request, you shall so state in writing.

7.      A request for documents shall be deemed to include a request for all transmittal sheets, cover letters, exhibits, enclosures, and attachments to the documents, in addition to the document itself, without abbreviation or expurgations.  Documents attached to other documents or materials shall not be separated unless information is provided sufficient to permit reconstruction of the grouping or context in which the document is maintained in the ordinary course of business.

8.      Except as otherwise provided, each document requested shall be produced in its entirety and without redactions, deletions, or excisions, regardless of whether you consider the entire document to be relevant or responsive to this request.

9.      Documents shall be produced as they are kept in the ordinary course of business. Each document requested is to be produced in its original file folder, file jacket, or cover (or you may, in the alternative, designate in writing the titles of such folder, jacket, or cover with respect to each document).  The individual or department from whose files the document is being produced is to be indicated.

10.      If the documents requested differ or vary from one office, division, or location to another, the Requests require production of documents for each office, division, or location.

11.     If you refuse to produce any requested document, or part of any requested document, you shall submit, for each document or part of a document withheld, a written statement that:

      a)   specifies the privilege or other asserted basis for withholding the document;

      b)   describes the nature and general topic of the document;

      c)   identifies the persons who prepared the document and any persons to whom the document was sent or disclosed;

      d)   identifies any persons who have seen or had possession of the document; and

      e)   specifies the dates on which the document was prepared, transmitted, and received.

12.     This document request is continuing in nature.  Any document obtained, identified, or located after service of any response to this request that would have been included in the response had the document been available or had its existence been known at that time should be produced immediately.

13.     Documents not maintained electronically shall be scanned and electronically produced as Adobe .pdf files.

14.     You shall produce electronically stored documents and files in their native formats on DVD, CD, or portable hard drives.

15.     This request seeks only documents and other items within your possession, custody, or control.

16.     The parties issuing the Subpoena further reserve the right to amend the Instructions after they have viewed your production.

17.     Please contact counsel for Defendants, who are located at Office of Attorney General Curtis Hill, 302 W. Washington Street, IGCS - 5th Floor, Indianapolis, IN 46204, to discuss means of electronic production in lieu of physical delivery. They can be reached by email at Diana.Moers@atg.in.gov or Jamie.Dingo@atg.in.gov.

## **REQUESTS**

Pursuant to the attached subpoena, you are required to produce the following:

1.     All survey data collected or relied upon in the following study: Haddad, L., Yanow, S., Delli-Bovi, L., Cosby, K., & Weitz, T. A. (2009). Changes in abortion provider practices in response to the Partial-Birth Abortion Ban Act of 2003. Contraception, 79(5), 379-384. doi: 10.1016/j.contraception.2008.11.010.

**EXHIBIT H**

Laurent Delli-Bovi Subpoena and Attachment A

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Indiana

| | |
|---|---|
| Caitlin Bernard, M.D., et al., | ) |
| _____ | ) |
| Plaintiff | ) |
| v. | ) |
| Individual Members of the Indiana Licensing Board, et al. | ) |
| _____ | ) |
| Defendant | ) |

Civil Action No.   1:19-cv-1660-SEB-DML

SUBPOENA TO PRODUCE  DOCUMENTS,  INFORMATION,  OR OBJECTS
OR TO PERMIT  INSPECTION OF PREMISES  IN A CIVIL  ACTION

To:    Laurent Delli-Bovi, Women's Health Services, 111 Harvard Street, Brookline, MA, 02446

_____
(Name of person to whom this subpoena is directed)

☒ Production:  YOU ARE COMMANDED  to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attachment A.

| Place: 111 Harvard Street, Brookline, MA, 02446 | Date and Time: |
|---|---|
| Please contact counsel per Instruction 17. | 5 PM on November 23, 2020 |

☐ Inspection of Premises: YOU ARE COMMANDED  to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    11/09/2020

|  CLERK OF COURT | |
|---|---|
| | OR |
| _____ | _____ |
| Signature of Clerk or Deputy Clerk | s/ Diana Moers |
| | Attorney's signature |

The name, address, e-mail address, and telephone number of the attorney representing (name of party)   Defendants

The Individual Members of the Indiana Licensing Board, et al.            , who issues or requests this subpoena, are:

Thomas M. Fisher, IGCS-5th Floor, 302 W. Washington St., Indianapolis, IN 46204, 317-232-6201, tom.fisher@atg.in.gov

Notice to the person  who issues or requests  this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2

Civil Action No.   1:19-cv-1660-SEB-DML

## PROOF  OF  SERVICE

### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for (name of individual and title, if any) _____

on (date) _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on (date) _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
Server's signature

_____
Printed name and title

_____
Server's address

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3

## Federal  Rule of Civil Procedure 45 (c), (d), (e), and  (g) (Effective 12/1/13)

(c) Place of Compliance.

 (1) For a Trial, Hearing, or Deposition. A subpoena may command a
person to attend a trial, hearing, or deposition only as follows:
    (A) within 100 miles of where the person resides, is employed, or
regularly transacts business in person; or
    (B) within the state where the person resides, is employed, or regularly
transacts business in person, if the person
        (i) is a party or a party's officer; or
        (ii) is commanded to attend a trial and would not incur substantial
expense.

 (2) For Other Discovery. A subpoena may command:
    (A) production of documents, electronically stored information, or
tangible things at a place within 100 miles of where the person resides, is
employed, or regularly transacts business in person; and
    (B) inspection of premises at the premises to be inspected.

(d) Protecting  a Person Subject to a Subpoena;  Enforcement.

 (1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney
responsible for issuing and serving a subpoena must take reasonable steps
to avoid imposing undue burden or expense on a person subject to the
subpoena. The court for the district where compliance is required must
enforce this duty and impose an appropriate sanction—which may include
lost earnings and reasonable attorney's fees—on a party or attorney who
fails to comply.

 (2) Command to Produce Materials or Permit Inspection.
    (A) Appearance Not Required. A person commanded to produce
documents, electronically stored information, or tangible things, or to
permit the inspection of premises, need not appear in person at the place of
production or inspection unless also commanded to appear for a deposition,
hearing, or trial.
    (B) Objections. A person commanded to produce documents or tangible
things or to permit inspection may serve on the party or attorney designated
in the subpoena a written objection to inspecting, copying, testing, or
sampling any or all of the materials or to inspecting the premises—or to
producing electronically stored information in the form or forms requested.
The objection must be served before the earlier of the time specified for
compliance or 14 days after the subpoena is served. If an objection is made,
the following rules apply:
        (i) At any time, on notice to the commanded person, the serving party
may move the court for the district where compliance is required for an
order compelling production or inspection.
        (ii) These acts may be required only as directed in the order, and the
order must protect a person who is neither a party nor a party's officer from
significant expense resulting from compliance.

 (3) Quashing or Modifying a Subpoena.
    (A) When Required. On timely motion, the court for the district where
compliance is required must quash or modify a subpoena that:
        (i) fails to allow a reasonable time to comply;
        (ii) requires a person to comply beyond the geographical limits
specified in Rule 45(c);
        (iii) requires disclosure of privileged or other protected matter, if no
exception or waiver applies; or
        (iv) subjects a person to undue burden.
    (B) When Permitted. To protect a person subject to or affected by a
subpoena, the court for the district where compliance is required may, on
motion, quash or modify the subpoena if it requires:
        (i) disclosing a trade secret or other confidential research,
development, or commercial information; or

        (ii) disclosing an unretained expert's opinion or information that does
not describe specific occurrences in dispute and results from the expert's
study that was not requested by a party.
    (C) Specifying Conditions as an Alternative. In the circumstances
described in Rule 45(d)(3)(B), the court may, instead of quashing or
modifying a subpoena, order appearance or production under specified
conditions if the serving party:
        (i) shows a substantial need for the testimony or material that cannot be
otherwise met without undue hardship; and
        (ii) ensures that the subpoenaed person will be reasonably compensated.

(e) Duties in Responding  to a Subpoena.

 (1) Producing  Documents or Electronically Stored Information.  These
procedures apply to producing documents or electronically stored
information:
    (A) Documents. A person responding to a subpoena to produce documents
must produce them as they are kept in the ordinary course of business or
must organize and label them to correspond to the categories in the demand.
    (B) Form for Producing Electronically Stored Information Not Specified.
If a subpoena does not specify a form for producing electronically stored
information, the person responding must produce it in a form or forms in
which it is ordinarily maintained or in a reasonably usable form or forms.
    (C) Electronically Stored Information Produced in Only One Form. The
person responding need not produce the same electronically stored
information in more than one form.
    (D) Inaccessible Electronically Stored Information. The person
responding need not provide discovery of electronically stored information
from sources that the person identifies as not reasonably accessible because
of undue burden or cost. On motion to compel discovery or for a protective
order, the person responding must show that the information is not
reasonably accessible because of undue burden or cost. If that showing is
made, the court may nonetheless order discovery from such sources if the
requesting party shows good cause, considering the limitations of Rule
26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.
  (A) Information Withheld. A person withholding subpoenaed information
under a claim that it is privileged or subject to protection as trial-preparation
material must:
        (i) expressly make the claim; and
        (ii) describe the nature of the withheld documents, communications, or
tangible things in a manner that, without revealing information itself
privileged or protected, will enable the parties to assess the claim.
  (B) Information Produced.  If information produced in response to a
subpoena is subject to a claim of privilege or of protection as
trial-preparation material, the person making the claim may notify any party
that received the information of the claim and the basis for it. After being
notified, a party must promptly return, sequester, or destroy the specified
information and any copies it has; must not use or disclose the information
until the claim is resolved; must take reasonable steps to retrieve the
information if the party disclosed it before being notified; and may promptly
present the information under seal to the court for the district where
compliance is required for a determination of the claim. The person who
produced the information must preserve the information until the claim is
resolved.

(g) Contempt.
The court for the district where compliance is required—and also, after a
motion is transferred, the issuing court—may hold in contempt a person
who, having been served, fails without adequate excuse to obey the
subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CAITLIN BERNARD, M.D., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-1660-SEB-DML |
| | ) | |
| THE INDIVIDUAL MEMBERS OF THE | ) | |
| INDIANA MEDICAL LICENSING | ) | |
| BOARD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ATTACHMENT A**

Pursuant to the attached Subpoena and in accordance with the following Definitions and Instructions, you are required to produce the documents described below.

**<u>DEFINITIONS</u>**

1.      "You" and "your" refer to the person named on the subpoena.

2.       "Document" and "documents" are synonymous in meaning and equal in scope to the usage of the terms as defined in Federal Rule of Civil Procedure 34(a)(1)(A) and shall include all items subject to inspection and copying under those Rules. It includes all electronic data that is retrievable and translatable into a reasonably usable form.

3.      "Electronic data" means the original (or duplicate, identical copies when originals are not available) and any non-identical copies of electronic data of every kind and description. Unless the parties agree otherwise, all electronic data should be provided in native format, including metadata.

4.      "Native format" means the format of electronic data in the application in which such data was originally created.

5.      "Metadata" means structured information about electronic data that is created by the file system or application, embedded in the document or email, and sometimes modified through ordinary business use. Metadata of the electronic data describes, *inter alia*, the characteristics, origins, usage and validity of the collected electronic data.

6.      The connectives "and" and "or" and the phrase "and/or" shall be construed to bring within the scope of the request all documents that might otherwise be construed as nonresponsive to the Request.

7.      The singular shall be construed to include the plural, and the plural shall be construed to include the singular, as necessary to bring within the scope of each Request all documents that might otherwise be construed as nonresponsive to the Request.

## <u>INSTRUCTIONS</u>

1.      This request does not seek any patient-identifying information or other information protected from disclosure by state or federal law or other applicable privilege. Patient-identifying information and any other information protected from disclosure by state or federal law or other applicable privilege should be redacted from any responsive document prior to the document being produced.

2.      In responding to this request, you are required to furnish all responsive documents in your possession, custody, or control, or in the possession, custody, or control of your attorneys, agents, employees, independent contractors, and all other persons acting on your behalf.

3.      The document request shall be responded to fully, unless it is in good faith objected to, in which event the reasons for the objection shall be stated with specificity.  If an objection pertains to only a portion of the request, or to a word, phrase, or clause contained therein, you shall state the objection to that portion only and respond to the remainder of the request.

4.      If, in responding to this request, you claim any ambiguity in the document request, or in a definition or instruction applicable thereto, you shall not rely upon the ambiguity as a basis for refusing to respond, but shall set forth as part of your response the language deemed to be ambiguous and the interpretation used in responding to the request.

5.      An original or one copy of each responsive document shall be produced.  If the same document exists in both electronic and non-electronic format, the electronically maintained document must be produced.

6.      If there are no documents responsive to the request, you shall so state in writing.

7.      A request for documents shall be deemed to include a request for all transmittal sheets, cover letters, exhibits, enclosures, and attachments to the documents, in addition to the document itself, without abbreviation or expurgations.  Documents attached to other documents or materials shall not be separated unless information is provided sufficient to permit reconstruction of the grouping or context in which the document is maintained in the ordinary course of business.

8.      Except as otherwise provided, each document requested shall be produced in its entirety and without redactions, deletions, or excisions, regardless of whether you consider the entire document to be relevant or responsive to this request.

9.      Documents shall be produced as they are kept in the ordinary course of business. Each document requested is to be produced in its original file folder, file jacket, or cover (or you may, in the alternative, designate in writing the titles of such folder, jacket, or cover with respect to each document).  The individual or department from whose files the document is being produced is to be indicated.

10.     If the documents requested differ or vary from one office, division, or location to another, the Requests require production of documents for each office, division, or location.

11.     If you refuse to produce any requested document, or part of any requested document, you shall submit, for each document or part of a document withheld, a written statement that:

    a)  specifies the privilege or other asserted basis for withholding the document;

    b)  describes the nature and general topic of the document;

    c)  identifies the persons who prepared the document and any persons to whom the document was sent or disclosed;

    d)  identifies any persons who have seen or had possession of the document; and

    e)  specifies the dates on which the document was prepared, transmitted, and received.

12.     This document request is continuing in nature.  Any document obtained, identified, or located after service of any response to this request that would have been included in the response had the document been available or had its existence been known at that time should be produced immediately.

13.     Documents not maintained electronically shall be scanned and electronically produced as Adobe .pdf files.

14.     You shall produce electronically stored documents and files in their native formats on DVD, CD, or portable hard drives.

15.     This request seeks only documents and other items within your possession, custody, or control.

16.     The parties issuing the Subpoena further reserve the right to amend the Instructions after they have viewed your production.

17.     Please contact counsel for Defendants, who are located at Office of Attorney General Curtis Hill, 302 W. Washington Street, IGCS - 5th Floor, Indianapolis, IN 46204, to discuss means of electronic production in lieu of physical delivery. They can be reached by email at Diana.Moers@atg.in.gov or Jamie.Dingo@atg.in.gov.

## **REQUESTS**

Pursuant to the attached subpoena, you are required to produce the following:

1.     All survey data collected or relied upon in the following study: Haddad, L., Yanow, S., Delli-Bovi, L., Cosby, K., & Weitz, T. A. (2009). Changes in abortion provider practices in response to the Partial-Birth Abortion Ban Act of 2003. Contraception, 79(5), 379-384. doi: 10.1016/j.contraception.2008.11.010.

5

**EXHIBIT I**

Kate Cockrill Subpoena and Attachment A

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Indiana

| | |
|---|---|
| Caitlin Bernard, M.D., et al., | ) |
| _____ | ) |
| Plaintiff | ) |
| v. | ) |
| Individual Members of the Indiana Licensing Board, et al. | ) |
| _____ | ) |
| Defendant | ) |

Civil Action No.   1:19-cv-1660-SEB-DML

SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:          Kate Cockrill, 1821 SW Primrose St., Portland, OR 97219

_____

(Name of person to whom this subpoena is directed)

✓ Production:  YOU ARE COMMANDED  to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attachment A.

| | |
|---|---|
| Place: 1821 SW Primrose St., Portland, OR 97219<br><br>Please contact counsel per Instruction 17. | Date and Time:<br><br>~~5 PM on November 23, 2020~~ |

☐ Inspection of Premises:  YOU ARE COMMANDED  to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| | |
|---|---|
| Place: | Date and Time: |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   11/09/2020

| CLERK OF COURT | | |
|---|---|---|
| | OR | |
| _____ | | s/ Diana Moers<br>_____ |
| Signature of Clerk or Deputy Clerk | | Attorney's signature |

The name, address, e-mail address, and telephone number of the attorney representing (name of party)   Defendants

_The Individual Members of the Indiana Licensing Board, et al._____ , who issues or requests this subpoena, are:

Thomas M. Fisher, IGCS-5th Floor, 302 W. Washington St., Indianapolis, IN 46204, 317-232-6201, tom.fisher@atg.in.gov

Notice to the person  who issues or requests  this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2

Civil Action No.   1:19-cv-1660-SEB-DML

## PROOF  OF  SERVICE

### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for (name of individual and title, if any) _____

on (date) _____ .

    ᵾ  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on (date) _____ ; or

    ᵾ  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
Server's signature

_____
Printed name and title

_____
Server's address

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3

## Federal  Rule of Civil Procedure 45 (c), (d), (e), and  (g) (Effective 12/1/13)

(c) Place of Compliance.

  (1) For a Trial, Hearing,  or Deposition. A subpoena may command a
person to attend a trial, hearing, or deposition only as follows:
    (A) within 100 miles of where the person resides, is employed, or
regularly transacts business in person; or
    (B) within the state where the person resides, is employed, or regularly
transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial
expense.

  (2) For Other Discovery. A subpoena may command:
    (A) production of documents, electronically stored information, or
tangible things at a place within 100 miles of where the person resides, is
employed, or regularly transacts business in person; and
    (B) inspection of premises at the premises to be inspected.

(d) Protecting  a Person Subject to a Subpoena;  Enforcement.

  (1) Avoiding Undue Burden  or Expense; Sanctions. A party or attorney
responsible for issuing and serving a subpoena must take reasonable steps
to avoid imposing undue burden or expense on a person subject to the
subpoena. The court for the district where compliance is required must
enforce this duty and impose an appropriate sanction—which may include
lost earnings and reasonable attorney's fees—on a party or attorney who
fails to comply.

  (2) Command to Produce Materials or Permit Inspection.
    (A) Appearance Not Required. A person commanded to produce
documents, electronically stored information, or tangible things, or to
permit the inspection of premises, need not appear in person at the place of
production or inspection unless also commanded to appear for a deposition,
hearing, or trial.
    (B) Objections. A person commanded to produce documents or tangible
things or to permit inspection may serve on the party or attorney designated
in the subpoena a written objection to inspecting, copying, testing, or
sampling any or all of the materials or to inspecting the premises—or to
producing electronically stored information in the form or forms requested.
The objection must be served before the earlier of the time specified for
compliance or 14 days after the subpoena is served. If an objection is made,
the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party
may move the court for the district where compliance is required for an
order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the
order must protect a person who is neither a party nor a party's officer from
significant expense resulting from compliance.

  (3) Quashing  or Modifying a Subpoena.
    (A) When Required. On timely motion, the court for the district where
compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits
specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no
exception or waiver applies; or
      (iv) subjects a person to undue burden.
    (B) When Permitted. To protect a person subject to or affected by a
subpoena, the court for the district where compliance is required may, on
motion, quash or modify the subpoena if it requires:
        (i) disclosing a trade secret or other confidential research,
development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does
not describe specific occurrences in dispute and results from the expert's
study that was not requested by a party.
    (C) Specifying Conditions as an Alternative. In the circumstances
described in Rule 45(d)(3)(B), the court may, instead of quashing or
modifying a subpoena, order appearance or production under specified
conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be
otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

(e) Duties in Responding to a Subpoena.

  (1) Producing  Documents or Electronically Stored Information.  These
procedures apply to producing documents or electronically stored
information:
    (A) Documents. A person responding to a subpoena to produce documents
must produce them as they are kept in the ordinary course of business or
must organize and label them to correspond to the categories in the demand.
    (B) Form for Producing Electronically Stored Information Not Specified.
If a subpoena does not specify a form for producing electronically stored
information, the person responding must produce it in a form or forms in
which it is ordinarily maintained or in a reasonably usable form or forms.
    (C) Electronically Stored Information Produced in Only One Form. The
person responding need not produce the same electronically stored
information in more than one form.
    (D) Inaccessible Electronically Stored Information. The person
responding need not provide discovery of electronically stored information
from sources that the person identifies as not reasonably accessible because
of undue burden or cost. On motion to compel discovery or for a protective
order, the person responding must show that the information is not
reasonably accessible because of undue burden or cost. If that showing is
made, the court may nonetheless order discovery from such sources if the
requesting party shows good cause, considering the limitations of Rule
26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.
  (A) Information Withheld. A person withholding subpoenaed information
under a claim that it is privileged or subject to protection as trial-preparation
material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or
tangible things in a manner that, without revealing information itself
privileged or protected, will enable the parties to assess the claim.
  (B) Information Produced.  If information produced in response to a
subpoena is subject to a claim of privilege or of protection as
trial-preparation material, the person making the claim may notify any party
that received the information of the claim and the basis for it. After being
notified, a party must promptly return, sequester, or destroy the specified
information and any copies it has; must not use or disclose the information
until the claim is resolved; must take reasonable steps to retrieve the
information if the party disclosed it before being notified; and may promptly
present the information under seal to the court for the district where
compliance is required for a determination of the claim. The person who
produced the information must preserve the information until the claim is
resolved.

(g) Contempt.
The court for the district where compliance is required—and also, after a
motion is transferred, the issuing court—may hold in contempt a person
who, having been served, fails without adequate excuse to obey the
subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CAITLIN BERNARD, M.D., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-1660-SEB-DML |
| | ) | |
| THE INDIVIDUAL MEMBERS OF THE | ) | |
| INDIANA MEDICAL LICENSING | ) | |
| BOARD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ATTACHMENT A**

Pursuant to the attached Subpoena and in accordance with the following Definitions and Instructions, you are required to produce the documents described below.

**<u>DEFINITIONS</u>**

1.     "You" and "your" refer to the person named on the subpoena.

2.      "Document" and "documents" are synonymous in meaning and equal in scope to the usage of the terms as defined in Federal Rule of Civil Procedure 34(a)(1)(A) and shall include all items subject to inspection and copying under those Rules. It includes all electronic data that is retrievable and translatable into a reasonably usable form.

3.     "Electronic data" means the original (or duplicate, identical copies when originals are not available) and any non-identical copies of electronic data of every kind and description. Unless the parties agree otherwise, all electronic data should be provided in native format, including metadata.

4.     "Native format" means the format of electronic data in the application in which such data was originally created.

1

5.      "Metadata" means structured information about electronic data that is created by the file system or application, embedded in the document or email, and sometimes modified through ordinary business use. Metadata of the electronic data describes, *inter alia*, the characteristics, origins, usage and validity of the collected electronic data.

6.      The connectives "and" and "or" and the phrase "and/or" shall be construed to bring within the scope of the request all documents that might otherwise be construed as nonresponsive to the Request.

7.      The singular shall be construed to include the plural, and the plural shall be construed to include the singular, as necessary to bring within the scope of each Request all documents that might otherwise be construed as nonresponsive to the Request.

## **INSTRUCTIONS**

1.      This request does not seek any patient-identifying information or other information protected from disclosure by state or federal law or other applicable privilege. Patient-identifying information and any other information protected from disclosure by state or federal law or other applicable privilege should be redacted from any responsive document prior to the document being produced.

2.      In responding to this request, you are required to furnish all responsive documents in your possession, custody, or control, or in the possession, custody, or control of your attorneys, agents, employees, independent contractors, and all other persons acting on your behalf.

3.      The document request shall be responded to fully, unless it is in good faith objected to, in which event the reasons for the objection shall be stated with specificity.  If an objection pertains to only a portion of the request, or to a word, phrase, or clause contained therein, you shall state the objection to that portion only and respond to the remainder of the request.

4.      If, in responding to this request, you claim any ambiguity in the document request, or in a definition or instruction applicable thereto, you shall not rely upon the ambiguity as a basis for refusing to respond, but shall set forth as part of your response the language deemed to be ambiguous and the interpretation used in responding to the request.

5.      An original or one copy of each responsive document shall be produced.  If the same document exists in both electronic and non-electronic format, the electronically maintained document must be produced.

6.      If there are no documents responsive to the request, you shall so state in writing.

7.      A request for documents shall be deemed to include a request for all transmittal sheets, cover letters, exhibits, enclosures, and attachments to the documents, in addition to the document itself, without abbreviation or expurgations.  Documents attached to other documents or materials shall not be separated unless information is provided sufficient to permit reconstruction of the grouping or context in which the document is maintained in the ordinary course of business.

8.      Except as otherwise provided, each document requested shall be produced in its entirety and without redactions, deletions, or excisions, regardless of whether you consider the entire document to be relevant or responsive to this request.

9.      Documents shall be produced as they are kept in the ordinary course of business. Each document requested is to be produced in its original file folder, file jacket, or cover (or you may, in the alternative, designate in writing the titles of such folder, jacket, or cover with respect to each document).  The individual or department from whose files the document is being produced is to be indicated.

10.     If the documents requested differ or vary from one office, division, or location to another, the Requests require production of documents for each office, division, or location.

11.     If you refuse to produce any requested document, or part of any requested document, you shall submit, for each document or part of a document withheld, a written statement that:

      a)   specifies the privilege or other asserted basis for withholding the document;

      b)   describes the nature and general topic of the document;

      c)   identifies the persons who prepared the document and any persons to whom the document was sent or disclosed;

      d)   identifies any persons who have seen or had possession of the document; and

      e)   specifies the dates on which the document was prepared, transmitted, and received.

12.     This document request is continuing in nature.  Any document obtained, identified, or located after service of any response to this request that would have been included in the response had the document been available or had its existence been known at that time should be produced immediately.

13.     Documents not maintained electronically shall be scanned and electronically produced as Adobe .pdf files.

14.     You shall produce electronically stored documents and files in their native formats on DVD, CD, or portable hard drives.

15.     This request seeks only documents and other items within your possession, custody, or control.

16.     The parties issuing the Subpoena further reserve the right to amend the Instructions after they have viewed your production.

17.     Please contact counsel for Defendants, who are located at Office of Attorney General Curtis Hill, 302 W. Washington Street, IGCS - 5th Floor, Indianapolis, IN 46204, to discuss means of electronic production in lieu of physical delivery. They can be reached by email at Diana.Moers@atg.in.gov or Jamie.Dingo@atg.in.gov.

## **REQUESTS**

Pursuant to the attached subpoena, you are required to produce the following:

1.     All survey data collected or relied upon in the following study: Haddad, L., Yanow, S., Delli-Bovi, L., Cosby, K., & Weitz, T. A. (2009). Changes in abortion provider practices in response to the Partial-Birth Abortion Ban Act of 2003. Contraception, 79(5), 379-384. doi: 10.1016/j.contraception.2008.11.010.

**EXHIBIT J**

Tracy A. Weitz Subpoena and Attachment A

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Southern District of Indiana

| | |
|---|---|
| Caitlin Bernard, M.D., et al., | ) |
| _____ | ) |
| Plaintiff | ) |
| v. | ) |
| Individual Members of the Indiana Licensing Board, et al. | ) |
| _____ | ) |
| Defendant | ) |

Civil Action No.  1:19-cv-1660-SEB-DML

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:    Tracy A. Weitz, Bixby Center for Global Reproductive Health Research & Policy, 1001 Potrero Avenue, San Francisco, CA 94110

_____
(Name of person to whom this subpoena is directed)

☑ *Production:* YOU ARE COMMANDED to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attachment A.

| Place: 1001 Potrero Avenue, San Francisco, CA 94110 | Date and Time: |
|---|---|
| Please contact counsel per Instruction 17. | 5 PM on November 23, 2020 |

☐ *Inspection of Premises:* YOU ARE COMMANDED to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    11/09/2020
_____

CLERK OF COURT

                                                              OR

_____                    _____
Signature of Clerk or Deputy Clerk              s/ Diana Moers
                                                              Attorney's signature

The name, address, e-mail address, and telephone number of the attorney representing (name of party)  Defendants
_____
The Individual Members of the Indiana Licensing Board, et al. _____, who issues or requests this subpoena, are:

Thomas M. Fisher, IGCS-5th Floor, 302 W. Washington St., Indianapolis, IN 46204, 317-232-6201, tom.fisher@atg.in.gov

Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the

inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2

Civil Action No.   1:19-cv-1660-SEB-DML

## PROOF  OF  SERVICE

### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for (name of individual and title, if any) _____

on (date) _____ .

    ☐  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on (date) _____ ; or

    ☐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
Server's signature

_____
Printed name and title

_____
Server's address

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3

## Federal  Rule of Civil Procedure 45 (c), (d), (e), and  (g) (Effective 12/1/13)

(c) Place of Compliance.

  (1) For a Trial, Hearing,  or Deposition. A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

  (2) For Other Discovery. A subpoena may command:
    (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    (B) inspection of premises at the premises to be inspected.

(d) Protecting  a Person Subject to a Subpoena;  Enforcement.

  (1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  (2) Command to Produce Materials or Permit Inspection.
    (A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  (3) Quashing  or Modifying a Subpoena.
    (A) When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
    (B) When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

(e) Duties in Responding  to a Subpoena.

  (1) Producing  Documents or Electronically Stored Information.  These procedures apply to producing documents or electronically stored information:
    (A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    (B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    (C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
    (D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.
  (A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(g) Contempt.
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

CAITLIN BERNARD, M.D., et al.,      )
                                    )
    Plaintiffs,                     )
                                    )
    v.                              )      No. 1:19-cv-1660-SEB-DML
                                    )
THE INDIVIDUAL MEMBERS OF THE       )
INDIANA MEDICAL LICENSING           )
BOARD, et al.,                      )
                                    )
    Defendants.                     )

## ATTACHMENT A

Pursuant to the attached Subpoena and in accordance with the following Definitions and Instructions, you are required to produce the documents described below.

## **DEFINITIONS**

1.     "You" and "your" refer to the person named on the subpoena.

2.     "Document" and "documents" are synonymous in meaning and equal in scope to the usage of the terms as defined in Federal Rule of Civil Procedure 34(a)(1)(A) and shall include all items subject to inspection and copying under those Rules. It includes all electronic data that is retrievable and translatable into a reasonably usable form.

3.     "Electronic data" means the original (or duplicate, identical copies when originals are not available) and any non-identical copies of electronic data of every kind and description. Unless the parties agree otherwise, all electronic data should be provided in native format, including metadata.

4.     "Native format" means the format of electronic data in the application in which such data was originally created.

5.      "Metadata" means structured information about electronic data that is created by the file system or application, embedded in the document or email, and sometimes modified through ordinary business use. Metadata of the electronic data describes, *inter alia*, the characteristics, origins, usage and validity of the collected electronic data.

6.      The connectives "and" and "or" and the phrase "and/or" shall be construed to bring within the scope of the request all documents that might otherwise be construed as nonresponsive to the Request.

7.      The singular shall be construed to include the plural, and the plural shall be construed to include the singular, as necessary to bring within the scope of each Request all documents that might otherwise be construed as nonresponsive to the Request.

## **INSTRUCTIONS**

1.      This request does not seek any patient-identifying information or other information protected from disclosure by state or federal law or other applicable privilege. Patient-identifying information and any other information protected from disclosure by state or federal law or other applicable privilege should be redacted from any responsive document prior to the document being produced.

2.      In responding to this request, you are required to furnish all responsive documents in your possession, custody, or control, or in the possession, custody, or control of your attorneys, agents, employees, independent contractors, and all other persons acting on your behalf.

3.      The document request shall be responded to fully, unless it is in good faith objected to, in which event the reasons for the objection shall be stated with specificity.  If an objection pertains to only a portion of the request, or to a word, phrase, or clause contained therein, you shall state the objection to that portion only and respond to the remainder of the request.

4.      If, in responding to this request, you claim any ambiguity in the document request, or in a definition or instruction applicable thereto, you shall not rely upon the ambiguity as a basis for refusing to respond, but shall set forth as part of your response the language deemed to be ambiguous and the interpretation used in responding to the request.

5.      An original or one copy of each responsive document shall be produced.  If the same document exists in both electronic and non-electronic format, the electronically maintained document must be produced.

6.      If there are no documents responsive to the request, you shall so state in writing.

7.      A request for documents shall be deemed to include a request for all transmittal sheets, cover letters, exhibits, enclosures, and attachments to the documents, in addition to the document itself, without abbreviation or expurgations.  Documents attached to other documents or materials shall not be separated unless information is provided sufficient to permit reconstruction of the grouping or context in which the document is maintained in the ordinary course of business.

8.      Except as otherwise provided, each document requested shall be produced in its entirety and without redactions, deletions, or excisions, regardless of whether you consider the entire document to be relevant or responsive to this request.

9.      Documents shall be produced as they are kept in the ordinary course of business. Each document requested is to be produced in its original file folder, file jacket, or cover (or you may, in the alternative, designate in writing the titles of such folder, jacket, or cover with respect to each document).  The individual or department from whose files the document is being produced is to be indicated.

10.      If the documents requested differ or vary from one office, division, or location to another, the Requests require production of documents for each office, division, or location.

11.     If you refuse to produce any requested document, or part of any requested document, you shall submit, for each document or part of a document withheld, a written statement that:

    a)  specifies the privilege or other asserted basis for withholding the document;

    b)  describes the nature and general topic of the document;

    c)  identifies the persons who prepared the document and any persons to whom the document was sent or disclosed;

    d)  identifies any persons who have seen or had possession of the document; and

    e)  specifies the dates on which the document was prepared, transmitted, and received.

12.     This document request is continuing in nature.  Any document obtained, identified, or located after service of any response to this request that would have been included in the response had the document been available or had its existence been known at that time should be produced immediately.

13.     Documents not maintained electronically shall be scanned and electronically produced as Adobe .pdf files.

14.     You shall produce electronically stored documents and files in their native formats on DVD, CD, or portable hard drives.

15.     This request seeks only documents and other items within your possession, custody, or control.

16.     The parties issuing the Subpoena further reserve the right to amend the Instructions after they have viewed your production.

17.     Please contact counsel for Defendants, who are located at Office of Attorney General Curtis Hill, 302 W. Washington Street, IGCS - 5th Floor, Indianapolis, IN 46204, to discuss means of electronic production in lieu of physical delivery. They can be reached by email at Diana.Moers@atg.in.gov or Jamie.Dingo@atg.in.gov.

## **REQUESTS**

Pursuant to the attached subpoena, you are required to produce the following:

1.     All survey data collected or relied upon in the following study: Haddad, L., Yanow, S., Delli-Bovi, L., Cosby, K., & Weitz, T. A. (2009). Changes in abortion provider practices in response to the Partial-Birth Abortion Ban Act of 2003. Contraception, 79(5), 379-384. doi: 10.1016/j.contraception.2008.11.010.

**EXHIBIT K**

Colleen C. Denny Subpoena and Attachment A

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
Southern District of Indiana

| | |
|---|---|
| Caitlin Bernard, M.D., et al., | ) |
| _____ | ) |
| Plaintiff | ) |
| v. | ) Civil Action No.   1:19-cv-1660-SEB-DML |
| The  Individual Members of the Indiana Licensing Board, et al. | ) |
| _____ | ) |
| Defendant | ) |

## SUBPOENA TO PRODUCE  DOCUMENTS,  INFORMATION, OR OBJECTS
## OR TO PERMIT  INSPECTION OF PREMISES  IN A CIVIL  ACTION

To:         Colleen C. Denny, MD, 463 First Avenue, NBV 9N1
New York, NY 10016, (646) 501-4117
_____
(Name of person to whom this subpoena is directed)

☑ Production:  YOU ARE COMMANDED  to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attachment A.

| Place: 463 First Avenue, NBV 9N1, New York, NY 10016 | Date and Time: |
|---|---|
| Please contact counsel per Instruction 17. | 5 PM on November 23, 2020 |

☐  Inspection of Premises:  YOU ARE COMMANDED  to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      11/09/2020

CLERK OF COURT
OR

_____          s/ Diana Moers
Signature of Clerk or Deputy Clerk                    Attorney's signature

The name, address, e-mail address, and telephone number of the attorney representing (name of party)          Defendants
_____
The Individual Members of the Indiana Licensing Board, et al.                , who issues or requests this subpoena, are:
Thomas M. Fisher, IGCS-5th Floor, 302 W. Washington St., Indianapolis,  IN 46204, 317-232-6201, tom.fisher@atg.in.gov

Notice to the person  who issues or requests  this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the

inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2

Civil Action No.  1:19-cv-1660-SEB-DML

## PROOF  OF  SERVICE
(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for (name of individual and title, if any) _____

on (date) _____ .

u  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on (date) _____ ; or

u  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
Server's signature

_____
Printed name and title

_____
Server's address

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3

## Federal  Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

(c) Place of Compliance.

 (1) For a Trial, Hearing, or Deposition. A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

 (2) For Other Discovery. A subpoena may command:
   (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises at the premises to be inspected.

(d) Protecting  a Person Subject to a Subpoena;  Enforcement.

 (1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 (2) Command to Produce Materials or Permit Inspection.
   (A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 (3) Quashing  or Modifying a Subpoena.
   (A) When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

(e) Duties in Responding to a Subpoena.

 (1) Producing  Documents or Electronically Stored Information.  These procedures apply to producing documents or electronically stored information:
   (A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
   (D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.
  (A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) Information Produced.  If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(g) Contempt.
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CAITLIN BERNARD, M.D., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-1660-SEB-DML |
| | ) | |
| THE INDIVIDUAL MEMBERS OF THE | ) | |
| INDIANA MEDICAL LICENSING | ) | |
| BOARD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ATTACHMENT A

Pursuant to the attached Subpoena and in accordance with the following Definitions and Instructions, you are required to produce the documents described below.

## **DEFINITIONS**

1.     "You" and "your" refer to the person named on the subpoena.

2.      "Document" and "documents" are synonymous in meaning and equal in scope to the usage of the terms as defined in Federal Rule of Civil Procedure 34(a)(1)(A) and shall include all items subject to inspection and copying under those Rules. It includes all electronic data that is retrievable and translatable into a reasonably usable form.

3.      "Electronic data" means the original (or duplicate, identical copies when originals are not available) and any non-identical copies of electronic data of every kind and description. Unless the parties agree otherwise, all electronic data should be provided in native format, including metadata.

4.      "Native format" means the format of electronic data in the application in which such data was originally created.

1

5.      "Metadata" means structured information about electronic data that is created by the file system or application, embedded in the document or email, and sometimes modified through ordinary business use. Metadata of the electronic data describes, *inter alia*, the characteristics, origins, usage and validity of the collected electronic data.

6.      The connectives "and" and "or" and the phrase "and/or" shall be construed to bring within the scope of the request all documents that might otherwise be construed as nonresponsive to the Request.

7.      The singular shall be construed to include the plural, and the plural shall be construed to include the singular, as necessary to bring within the scope of each Request all documents that might otherwise be construed as nonresponsive to the Request.

## INSTRUCTIONS

1.      This request does not seek any patient-identifying information or other information protected from disclosure by state or federal law or other applicable privilege. Patient-identifying information and any other information protected from disclosure by state or federal law or other applicable privilege should be redacted from any responsive document prior to the document being produced.

2.      In responding to this request, you are required to furnish all responsive documents in your possession, custody, or control, or in the possession, custody, or control of your attorneys, agents, employees, independent contractors, and all other persons acting on your behalf.

3.      The document request shall be responded to fully, unless it is in good faith objected to, in which event the reasons for the objection shall be stated with specificity.  If an objection pertains to only a portion of the request, or to a word, phrase, or clause contained therein, you shall state the objection to that portion only and respond to the remainder of the request.

4.      If, in responding to this request, you claim any ambiguity in the document request, or in a definition or instruction applicable thereto, you shall not rely upon the ambiguity as a basis for refusing to respond, but shall set forth as part of your response the language deemed to be ambiguous and the interpretation used in responding to the request.

5.      An original or one copy of each responsive document shall be produced.  If the same document exists in both electronic and non-electronic format, the electronically maintained document must be produced.

6.      If there are no documents responsive to the request, you shall so state in writing.

7.      A request for documents shall be deemed to include a request for all transmittal sheets, cover letters, exhibits, enclosures, and attachments to the documents, in addition to the document itself, without abbreviation or expurgations.  Documents attached to other documents or materials shall not be separated unless information is provided sufficient to permit reconstruction of the grouping or context in which the document is maintained in the ordinary course of business.

8.      Except as otherwise provided, each document requested shall be produced in its entirety and without redactions, deletions, or excisions, regardless of whether you consider the entire document to be relevant or responsive to this request.

9.      Documents shall be produced as they are kept in the ordinary course of business. Each document requested is to be produced in its original file folder, file jacket, or cover (or you may, in the alternative, designate in writing the titles of such folder, jacket, or cover with respect to each document).  The individual or department from whose files the document is being produced is to be indicated.

10.      If the documents requested differ or vary from one office, division, or location to another, the Requests require production of documents for each office, division, or location.

11.     If you refuse to produce any requested document, or part of any requested document, you shall submit, for each document or part of a document withheld, a written statement that:

      a)  specifies the privilege or other asserted basis for withholding the document;

      b)  describes the nature and general topic of the document;

      c)  identifies the persons who prepared the document and any persons to whom the document was sent or disclosed;

      d)  identifies any persons who have seen or had possession of the document; and

      e)  specifies the dates on which the document was prepared, transmitted, and received.

12.     This document request is continuing in nature.  Any document obtained, identified, or located after service of any response to this request that would have been included in the response had the document been available or had its existence been known at that time should be produced immediately.

13.     Documents not maintained electronically shall be scanned and electronically produced as Adobe .pdf files.

14.     You shall produce electronically stored documents and files in their native formats on DVD, CD, or portable hard drives.

15.     This request seeks only documents and other items within your possession, custody, or control.

16.     The parties issuing the Subpoena further reserve the right to amend the Instructions after they have viewed your production.

17.     Please contact counsel for Defendants, who are located at Office of Attorney General Curtis Hill, 302 W. Washington Street, IGCS - 5th Floor, Indianapolis, IN 46204, to discuss means of electronic production in lieu of physical delivery. They can be reached by email at Diana.Moers@atg.in.gov or Jamie.Dingo@atg.in.gov.

## **REQUESTS**

Pursuant to the attached subpoena, you are required to produce the following:

1.     All survey data collected or relied upon in the following study: Denny, C. C., Baron, M. B., Lederle, L., Drey, E. A., & Kerns, J. L. (2015). Induction of fetal demise before pregnancy termination: Practices of family planning providers. Contraception, 92(3), 241–245. doi: 10.1016/j.contraception.2015.05.002.

**EXHIBIT L**

Michele B. Baron Subpoena and Attachment A

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Indiana

| | |
|---|---|
| Caitlin Bernard, M.D., et al., | ) |
| _____ | ) |
| Plaintiff | ) |
| v. | ) Civil Action No. 1:19-cv-1660-SEB-DML |
| The Individual Members of the Indiana Licensing Board, et al. | ) |
| _____ | ) |
| Defendant | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:           Michele B. Baron, M.D., 3260 Kerner Blvd, San Rafael, CA 94901

_____

(Name of person to whom this subpoena is directed)

☑ Production:  YOU ARE COMMANDED  to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attachment A.

| Place: 3260 Kerner Blvd, San Rafael, CA 94901 | Date and Time: |
|---|---|
| Please contact counsel per Instruction 17. | ~~5 PM on November 23, 2020~~ |

☐ Inspection of Premises: YOU ARE COMMANDED  to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:       11/09/2020

| CLERK OF COURT | |
| | OR |
| _____ | _____ |
| Signature of Clerk or Deputy Clerk | s/ Diana Moers |
| | Attorney's signature |

The name, address, e-mail address, and telephone number of the attorney representing (name of party)  Defendants

The Individual Members of the Indiana Licensing Board, et al.                    , who issues or requests this subpoena, are:

Thomas M. Fisher, IGCS-5th Floor, 302 W. Washington St., Indianapolis,  IN 46204, 317-232-6201, tom.fisher@atg.in.gov

Notice to the person  who issues or requests  this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2

Civil Action No.   1:19-cv-1660-SEB-DML

## PROOF  OF  SERVICE

### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for (name of individual and title, if any) _____

on (date) _____ .

u  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on (date) _____ ; or

u  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                                              Server's signature

                                                      _____
                                                              Printed name and title

                                                      _____
                                                              Server's address

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3

## Federal  Rule of Civil Procedure 45 (c), (d), (e), and  (g) (Effective 12/1/13)

(c) Place of Compliance.

  (1) For a Trial, Hearing,  or Deposition. A subpoena may command a
person to attend a trial, hearing, or deposition only as follows:
    (A) within 100 miles of where the person resides, is employed, or
regularly transacts business in person; or
    (B) within the state where the person resides, is employed, or regularly
transacts business in person, if the person
        (i) is a party or a party's officer; or
        (ii) is commanded to attend a trial and would not incur substantial
expense.

  (2) For  Other Discovery. A subpoena may command:
    (A) production of documents, electronically stored information, or
tangible things at a place within 100 miles of where the person resides, is
employed, or regularly transacts business in person; and
    (B) inspection of premises at the premises to be inspected.

(d) Protecting  a Person Subject to a Subpoena;  Enforcement.

  (1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney
responsible for issuing and serving a subpoena must take reasonable steps
to avoid imposing undue burden or expense on a person subject to the
subpoena. The court for the district where compliance is required must
enforce this duty and impose an appropriate sanction—which may include
lost earnings and reasonable attorney's fees—on a party or attorney who
fails to comply.

  (2) Command to Produce Materials or Permit Inspection.
    (A) Appearance Not Required. A person commanded to produce
documents, electronically stored information, or tangible things, or to
permit the inspection of premises, need not appear in person at the place of
production or inspection unless also commanded to appear for a deposition,
hearing, or trial.
    (B) Objections. A person commanded to produce documents or tangible
things or to permit inspection may serve on the party or attorney designated
in the subpoena a written objection to inspecting, copying, testing, or
sampling any or all of the materials or to inspecting the premises—or to
producing electronically stored information in the form or forms requested.
The objection must be served before the earlier of the time specified for
compliance or 14 days after the subpoena is served. If an objection is made,
the following rules apply:
        (i) At any time, on notice to the commanded person, the serving party
may move the court for the district where compliance is required for an
order compelling production or inspection.
        (ii) These acts may be required only as directed in the order, and the
order must protect a person who is neither a party nor a party's officer from
significant expense resulting from compliance.

  (3) Quashing  or Modifying a Subpoena.
    (A) When Required. On timely motion, the court for the district where
compliance is required must quash or modify a subpoena that:
        (i) fails to allow a reasonable time to comply;
        (ii) requires a person to comply beyond the geographical limits
specified in Rule 45(c);
        (iii) requires disclosure of privileged or other protected matter, if no
exception or waiver applies; or
        (iv) subjects a person to undue burden.
    (B) When Permitted. To protect a person subject to or affected by a
subpoena, the court for the district where compliance is required may, on
motion, quash or modify the subpoena if it requires:
        (i) disclosing a trade secret or other confidential research,
development, or commercial information; or

        (ii) disclosing an unretained expert's opinion or information that does
not describe specific occurrences in dispute and results from the expert's
study that was not requested by a party.
    (C) Specifying Conditions as an Alternative. In the circumstances
described in Rule 45(d)(3)(B), the court may, instead of quashing or
modifying a subpoena, order appearance or production under specified
conditions if the serving party:
        (i) shows a substantial need for the testimony or material that cannot be
otherwise met without undue hardship; and
        (ii) ensures that the subpoenaed person will be reasonably compensated.

(e) Duties in Responding  to a Subpoena.

  (1) Producing  Documents or Electronically Stored Information.  These
procedures apply to producing documents or electronically stored
information:
    (A) Documents. A person responding to a subpoena to produce documents
must produce them as they are kept in the ordinary course of business or
must organize and label them to correspond to the categories in the demand.
    (B) Form for Producing Electronically Stored Information Not Specified.
If a subpoena does not specify a form for producing electronically stored
information, the person responding must produce it in a form or forms in
which it is ordinarily maintained or in a reasonably usable form or forms.
    (C) Electronically Stored Information Produced in Only One Form. The
person responding need not produce the same electronically stored
information in more than one form.
    (D) Inaccessible Electronically Stored Information. The person
responding need not provide discovery of electronically stored information
from sources that the person identifies as not reasonably accessible because
of undue burden or cost. On motion to compel discovery or for a protective
order, the person responding must show that the information is not
reasonably accessible because of undue burden or cost. If that showing is
made, the court may nonetheless order discovery from such sources if the
requesting party shows good cause, considering the limitations of Rule
26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.
  (A) Information Withheld. A person withholding subpoenaed information
under a claim that it is privileged or subject to protection as trial-preparation
material must:
        (i) expressly make the claim; and
        (ii) describe the nature of the withheld documents, communications, or
tangible things in a manner that, without revealing information itself
privileged or protected, will enable the parties to assess the claim.
    (B) Information Produced.  If information produced in response to a
subpoena is subject to a claim of privilege or of protection as
trial-preparation material, the person making the claim may notify any party
that received the information of the claim and the basis for it. After being
notified, a party must promptly return, sequester, or destroy the specified
information and any copies it has; must not use or disclose the information
until the claim is resolved; must take reasonable steps to retrieve the
information if the party disclosed it before being notified; and may promptly
present the information under seal to the court for the district where
compliance is required for a determination of the claim. The person who
produced the information must preserve the information until the claim is
resolved.

(g) Contempt.
The court for the district where compliance is required—and also, after a
motion is transferred, the issuing court—may hold in contempt a person
who, having been served, fails without adequate excuse to obey the
subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

CAITLIN BERNARD, M.D., et al.,            )
                                          )
            Plaintiffs,                   )
                                          )
      v.                                  )      No. 1:19-cv-1660-SEB-DML
                                          )
THE INDIVIDUAL MEMBERS OF THE             )
INDIANA MEDICAL LICENSING                 )
BOARD, et al.,                            )
                                          )
            Defendants.                   )

## ATTACHMENT A

Pursuant to the attached Subpoena and in accordance with the following Definitions and

Instructions, you are required to produce the documents described below.

## **DEFINITIONS**

1.      "You" and "your" refer to the person named on the subpoena.

2.       "Document" and "documents" are synonymous in meaning and equal in scope to

the usage of the terms as defined in Federal Rule of Civil Procedure 34(a)(1)(A) and shall include

all items subject to inspection and copying under those Rules. It includes all electronic data that is

retrievable and translatable into a reasonably usable form.

3.      "Electronic data" means the original (or duplicate, identical copies when originals

are not available) and any non-identical copies of electronic data of every kind and description.

Unless the parties agree otherwise, all electronic data should be provided in native format,

including metadata.

4.      "Native format" means the format of electronic data in the application in which

such data was originally created.

5.      "Metadata" means structured information about electronic data that is created by the file system or application, embedded in the document or email, and sometimes modified through ordinary business use. Metadata of the electronic data describes, *inter alia*, the characteristics, origins, usage and validity of the collected electronic data.

6.      The connectives "and" and "or" and the phrase "and/or" shall be construed to bring within the scope of the request all documents that might otherwise be construed as nonresponsive to the Request.

7.      The singular shall be construed to include the plural, and the plural shall be construed to include the singular, as necessary to bring within the scope of each Request all documents that might otherwise be construed as nonresponsive to the Request.

## INSTRUCTIONS

1.      This request does not seek any patient-identifying information or other information protected from disclosure by state or federal law or other applicable privilege. Patient-identifying information and any other information protected from disclosure by state or federal law or other applicable privilege should be redacted from any responsive document prior to the document being produced.

2.      In responding to this request, you are required to furnish all responsive documents in your possession, custody, or control, or in the possession, custody, or control of your attorneys, agents, employees, independent contractors, and all other persons acting on your behalf.

3.      The document request shall be responded to fully, unless it is in good faith objected to, in which event the reasons for the objection shall be stated with specificity.  If an objection pertains to only a portion of the request, or to a word, phrase, or clause contained therein, you shall state the objection to that portion only and respond to the remainder of the request.

4.      If, in responding to this request, you claim any ambiguity in the document request, or in a definition or instruction applicable thereto, you shall not rely upon the ambiguity as a basis for refusing to respond, but shall set forth as part of your response the language deemed to be ambiguous and the interpretation used in responding to the request.

5.      An original or one copy of each responsive document shall be produced.  If the same document exists in both electronic and non-electronic format, the electronically maintained document must be produced.

6.      If there are no documents responsive to the request, you shall so state in writing.

7.      A request for documents shall be deemed to include a request for all transmittal sheets, cover letters, exhibits, enclosures, and attachments to the documents, in addition to the document itself, without abbreviation or expurgations.  Documents attached to other documents or materials shall not be separated unless information is provided sufficient to permit reconstruction of the grouping or context in which the document is maintained in the ordinary course of business.

8.      Except as otherwise provided, each document requested shall be produced in its entirety and without redactions, deletions, or excisions, regardless of whether you consider the entire document to be relevant or responsive to this request.

9.      Documents shall be produced as they are kept in the ordinary course of business. Each document requested is to be produced in its original file folder, file jacket, or cover (or you may, in the alternative, designate in writing the titles of such folder, jacket, or cover with respect to each document).  The individual or department from whose files the document is being produced is to be indicated.

10.     If the documents requested differ or vary from one office, division, or location to another, the Requests require production of documents for each office, division, or location.

11.     If you refuse to produce any requested document, or part of any requested document, you shall submit, for each document or part of a document withheld, a written statement that:

       a)  specifies the privilege or other asserted basis for withholding the document;

       b)  describes the nature and general topic of the document;

       c)  identifies the persons who prepared the document and any persons to whom the document was sent or disclosed;

       d)  identifies any persons who have seen or had possession of the document; and

       e)  specifies the dates on which the document was prepared, transmitted, and received.

12.     This document request is continuing in nature.  Any document obtained, identified, or located after service of any response to this request that would have been included in the response had the document been available or had its existence been known at that time should be produced immediately.

13.     Documents not maintained electronically shall be scanned and electronically produced as Adobe .pdf files.

14.     You shall produce electronically stored documents and files in their native formats on DVD, CD, or portable hard drives.

15.     This request seeks only documents and other items within your possession, custody, or control.

16.     The parties issuing the Subpoena further reserve the right to amend the Instructions after they have viewed your production.

17.     Please contact counsel for Defendants, who are located at Office of Attorney General Curtis Hill, 302 W. Washington Street, IGCS - 5th Floor, Indianapolis, IN 46204, to discuss means of electronic production in lieu of physical delivery. They can be reached by email at Diana.Moers@atg.in.gov or Jamie.Dingo@atg.in.gov.

## **REQUESTS**

Pursuant to the attached subpoena, you are required to produce the following:

1.     All survey data collected or relied upon in the following study: Denny, C. C., Baron, M. B., Lederle, L., Drey, E. A., & Kerns, J. L. (2015). Induction of fetal demise before pregnancy termination: Practices of family planning providers. Contraception, 92(3), 241–245. doi: 10.1016/j.contraception.2015.05.002.

**Exhibit M**

Lauren Lederle Subpoena and Attachment A

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Indiana

| | |
|---|---|
| Caitlin Bernard, M.D., et al., | ) |
| _Plaintiff_ | ) |
| v. | ) |
| The Individual Members of the Indiana Licensing Board, et al. | ) |
| _Defendant_ | ) |

Civil Action No.   1:19-cv-1660-SEB-DML

SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:            Lauren Lederle, MD, 4150 Clement St, San Francisco, CA 94121

_(Name of person to whom this subpoena is directed)_

☑ Production: YOU ARE COMMANDED to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attachment A.

| Place: 4150 Clement St, San Francisco, CA 94121 | Date and Time: |
|---|---|
| Please contact counsel per Instruction 17. | 5 PM on November 23, 2020 |

☐ Inspection of Premises: YOU ARE COMMANDED to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   11/09/2020

CLERK OF COURT

OR

_____          s/ Diana Moers
Signature of Clerk or Deputy Clerk               _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_     Defendants

The Individual Members of the Indiana Licensing Board, et al.                    , who issues or requests this subpoena, are:

Thomas M. Fisher, IGCS-5th Floor, 302 W. Washington St., Indianapolis, IN 46204, 317-232-6201, tom.fisher@atg.in.gov

Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2

Civil Action No.  1:19-cv-1660-SEB-DML

## PROOF  OF  SERVICE

### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for (name of individual and title, if any) _____

on (date) _____ .

    ᵾ  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on (date) _____ ; or

    ᵾ  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

                                                    _____
                                                                    Server's signature

                                                    _____
                                                     Printed name and title

                                                    _____
                                                     Server's address

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3

## Federal  Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

(c) Place of Compliance.

  (1) For a Trial, Hearing,  or Deposition. A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

  (2) For Other Discovery. A subpoena may command:
    (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    (B) inspection of premises at the premises to be inspected.

(d) Protecting  a Person Subject to a Subpoena;  Enforcement.

  (1) Avoiding Undue Burden  or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  (2) Command to Produce Materials or Permit Inspection.
    (A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  (3) Quashing  or Modifying a Subpoena.
    (A) When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
    (B) When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
       (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

(e) Duties in Responding  to a Subpoena.

  (1) Producing  Documents or Electronically Stored Information.  These procedures apply to producing documents or electronically stored information:
    (A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    (B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    (C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
    (D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.
  (A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) Information Produced.  If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(g) Contempt.
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CAITLIN BERNARD, M.D., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-1660-SEB-DML |
| | ) | |
| THE INDIVIDUAL MEMBERS OF THE | ) | |
| INDIANA MEDICAL LICENSING | ) | |
| BOARD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ATTACHMENT A

Pursuant to the attached Subpoena and in accordance with the following Definitions and Instructions, you are required to produce the documents described below.

## **DEFINITIONS**

1.      "You" and "your" refer to the person named on the subpoena.

2.       "Document" and "documents" are synonymous in meaning and equal in scope to the usage of the terms as defined in Federal Rule of Civil Procedure 34(a)(1)(A) and shall include all items subject to inspection and copying under those Rules. It includes all electronic data that is retrievable and translatable into a reasonably usable form.

3.      "Electronic data" means the original (or duplicate, identical copies when originals are not available) and any non-identical copies of electronic data of every kind and description. Unless the parties agree otherwise, all electronic data should be provided in native format, including metadata.

4.      "Native format" means the format of electronic data in the application in which such data was originally created.

1

5.      "Metadata" means structured information about electronic data that is created by the file system or application, embedded in the document or email, and sometimes modified through ordinary business use. Metadata of the electronic data describes, *inter alia*, the characteristics, origins, usage and validity of the collected electronic data.

6.      The connectives "and" and "or" and the phrase "and/or" shall be construed to bring within the scope of the request all documents that might otherwise be construed as nonresponsive to the Request.

7.      The singular shall be construed to include the plural, and the plural shall be construed to include the singular, as necessary to bring within the scope of each Request all documents that might otherwise be construed as nonresponsive to the Request.

## <u>INSTRUCTIONS</u>

1.      This request does not seek any patient-identifying information or other information protected from disclosure by state or federal law or other applicable privilege. Patient-identifying information and any other information protected from disclosure by state or federal law or other applicable privilege should be redacted from any responsive document prior to the document being produced.

2.      In responding to this request, you are required to furnish all responsive documents in your possession, custody, or control, or in the possession, custody, or control of your attorneys, agents, employees, independent contractors, and all other persons acting on your behalf.

3.      The document request shall be responded to fully, unless it is in good faith objected to, in which event the reasons for the objection shall be stated with specificity.  If an objection pertains to only a portion of the request, or to a word, phrase, or clause contained therein, you shall state the objection to that portion only and respond to the remainder of the request.

4.      If, in responding to this request, you claim any ambiguity in the document request, or in a definition or instruction applicable thereto, you shall not rely upon the ambiguity as a basis for refusing to respond, but shall set forth as part of your response the language deemed to be ambiguous and the interpretation used in responding to the request.

5.      An original or one copy of each responsive document shall be produced.  If the same document exists in both electronic and non-electronic format, the electronically maintained document must be produced.

6.      If there are no documents responsive to the request, you shall so state in writing.

7.      A request for documents shall be deemed to include a request for all transmittal sheets, cover letters, exhibits, enclosures, and attachments to the documents, in addition to the document itself, without abbreviation or expurgations.  Documents attached to other documents or materials shall not be separated unless information is provided sufficient to permit reconstruction of the grouping or context in which the document is maintained in the ordinary course of business.

8.      Except as otherwise provided, each document requested shall be produced in its entirety and without redactions, deletions, or excisions, regardless of whether you consider the entire document to be relevant or responsive to this request.

9.      Documents shall be produced as they are kept in the ordinary course of business. Each document requested is to be produced in its original file folder, file jacket, or cover (or you may, in the alternative, designate in writing the titles of such folder, jacket, or cover with respect to each document).  The individual or department from whose files the document is being produced is to be indicated.

10.      If the documents requested differ or vary from one office, division, or location to another, the Requests require production of documents for each office, division, or location.

11.     If you refuse to produce any requested document, or part of any requested document, you shall submit, for each document or part of a document withheld, a written statement that:

    a)  specifies the privilege or other asserted basis for withholding the document;

    b)  describes the nature and general topic of the document;

    c)  identifies the persons who prepared the document and any persons to whom the document was sent or disclosed;

    d)  identifies any persons who have seen or had possession of the document; and

    e)  specifies the dates on which the document was prepared, transmitted, and received.

12.     This document request is continuing in nature.  Any document obtained, identified, or located after service of any response to this request that would have been included in the response had the document been available or had its existence been known at that time should be produced immediately.

13.     Documents not maintained electronically shall be scanned and electronically produced as Adobe .pdf files.

14.     You shall produce electronically stored documents and files in their native formats on DVD, CD, or portable hard drives.

15.     This request seeks only documents and other items within your possession, custody, or control.

16.     The parties issuing the Subpoena further reserve the right to amend the Instructions after they have viewed your production.

17.     Please contact counsel for Defendants, who are located at Office of Attorney General Curtis Hill, 302 W. Washington Street, IGCS - 5th Floor, Indianapolis, IN 46204, to discuss means of electronic production in lieu of physical delivery. They can be reached by email at Diana.Moers@atg.in.gov or Jamie.Dingo@atg.in.gov.

## **REQUESTS**

Pursuant to the attached subpoena, you are required to produce the following:

1.     All survey data collected or relied upon in the following study: Denny, C. C., Baron, M. B., Lederle, L., Drey, E. A., & Kerns, J. L. (2015). Induction of fetal demise before pregnancy termination: Practices of family planning providers. Contraception, 92(3), 241–245. doi: 10.1016/j.contraception.2015.05.002.

**EXHIBIT N**

Eleanor A. Drey Subpoena and Attachment A

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Indiana

| | |
|---|---|
| Caitlin Bernard, M.D., et al., | ) |
| _Plaintiff_ | ) |
| v. | ) |
| The Individual Members of the Indiana Licensing Board, et al. | ) |
| _Defendant_ | ) |

Civil Action No.   1:19-cv-1660-SEB-DML

SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:      Eleanor Drey, MD, EdM, Medical Director, Women's Options Center, SFGH, 1001 Potrero Ave, Ward 6D
San Francisco, CA 94110

_(Name of person to whom this subpoena is directed)_

☑ Production: YOU ARE COMMANDED to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attachment A.

| Place: 1001 Potrero Ave, Ward 6D, San Francisco, CA 94110 | Date and Time: |
|---|---|
| Please contact counsel per Instruction 17. | 5 PM on November 23, 2020 |

☐ Inspection of Premises: YOU ARE COMMANDED to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      11/09/2020

CLERK OF COURT

OR

_____                _s/ Diana Moers_
_Signature of Clerk or Deputy Clerk_                      _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_      Defendants

The Individual Members of the Indiana Licensing Board, et al.            , who issues or requests this subpoena, are:

Thomas M. Fisher, IGCS-5th Floor, 302 W. Washington St., Indianapolis, IN 46204, 317-232-6201, tom.fisher@atg.in.gov

Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the

inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2

Civil Action No.   1:19-cv-1660-SEB-DML

## PROOF  OF  SERVICE

### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for (name of individual and title, if any) _____

on (date) _____ .

     u  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on (date) _____ ; or

     u  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
Server's signature

_____
Printed name and title

_____
Server's address

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3

## Federal  Rule of Civil Procedure 45 (c), (d), (e), and  (g) (Effective 12/1/13)

(c) Place of Compliance.

  (1) For a Trial, Hearing,  or Deposition. A subpoena may command a
person to attend a trial, hearing, or deposition only as follows:
    (A) within 100 miles of where the person resides, is employed, or
regularly transacts business in person; or
    (B) within the state where the person resides, is employed, or regularly
transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial
expense.

  (2) For Other Discovery. A subpoena may command:
    (A) production of documents, electronically stored information, or
tangible things at a place within 100 miles of where the person resides, is
employed, or regularly transacts business in person; and
    (B) inspection of premises at the premises to be inspected.

(d) Protecting  a Person Subject to a Subpoena;  Enforcement.

  (1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney
responsible for issuing and serving a subpoena must take reasonable steps
to avoid imposing undue burden or expense on a person subject to the
subpoena. The court for the district where compliance is required must
enforce this duty and impose an appropriate sanction—which may include
lost earnings and reasonable attorney's fees—on a party or attorney who
fails to comply.

  (2) Command to Produce Materials or Permit Inspection.
    (A) Appearance Not Required. A person commanded to produce
documents, electronically stored information, or tangible things, or to
permit the inspection of premises, need not appear in person at the place of
production or inspection unless also commanded to appear for a deposition,
hearing, or trial.
    (B) Objections. A person commanded to produce documents or tangible
things or to permit inspection may serve on the party or attorney designated
in the subpoena a written objection to inspecting, copying, testing, or
sampling any or all of the materials or to inspecting the premises—or to
producing electronically stored information in the form or forms requested.
The objection must be served before the earlier of the time specified for
compliance or 14 days after the subpoena is served. If an objection is made,
the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party
may move the court for the district where compliance is required for an
order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the
order must protect a person who is neither a party nor a party's officer from
significant expense resulting from compliance.

  (3) Quashing  or Modifying a Subpoena.
    (A) When Required. On timely motion, the court for the district where
compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits
specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no
exception or waiver applies; or
      (iv) subjects a person to undue burden.
    (B) When Permitted. To protect a person subject to or affected by a
subpoena, the court for the district where compliance is required may, on
motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research,
development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does
not describe specific occurrences in dispute and results from the expert's
study that was not requested by a party.
    (C) Specifying Conditions as an Alternative. In the circumstances
described in Rule 45(d)(3)(B), the court may, instead of quashing or
modifying a subpoena, order appearance or production under specified
conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be
otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

(e) Duties in Responding  to a Subpoena.

  (1) Producing  Documents or Electronically Stored Information.  These
procedures apply to producing documents or electronically stored
information:
    (A) Documents. A person responding to a subpoena to produce documents
must produce them as they are kept in the ordinary course of business or
must organize and label them to correspond to the categories in the demand.
    (B) Form for Producing Electronically Stored Information Not Specified.
If a subpoena does not specify a form for producing electronically stored
information, the person responding must produce it in a form or forms in
which it is ordinarily maintained or in a reasonably usable form or forms.
    (C) Electronically Stored Information Produced in Only One Form. The
person responding need not produce the same electronically stored
information in more than one form.
    (D) Inaccessible Electronically Stored Information. The person
responding need not provide discovery of electronically stored information
from sources that the person identifies as not reasonably accessible because
of undue burden or cost. On motion to compel discovery or for a protective
order, the person responding must show that the information is not
reasonably accessible because of undue burden or cost. If that showing is
made, the court may nonetheless order discovery from such sources if the
requesting party shows good cause, considering the limitations of Rule
26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.
  (A) Information Withheld. A person withholding subpoenaed information
under a claim that it is privileged or subject to protection as trial-preparation
material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or
tangible things in a manner that, without revealing information itself
privileged or protected, will enable the parties to assess the claim.
  (B) Information Produced.  If information produced in response to a
subpoena is subject to a claim of privilege or of protection as
trial-preparation material, the person making the claim may notify any party
that received the information of the claim and the basis for it. After being
notified, a party must promptly return, sequester, or destroy the specified
information and any copies it has; must not use or disclose the information
until the claim is resolved; must take reasonable steps to retrieve the
information if the party disclosed it before being notified; and may promptly
present the information under seal to the court for the district where
compliance is required for a determination of the claim. The person who
produced the information must preserve the information until the claim is
resolved.

(g) Contempt.
The court for the district where compliance is required—and also, after a
motion is transferred, the issuing court—may hold in contempt a person
who, having been served, fails without adequate excuse to obey the
subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CAITLIN BERNARD, M.D., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-1660-SEB-DML |
| | ) | |
| THE INDIVIDUAL MEMBERS OF THE | ) | |
| INDIANA MEDICAL LICENSING | ) | |
| BOARD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ATTACHMENT A**

---

Pursuant to the attached Subpoena and in accordance with the following Definitions and Instructions, you are required to produce the documents described below.

**<u>DEFINITIONS</u>**

1.      "You" and "your" refer to the person named on the subpoena.

2.       "Document" and "documents" are synonymous in meaning and equal in scope to the usage of the terms as defined in Federal Rule of Civil Procedure 34(a)(1)(A) and shall include all items subject to inspection and copying under those Rules. It includes all electronic data that is retrievable and translatable into a reasonably usable form.

3.      "Electronic data" means the original (or duplicate, identical copies when originals are not available) and any non-identical copies of electronic data of every kind and description. Unless the parties agree otherwise, all electronic data should be provided in native format, including metadata.

4.      "Native format" means the format of electronic data in the application in which such data was originally created.

1

5.      "Metadata" means structured information about electronic data that is created by the file system or application, embedded in the document or email, and sometimes modified through ordinary business use. Metadata of the electronic data describes, *inter alia*, the characteristics, origins, usage and validity of the collected electronic data.

6.      The connectives "and" and "or" and the phrase "and/or" shall be construed to bring within the scope of the request all documents that might otherwise be construed as nonresponsive to the Request.

7.      The singular shall be construed to include the plural, and the plural shall be construed to include the singular, as necessary to bring within the scope of each Request all documents that might otherwise be construed as nonresponsive to the Request.

## **INSTRUCTIONS**

1.      This request does not seek any patient-identifying information or other information protected from disclosure by state or federal law or other applicable privilege. Patient-identifying information and any other information protected from disclosure by state or federal law or other applicable privilege should be redacted from any responsive document prior to the document being produced.

2.      In responding to this request, you are required to furnish all responsive documents in your possession, custody, or control, or in the possession, custody, or control of your attorneys, agents, employees, independent contractors, and all other persons acting on your behalf.

3.      The document request shall be responded to fully, unless it is in good faith objected to, in which event the reasons for the objection shall be stated with specificity.  If an objection pertains to only a portion of the request, or to a word, phrase, or clause contained therein, you shall state the objection to that portion only and respond to the remainder of the request.

4.      If, in responding to this request, you claim any ambiguity in the document request, or in a definition or instruction applicable thereto, you shall not rely upon the ambiguity as a basis for refusing to respond, but shall set forth as part of your response the language deemed to be ambiguous and the interpretation used in responding to the request.

5.      An original or one copy of each responsive document shall be produced.  If the same document exists in both electronic and non-electronic format, the electronically maintained document must be produced.

6.      If there are no documents responsive to the request, you shall so state in writing.

7.      A request for documents shall be deemed to include a request for all transmittal sheets, cover letters, exhibits, enclosures, and attachments to the documents, in addition to the document itself, without abbreviation or expurgations.  Documents attached to other documents or materials shall not be separated unless information is provided sufficient to permit reconstruction of the grouping or context in which the document is maintained in the ordinary course of business.

8.      Except as otherwise provided, each document requested shall be produced in its entirety and without redactions, deletions, or excisions, regardless of whether you consider the entire document to be relevant or responsive to this request.

9.      Documents shall be produced as they are kept in the ordinary course of business. Each document requested is to be produced in its original file folder, file jacket, or cover (or you may, in the alternative, designate in writing the titles of such folder, jacket, or cover with respect to each document).  The individual or department from whose files the document is being produced is to be indicated.

10.      If the documents requested differ or vary from one office, division, or location to another, the Requests require production of documents for each office, division, or location.

11.     If you refuse to produce any requested document, or part of any requested document, you shall submit, for each document or part of a document withheld, a written statement that:

    a)  specifies the privilege or other asserted basis for withholding the document;

    b)  describes the nature and general topic of the document;

    c)  identifies the persons who prepared the document and any persons to whom the document was sent or disclosed;

    d)  identifies any persons who have seen or had possession of the document; and

    e)  specifies the dates on which the document was prepared, transmitted, and received.

12.     This document request is continuing in nature.  Any document obtained, identified, or located after service of any response to this request that would have been included in the response had the document been available or had its existence been known at that time should be produced immediately.

13.     Documents not maintained electronically shall be scanned and electronically produced as Adobe .pdf files.

14.     You shall produce electronically stored documents and files in their native formats on DVD, CD, or portable hard drives.

15.     This request seeks only documents and other items within your possession, custody, or control.

16.     The parties issuing the Subpoena further reserve the right to amend the Instructions after they have viewed your production.

17.     Please contact counsel for Defendants, who are located at Office of Attorney General Curtis Hill, 302 W. Washington Street, IGCS - 5th Floor, Indianapolis, IN 46204, to discuss means of electronic production in lieu of physical delivery. They can be reached by email at Diana.Moers@atg.in.gov or Jamie.Dingo@atg.in.gov.

## REQUESTS

Pursuant to the attached subpoena, you are required to produce the following:

1.     All survey data collected or relied upon in the following study: Denny, C. C., Baron, M. B., Lederle, L., Drey, E. A., & Kerns, J. L. (2015). Induction of fetal demise before pregnancy termination: Practices of family planning providers. Contraception, 92(3), 241–245. doi: 10.1016/j.contraception.2015.05.002.

# EXHIBIT O

Jennifer L. Kerns Subpoena and Attachment A

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Indiana

| | |
|---|---|
| Caitlin Bernard, M.D., et al., | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No.  1:19-cv-1660-SEB-DML |
| The Individual Members of the Indiana Licensing Board, et al. | ) |
| _Defendant_ | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:    Jennifer Kerns, MD, MS, MPH, 1001 Potrero Ave, Ward 6D
San Francisco, CA 94110

_(Name of person to whom this subpoena is directed)_

☑ _Production:_ YOU ARE COMMANDED to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attachment A.

| Place: 1001 Potrero Ave, Ward 6D, San Francisco, CA 94110 | Date and Time: |
|---|---|
| Please contact counsel per Instruction 17. | 5 PM on November 23, 2020 |

☐ _Inspection of Premises:_ YOU ARE COMMANDED to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    11/09/2020

CLERK OF COURT

OR

_____          s/ Diana Moers
_Signature of Clerk or Deputy Clerk_                    _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_   Defendants

The Individual Members of the Indiana Licensing Board, et al.          , who issues or requests this subpoena, are:

Thomas M. Fisher, IGCS-5th Floor, 302 W. Washington St., Indianapolis, IN 46204, 317-232-6201, tom.fisher@atg.in.gov

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the

inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2

Civil Action No.   1:19-cv-1660-SEB-DML

## PROOF  OF  SERVICE

### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for (name of individual and title, if any) _____

on (date) _____ .

  &#5198;  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on (date) _____ ; or

  &#5198;  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

         _____
              Server's signature

         _____
              Printed name and title

         _____
              Server's address

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3

## Federal  Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

(c) Place of Compliance.

 (1) For a Trial, Hearing,  or Deposition. A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
     (i) is a party or a party's officer; or
     (ii) is commanded to attend a trial and would not incur substantial expense.

 (2) For Other Discovery. A subpoena may command:
   (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises at the premises to be inspected.

(d) Protecting a Person Subject to a Subpoena;  Enforcement.

 (1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 (2) Command to Produce Materials or Permit Inspection.
   (A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 (3) Quashing or Modifying a Subpoena.
   (A) When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     (i) fails to allow a reasonable time to comply;
     (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
     (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     (iv) subjects a person to undue burden.
   (B) When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

     (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     (ii) ensures that the subpoenaed person will be reasonably compensated.

(e) Duties in Responding to a Subpoena.

 (1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
   (A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
   (D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.
  (A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     (i) expressly make the claim; and
     (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) Information Produced.  If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(g) Contempt.
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CAITLIN BERNARD, M.D., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-1660-SEB-DML |
| | ) | |
| THE INDIVIDUAL MEMBERS OF THE | ) | |
| INDIANA MEDICAL LICENSING | ) | |
| BOARD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ATTACHMENT A

Pursuant to the attached Subpoena and in accordance with the following Definitions and Instructions, you are required to produce the documents described below.

### **DEFINITIONS**

1.      "You" and "your" refer to the person named on the subpoena.

2.       "Document" and "documents" are synonymous in meaning and equal in scope to the usage of the terms as defined in Federal Rule of Civil Procedure 34(a)(1)(A) and shall include all items subject to inspection and copying under those Rules. It includes all electronic data that is retrievable and translatable into a reasonably usable form.

3.      "Electronic data" means the original (or duplicate, identical copies when originals are not available) and any non-identical copies of electronic data of every kind and description. Unless the parties agree otherwise, all electronic data should be provided in native format, including metadata.

4.      "Native format" means the format of electronic data in the application in which such data was originally created.

1

5.    "Metadata" means structured information about electronic data that is created by the file system or application, embedded in the document or email, and sometimes modified through ordinary business use. Metadata of the electronic data describes, *inter alia*, the characteristics, origins, usage and validity of the collected electronic data.

6.    The connectives "and" and "or" and the phrase "and/or" shall be construed to bring within the scope of the request all documents that might otherwise be construed as nonresponsive to the Request.

7.    The singular shall be construed to include the plural, and the plural shall be construed to include the singular, as necessary to bring within the scope of each Request all documents that might otherwise be construed as nonresponsive to the Request.

## <u>INSTRUCTIONS</u>

1.    This request does not seek any patient-identifying information or other information protected from disclosure by state or federal law or other applicable privilege. Patient-identifying information and any other information protected from disclosure by state or federal law or other applicable privilege should be redacted from any responsive document prior to the document being produced.

2.    In responding to this request, you are required to furnish all responsive documents in your possession, custody, or control, or in the possession, custody, or control of your attorneys, agents, employees, independent contractors, and all other persons acting on your behalf.

3.    The document request shall be responded to fully, unless it is in good faith objected to, in which event the reasons for the objection shall be stated with specificity.  If an objection pertains to only a portion of the request, or to a word, phrase, or clause contained therein, you shall state the objection to that portion only and respond to the remainder of the request.

4.      If, in responding to this request, you claim any ambiguity in the document request, or in a definition or instruction applicable thereto, you shall not rely upon the ambiguity as a basis for refusing to respond, but shall set forth as part of your response the language deemed to be ambiguous and the interpretation used in responding to the request.

5.      An original or one copy of each responsive document shall be produced.  If the same document exists in both electronic and non-electronic format, the electronically maintained document must be produced.

6.      If there are no documents responsive to the request, you shall so state in writing.

7.      A request for documents shall be deemed to include a request for all transmittal sheets, cover letters, exhibits, enclosures, and attachments to the documents, in addition to the document itself, without abbreviation or expurgations.  Documents attached to other documents or materials shall not be separated unless information is provided sufficient to permit reconstruction of the grouping or context in which the document is maintained in the ordinary course of business.

8.      Except as otherwise provided, each document requested shall be produced in its entirety and without redactions, deletions, or excisions, regardless of whether you consider the entire document to be relevant or responsive to this request.

9.      Documents shall be produced as they are kept in the ordinary course of business. Each document requested is to be produced in its original file folder, file jacket, or cover (or you may, in the alternative, designate in writing the titles of such folder, jacket, or cover with respect to each document).  The individual or department from whose files the document is being produced is to be indicated.

10.     If the documents requested differ or vary from one office, division, or location to another, the Requests require production of documents for each office, division, or location.

11.     If you refuse to produce any requested document, or part of any requested document, you shall submit, for each document or part of a document withheld, a written statement that:

     a)  specifies the privilege or other asserted basis for withholding the document;

     b)  describes the nature and general topic of the document;

     c)  identifies the persons who prepared the document and any persons to whom the document was sent or disclosed;

     d)  identifies any persons who have seen or had possession of the document; and

     e)  specifies the dates on which the document was prepared, transmitted, and received.

12.     This document request is continuing in nature.  Any document obtained, identified, or located after service of any response to this request that would have been included in the response had the document been available or had its existence been known at that time should be produced immediately.

13.     Documents not maintained electronically shall be scanned and electronically produced as Adobe .pdf files.

14.     You shall produce electronically stored documents and files in their native formats on DVD, CD, or portable hard drives.

15.     This request seeks only documents and other items within your possession, custody, or control.

16.     The parties issuing the Subpoena further reserve the right to amend the Instructions after they have viewed your production.

17.     Please contact counsel for Defendants, who are located at Office of Attorney General Curtis Hill, 302 W. Washington Street, IGCS - 5th Floor, Indianapolis, IN 46204, to discuss means of electronic production in lieu of physical delivery. They can be reached by email at Diana.Moers@atg.in.gov or Jamie.Dingo@atg.in.gov.

## **REQUESTS**

Pursuant to the attached subpoena, you are required to produce the following:

1.     All survey data collected or relied upon in the following study: Denny, C. C., Baron, M. B., Lederle, L., Drey, E. A., & Kerns, J. L. (2015). Induction of fetal demise before pregnancy termination: Practices of family planning providers. Contraception, 92(3), 241–245. doi: 10.1016/j.contraception.2015.05.002.

EXHIBIT 9

## Moers, Diana

| | |
|---|---|
| **From:** | Johnson-McKewan, Karen G. <kjohnson-mckewan@orrick.com> |
| **Sent:** | Friday, November 20, 2020 5:25 PM |
| **To:** | Stephen Schwartz; Moers, Diana |
| **Cc:** | Fisher, Tom |
| **Subject:** | RE: Bernard, et al. v. Indiana Medical Licensing Board, et al. |

****This is an EXTERNAL email. Exercise caution. DO NOT open attachments or click links from unknown senders or unexpected email.****
I will have to check with them.  I would also very much like to know if you've actually served everyone.  I have information that the University accepted service on behalf of two of the deponents, but no other information on service, and the copies of subpoenas that I have contain no service information at all.

**From:** Stephen Schwartz <sschwartz@schaerr-jaffe.com>
**Sent:** Friday, November 20, 2020 1:13 PM
**To:** Johnson-McKewan, Karen G. <kjohnson-mckewan@orrick.com>; Moers, Diana <Diana.Moers@atg.in.gov>
**Cc:** Fisher, Tom <Tom.Fisher@atg.in.gov>
**Subject:** RE: Bernard, et al. v. Indiana Medical Licensing Board, et al.

Dear Karen – I am outside counsel assisting Indiana in this matter. Diana is out at the moment (though she will be available again later this afternoon) and asked me to respond.

We do not condition an extension on production or waiver of your clients' defenses. However, given discovery deadlines and other considerations, an extension to December 4 is a little long, especially if your clients intend to object. Would your clients be amenable to determining next week whether they have responsive documents – which we hope should be straightforward, given the discrete nature of the documents requested – then conferring on November 30 about the schedule for their response?

Stephen S. Schwartz
SCHAERR | JAFFE LLP
1717 K Street NW, Suite 900 | Washington, DC  20006
Office (202) 787-1060 | Mobile (202) 779-1134
sschwartz@schaerr-jaffe.com | www.schaerr-jaffe.com

**From:** Johnson-McKewan, Karen G. <kjohnson-mckewan@orrick.com>
**Sent:** Friday, November 20, 2020 2:58 PM
**To:** Moers, Diana <Diana.Moers@atg.in.gov>
**Cc:** Fisher, Tom <Tom.Fisher@atg.in.gov>; Stephen Schwartz <sschwartz@schaerr-jaffe.com>
**Subject:** RE: Bernard, et al. v. Indiana Medical Licensing Board, et al.

Diana,

Because your communications have been less than clear, let me try this again: are you proposing that my clients have until next Friday to respond to the subpoena, or are you conditioning this extension upon my clients' agreeing to produce responsive documents?  As previously noted, not having yet had the chance to explore the subject of my clients' willingness to produce responsive documents (and not knowing when they were served, since you have not provided that information), I cannot accept an extension that is conditioned on production and waiver of all objections.

And because Friday is the day after Thanksgiving, I would appreciate an extension to respond until the following Friday, December 4.

Karen

---

**From:** Moers, Diana <Diana.Moers@atg.in.gov>
**Sent:** Friday, November 20, 2020 11:32 AM
**To:** Johnson-McKewan, Karen G. <kjohnson-mckewan@orrick.com>
**Cc:** Fisher, Tom <Tom.Fisher@atg.in.gov>; Stephen Schwartz <sschwartz@schaerr-jaffe.com>
**Subject:** Re: Bernard, et al. v. Indiana Medical Licensing Board, et al.

Karen,
That is not correct - as you can see below, I asked for a time (shorter than thirty days) that works for you. You have not suggested one so lets aim for Friday.

Thanks

Diana

(This email may be a duplicate as I am out of the office and have poor reception).


Sent from my iPhone

> On Nov 20, 2020, at 1:34 PM, Johnson-McKewan, Karen G. <kjohnson-mckewan@orrick.com> wrote:
>
> ****This is an EXTERNAL email. Exercise caution. DO NOT open attachments or click links from unknown senders or unexpected email.****
> Just to be clear: you are refusing to provide me an extension of time to respond to the subpoenas despite the fact that I have advised you that I am still in the process of being engaged to represent the third parties you have subpoenaed, and have not yet had the opportunity to discuss the subpoenas with them?

---

**From:** Moers, Diana <Diana.Moers@atg.in.gov>
**Sent:** Friday, November 20, 2020 10:04 AM
**To:** Johnson-McKewan, Karen G. <kjohnson-mckewan@orrick.com>
**Cc:** Fisher, Tom <Tom.Fisher@atg.in.gov>; Stephen Schwartz <sschwartz@schaerr-jaffe.com>
**Subject:** RE: Bernard, et al. v. Indiana Medical Licensing Board, et al.

Karen,

The implications can be discussed with your clients in the following month; but do not provide a legal reason not to respond to our subpoena for the documents—which are due Monday. We can provide service dates (which your clients can also inform) and, unless you want to give us a specific date you can provide the documents, will look forward to receiving them by the deadline.

**Diana Moers**
Section Chief
Government Litigation Section
Office of Attorney General Curtis Hill
302 W. Washington Street
IGCS - 5th Floor
Indianapolis, IN 46204
p: 317.233.6215 I f: 317.232.7979
Diana.Moers@atg.in.gov
<image001.png>

---

**From:** Johnson-McKewan, Karen G. [mailto:kjohnson-mckewan@orrick.com]
**Sent:** Friday, November 20, 2020 12:51 PM
**To:** Moers, Diana <Diana.Moers@atg.in.gov>
**Cc:** Fisher, Tom <Tom.Fisher@atg.in.gov>; Stephen Schwartz <sschwartz@schaerr-jaffe.com>
**Subject:** RE: Bernard, et al. v. Indiana Medical Licensing Board, et al.

****This is an EXTERNAL email. Exercise caution. DO NOT open attachments or click links from unknown senders or unexpected email.****

Diana,

I wasn't actually asking you to opine on the implications to my clients in responding to your subpoena.  That is a subject I need to explore with my clients.  Which is why I asked for additional time to respond.

Can you please advise whether you have effected service on all five of the researchers?  If so, please let me know when you believe service was effected.

Thank you.

Karen

---

**From:** Moers, Diana <Diana.Moers@atg.in.gov>
**Sent:** Friday, November 20, 2020 9:44 AM
**To:** Johnson-McKewan, Karen G. <kjohnson-mckewan@orrick.com>
**Cc:** Fisher, Tom <Tom.Fisher@atg.in.gov>; Stephen Schwartz <sschwartz@schaerr-jaffe.com>
**Subject:** RE: Bernard, et al. v. Indiana Medical Licensing Board, et al.

Karen,

As for the discovery deadlines- we are facing a deadline at the beginning of next year and the documents requested in discovery may lead to other studies or persons we want to speak with so we cannot agree to a thirty day extension. The subpoenas were served with adequate time to respond.

You asked us about the implications to your clients: they have been subpoenaed to provide the materials requested and we have heard no objections to providing them. If you need an additional short amount of time to respond please provide those details.  The documents requested can be provided via secure link as indicated or sent electronically to us.

Thank you,

**Diana Moers**
Section Chief
Government Litigation Section
Office of Attorney General Curtis Hill
302 W. Washington Street
IGCS - 5th Floor
Indianapolis, IN 46204
p: 317.233.6215 I f: 317.232.7979
Diana.Moers@atg.in.gov
<image001.png>

**From:** Johnson-McKewan, Karen G. [mailto:kjohnson-mckewan@orrick.com]
**Sent:** Thursday, November 19, 2020 6:16 PM
**To:** Moers, Diana <Diana.Moers@atg.in.gov>
**Cc:** Fisher, Tom <Tom.Fisher@atg.in.gov>; Stephen Schwartz <sschwartz@schaerr-jaffe.com>
**Subject:** RE: Bernard, et al. v. Indiana Medical Licensing Board, et al.

****This is an EXTERNAL email. Exercise caution. DO NOT open attachments or click links from unknown senders or unexpected email.****
I understand that; I've seen the subpoenas.  What I need to understand is what the implications are for my clients; that's why I have asked for additional time.  Please let me know what your discovery deadlines are so that I can understand better the constraints under which you are operating.

**From:** Moers, Diana <Diana.Moers@atg.in.gov>
**Sent:** Thursday, November 19, 2020 2:31 PM
**To:** Johnson-McKewan, Karen G. <kjohnson-mckewan@orrick.com>
**Cc:** Fisher, Tom <Tom.Fisher@atg.in.gov>; Stephen Schwartz <sschwartz@schaerr-jaffe.com>
**Subject:** RE: Bernard, et al. v. Indiana Medical Licensing Board, et al.

Thank you.  The subpoenas, in summary, are non-party requests for research information conducted by the named persons. I am happy to discuss this after you've had a chance to review.

**Diana Moers**
Section Chief
Government Litigation Section
Office of Attorney General Curtis Hill
302 W. Washington Street
IGCS - 5th Floor
Indianapolis, IN 46204
p: 317.233.6215 I f: 317.232.7979
Diana.Moers@atg.in.gov
<image001.png>

**From:** Johnson-McKewan, Karen G. [mailto:kjohnson-mckewan@orrick.com]
**Sent:** Thursday, November 19, 2020 5:00 PM
**To:** Moers, Diana <Diana.Moers@atg.in.gov>
**Cc:** Fisher, Tom <Tom.Fisher@atg.in.gov>; Stephen Schwartz <sschwartz@schaerr-jaffe.com>
**Subject:** RE: Bernard, et al. v. Indiana Medical Licensing Board, et al.

****This is an EXTERNAL email. Exercise caution. DO NOT open attachments or click links from unknown senders or unexpected email.****
Thank you for the quick response.  I literally was just contacted about this today, am just beginning the process of getting engaged, and have not yet been able to learn the details of

the issues here.  From my perspective, that's the sole reason for the request for additional time.  What are your discovery deadlines?  I'm happy to talk about an extension of fewer than 30 days, but until I understand more about the nature and implications of your request, I can't offer further information.

Karen

**From:** Moers, Diana <Diana.Moers@atg.in.gov>
**Sent:** Thursday, November 19, 2020 1:35 PM
**To:** Johnson-McKewan, Karen G. <kjohnson-mckewan@orrick.com>
**Cc:** Fisher, Tom <Tom.Fisher@atg.in.gov>; Stephen Schwartz <sschwartz@schaerr-jaffe.com>
**Subject:** Bernard, et al. v. Indiana Medical Licensing Board, et al.

Ms. Johnson-McKewan,

An attorney (Normal Hamill) reached out just a few hours ago requesting that we "meet and confer" regarding the subpoenas. I want to confirm that is the communication you're referencing below.  Unfortunately discovery deadlines will be approaching in this matter in a few months and we would like to have time to review documents so we cannot agree to a thirty day request. Can we narrow this down to something more workable and is there a particular document or reason for delay in complying with the subpoena?

Thank you and we look forward to hearing from you,

**From:** "Johnson-McKewan, Karen G." <kjohnson-mckewan@orrick.com>
**Date:** November 19, 2020 at 4:10:34 PM EST
**To:** "Fisher, Tom" <Tom.Fisher@atg.in.gov>
**Subject: Bernard, et al. v. Indiana Medical Licensing Board, et al.**

****This is an EXTERNAL email. Exercise caution. DO NOT open attachments or click links from unknown senders or unexpected email.****
Mr. Fisher,

My firm is in the process of being engaged by the University of California and the five researchers (Jennifer Kerns, Michele Baron, Eleanor Drey, Tracy Weitz, and Lauren Lederle) to whom you have issued subpoenas in the above-referenced matter pending in the Southern District of Indiana.  I note that the subpoenas you issued have a return date of Monday, November 23.  I understand that an attorney in the UC Office of the President has contacted your office for a 30-day extension of time to respond, but that he has not heard back with respect to his request.

In light of the fact that we are only just now getting involved in this matter, I would appreciate hearing whether you are willing to extend the professional courtesy of a 30-day extension to respond to these subpoenas.  Please let me know at your earliest convenience.

Thank you,

Karen

**Karen G. Johnson-McKewan**
Partner
Pronouns: she/her/hers

Orrick
San Francisco
T 415.773.5917
M 415.710.7757
kjohnson-mckewan@orrick.com

<image002.jpg>

<image003.png>

**Diana Moers**
Section Chief
Government Litigation Section
Office of Attorney General Curtis Hill
302 W. Washington Street
IGCS - 5th Floor
Indianapolis, IN 46204
p: 317.233.6215 l f: 317.232.7979
Diana.Moers@atg.in.gov
<image001.png>

CONFIDENTIALITY NOTICE: This communication and any attachments are for the exclusive and confidential use of the intended recipient and may contain privileged or other confidential information. If you are not the intended recipient, please do not read, distribute or take action in reliance upon this message. If you have received this in error, please notify us immediately by return email and promptly delete this message and its attachments from your computer system. We do not waive attorney-client, work product or other applicable privilege by the transmission of this message.

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

CONFIDENTIALITY NOTICE: This communication and any attachments are for the exclusive and confidential use of the intended recipient and may contain privileged or other confidential information. If you are not the intended recipient, please do not read, distribute or take action in reliance upon this message. If you have received this in error, please notify us immediately by return email and promptly delete this message and its attachments from your computer system. We do not waive attorney-client, work product or other applicable privilege by the transmission of this message.

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com.*

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

CONFIDENTIALITY NOTICE: This communication and any attachments are for the exclusive and confidential use of the intended recipient and may contain privileged or other confidential information. If you are not the intended recipient, please do not read, distribute or take action in reliance upon this message. If you have received this in error, please notify us immediately by return email and promptly delete this message and its attachments from your computer system. We do not waive attorney-client, work product or other applicable privilege by the transmission of this message.

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com.*

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

CONFIDENTIALITY NOTICE: This communication and any attachments are for the exclusive and confidential use of the intended recipient and may contain privileged or other confidential information. If you are not the intended recipient, please do not read, distribute or take action in reliance upon this message. If you have received this in error, please notify us immediately by return email and promptly delete this message and its attachments from your computer system. We do not waive attorney-client, work product or other applicable privilege by the transmission of this message.

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com.*

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

CONFIDENTIALITY NOTICE: This communication and any attachments are for the exclusive and confidential use of the intended recipient and may contain privileged or other confidential information. If you are not the intended recipient, please do not read, distribute or take action in reliance upon this message. If you have received this in error, please notify us immediately by return email and promptly delete this message and its attachments from your computer system. We do not waive attorney-client, work product or other applicable privilege by the transmission of this message.

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

EXHIBIT 10



**Orrick, Herrington & Sutcliffe LLP**
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669

+1 415 773 5700
**orrick.com**

November 23, 2020

***Service via email and U.S.P.S***

**Karen G. Johnson-McKewan**

**E** kjohnson-mckewan@orrick.com
**D** +1 415 773 5917
**F** +1 415 773 5759

Diana Moers, Esq. (diana.moers@atg.in.gov)
Jamie Dingo, Esq. (jamie.dingo@atg.in.gov)

Office of Attorney General Curtis Hill
302 W. Washington Street
IGCS-5th Floor
Indianapolis, IN 46204

Re:   ***Bernard, M.D., et al. v. The Individual Members of the Indiana Licensing Board, et al.,***
      **S.D. Indiana Case No. 1:19-cv-01660-SEB-DML**

Dear Counsel:

Pursuant to Rule 45(d) of the Federal Rules of Civil Procedure, non-party The Regents of the University of California ("The Regents")[1], for itself and on behalf of non-parties Tracy A. Weitz, Michele B. Baron, Lauren Lederle, Eleanor A. Drey, and Jennifer L. Kerns, responds and objects to the Subpoenas to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action all dated November 9, 2020,[2] as follows:

**General Objections and Comments Relevant to All Subpoenas**:

1.  The Regents objects to the Definitions and Instructions insofar as they are inconsistent with the Federal Rules of Civil Procedure including, but not limited to, Defendants' reservation of right to engage in *post hoc* amendments to the Subpoenas.

2.  The Regents objects to the Requests insofar as they seek information protected by the attorney-client and/or work product privileges and will not produce any such documents or information.

---

[1] One of the subpoenas at issue here was directed to the "Department of Obstetrics, Gynecology, and Reproductive Sciences, University of California, San Francisco." No such distinct legal entity exists. However, The Regents of the University of California is the constitutional entity of which the UCSF campus is a part, and therefore assumes responsibility for responding to that subpoena.

[2] The Regents does not waive defects in service of process of these subpoenas. Defendants have been unwilling to respond to repeated questions from counsel seeking evidence of proof of service or even information as to Defendants' position as to the effective dates of service. Some of the non-party respondents here are uncertain whether they were, in fact, served or, if served, what the effective date of service was. The Regents is providing these objections and responses in an abundance of caution, but by participating in these objections, none of the non-party respondents waives their rights to object to the form and efficacy of service.



Diana Moers, Esq.
Jamie Dingo, Esq
November 23, 2020
Page 2

3. The Regents objects to the subpoena to the extent it seeks documents that constitute or reflect confidential, unpublished research protocols and data protected by the First Amendment of the United States Constitution, and associated academic freedom principles, as well as federal and state constitutional and statutory rights designed to protect the unpublished work of researchers.  Any public interest in such documents is outweighed by the harm to the researchers and The Regents.  The Regents further objects to the subpoena to the extent it seeks documents restricted from production by state laws and the policies of The Regents.

4. The Regents objects to Defendants' unreasonably early deadline for responding to the Subpoenas and their failure and refusal to confer on a reasonable period for providing a response, in violation of Federal Rule of Civil Procedure 45(d)(1) and Northern District of California Civil Local Rule 30-1.

5. The Regents objects on the grounds that the requests are unduly burdensome given the age of the documents requested and in light of the unreasonably short period of time provided in which to respond.

<u>Specific Objections and Responses</u>:

<u>Subpoena to Non-Party The Regents</u>:

**Request No. 1:**  All survey data collected or relied upon in the following study: Haddad, L., Yanow, S., Delli-Bovi, L., Cosby, K., & Weitz, T.A. (2009).  Changes in abortion provider practices in response to the Partial Birth Abortion Ban Act of 2003.  Contraception, *79*(5), 379-384.  doi: 10.1016/j.contraception.2008.11.010.

**Response to Request No. 1**:

1. The Regents objects to the subpoena to the extent it seeks documents that constitute or reflect confidential, unpublished research protocols and data protected by the First Amendment of the United States Constitution, and associated academic freedom principles, as well as federal and state constitutional and statutory rights designed to protect the unpublished work of researchers.  Any public interest in such documents is outweighed by the harm to the researchers and The Regents.

2. The Regents objects to the subpoena to the extent it seeks documents restricted from production by state laws and the policies of The Regents.

3. The Regents objects to the subpoena on the grounds that the information it seeks is neither relevant to any issue in the litigation nor likely to lead to the discovery of admissible evidence.

4. The Regents objects to the subpoena to the extent it violates California Evidence Code section 1040.



Diana Moers, Esq.
Jamie Dingo, Esq
November 23, 2020
Page 3

5. The Regents objects to the subpoena to the extent it violates patient and provider privacy rights, whether established as a matter of statute or by common law.

The Regents will not produce documents responsive to this Request.

**Request No. 2**: All survey data collected or relied upon in the following study: Denny, C.C., Baron, M.B., Lederl, L., Drey, E.A., & Kerns, J.L. (2015).  Induction of fetal demise before pregnancy termination: Practices of family planning providers.  Contraception, 92(3), 241-245. Doi:10.1016/j.contraception.2015.05.002.

**Response to Request No. 2**:

1. The Regents objects to the subpoena to the extent it seeks documents that constitute or reflect confidential, unpublished research protocols and data protected by the First Amendment of the United States Constitution, and associated academic freedom principles, as well as federal and state constitutional and statutory rights designed to protect the unpublished work of researchers.  Any public interest in such documents is outweighed by the harm to the researchers and the Regents.

2. The Regents further objects to the subpoena to the extent it seeks documents restricted from production by state laws and the policies of The Regents.

3. The Regents further objects to the subpoena on the grounds that the information it seeks is neither relevant to any issue in the litigation nor likely to lead to the discovery of admissible evidence.

4. The Regents objects to the subpoena to the extent it violates California Evidence Code section 1040.

5. The Regents objects to the subpoena to the extent it violates patient and provider privacy rights, whether established as a matter of statute or by common law.

The Regents will not produce documents responsive to this Request.

<u>**Subpoena to Non-Party Tracy A. Weitz**</u>

**Request No. 1:**  All survey data collected or relied upon in the following study: Haddad, L., Yanow, S., Delli-Bovi, L., Cosby, K., & Weitz, T.A. (2009).  Changes in abortion provider practices in response to the Partial Birth Abortion Ban Act of 2003.  Contraception, *79*(5), 379-384.  doi: 10.1016/j.contraception.2008.11.010.

**Response to Request No. 1:**

1. The Regents objects on behalf of non-party Weitz to the subpoena to the extent it seeks documents that constitute or reflect confidential, unpublished research protocols and data protected by the First Amendment of the United States Constitution, and associated academic freedom principles, as well as federal and state constitutional and statutory



Diana Moers, Esq.
Jamie Dingo, Esq
November 23, 2020
Page 4

rights designed to protect the unpublished work of researchers. Any public interest in such documents is outweighed by the harm to the researchers.

2. The Regents further objects to the subpoena to the extent it seeks documents restricted from production by state laws and the policies of The Regents.

3. The Regents further objects to the subpoena on the grounds that the information it seeks is neither relevant to any issue in the litigation or likely to lead to the discovery of admissible evidence.

4. The Regents objects to the subpoena to the extent it violates California Evidence Code section 1040.

5. The Regents objects to the subpoena to the extent it violates patient and provider privacy rights, whether established as a matter of statute or by common law.

The Regents will not produce documents responsive to this Request.

**Subpoenas to Non-Parties Michele Baron, Lauren Lederle, Eleanor A. Drey, Jennifer L. Kerns**

**Request No. 1**: All survey data collected or relied upon in the following study: Denny, C.C., Baron, M.B., Lederl, L., Drey, E.A., & Kerns, J.L. (2015). Induction of fetal demise before pregnancy termination: Practices of family planning providers. Contraception, 92(3), 241-245. Doi:10.1016/j.contraception.2015.05.002.

**Response to Request No. 1:**

1. The Regents object to the subpoenas to the extent they seeks documents that constitute or reflect confidential, unpublished research protocols and data protected by the First Amendment of the United States Constitution, and associated academic freedom principles, as well as federal and state constitutional and statutory rights designed to protect the unpublished work of researchers. Any public interest in such documents is outweighed by the harm to the researchers.

2. The Regents further object to the subpoenas to the extent they seek documents restricted from production by state laws and the policies of The Regents.

3. The Regents further object to the subpoenas on the grounds that the information they seek is neither relevant to any issue in the litigation or likely to lead to the discovery of admissible evidence.

4. The Regents objects to the subpoenas to the extent they violate California Evidence Code section 1040.

5. The Regents objects to the subpoenas to the extent they violate patient and provider privacy rights, whether established as a matter of statute or by common law.



Diana Moers, Esq.
Jamie Dingo, Esq
November 23, 2020
Page 5

The Regents will not produce documents responsive to this Request.

Very truly yours,

Orrick, Herrington & Sutcliffe LLP

Karen G. Johnson-McKewan

KJM/mmr