UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| CAITLAN BERNARD, M.D., et al., | Case No. 21-mc-80009-LB |
| Plaintiffs, | |
| v. | **ORDER GRANTING MOTION TO ENFORCE THIRD-PARTY SUBPOENAS** |
| INDIVIDUAL MEMBERS OF THE INDIANA MEDICAL LICENSING BOARD, et al., | Re: ECF No. 1 |
| Defendants. | |

The discovery dispute here involves the defendants' third-party subpoenas to the University of California for data that supported a 2009 study — relevant to a lawsuit in Indiana — about the following:[1]

> All survey data collected or relied upon in the following study[:] Denny, C.C., Baron, M.B., Lederle, L., Drey, E.A., & Kerns, J.L. (2015). Induction of fetal demise before pregnancy termination: Practices of family planning providers. Contraception, 92(3), 241–245.[2]

---

[1] Mot. – ECF No. 1. Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents. The parties narrowed the dispute, and the plaintiffs no longer seek data from the individual third parties, Michele Baron and Lauren Lederle. Reply – ECF No. 10 at 2.

[2] Reply – ECF No. 10 at 2.

ORDER – No. 21-mc-80009-LB

The university opposes the subpoena mainly on the ground that disclosure of the raw data would reveal identities of abortion providers who participated in the study and chill academic research.[3] The defendants offered to "sign a Protective Order stating that they will neither publish the data nor make any attempt to discover the identities of the participants in the study."[4]

Under Federal Rule of Civil Procedure 45, a nonparty can be compelled to produce documents on the same standard that attends document productions under Rules 34 and 26(b). Fed. R. Civ. P. 34(c) & 45(a)(1)(A)(iii); *Leader Techs., Inc. v. Facebook, Inc.*, No. C 10-80028MISC JW (HRL), 2010 WL 761296, at *1 (N.D. Cal. 2010). Under Rule 26(b), a party may obtain discovery of nonprivileged material that is relevant and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1).

Here, the proposed protective order appears to address the University's concerns. *Murphy v. Philip Morris Inc.*, No. CV 99-7155-RAPJWJX, 1999 WL 33521196, at *3–5 (C.D. Cal. Dec. 28, 1999) (ordering third-party university to produce raw data from a research study under a protective order because, among other things, the movant "assured this court that it has no intention of using the raw data to identify any of the study participants"). Moreover, the information sought is relevant to the movant's expert preparation. *Id.* (compelling third party's production of raw data relating to studies that the party's experts rely on).

In sum, with an appropriate protective order that shields the identities of the providers and prevents any attempt to learn their identities, the University must produce the data. That said, given that the defendants' concessions came in a reply brief, the parties can confer to raise any disputes about this holding in subsequent briefing.

**IT IS SO ORDERED.**

Dated: January 29, 2021

_____
LAUREL BEELER
United States Magistrate Judge

---

[3] Opp'n – ECF No. 7 at 9–11.

[4] Reply – ECF No. 10 at 3.