UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| CAITLAN BERNARD, M.D., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>INDIVIDUAL MEMBERS OF THE INDIANA MEDICAL LICENSING BOARD, et al.,<br><br>Defendants. | Case No. 21-mc-80009-LB<br><br>**DISCOVERY ORDER**<br><br>Re: ECF No. 12 |

    The discovery dispute here involves the defendants' third-party subpoenas to the University of California for data that supported a 2009 study — relevant to a lawsuit in Indiana — about the following:[1]

> All survey data collected or relied upon in the following study[:] Denny, C.C., Baron, M.B., Lederle, L., Drey, E.A., & Kerns, J.L. (2015). Induction of fetal demise before pregnancy termination: Practices of family planning providers. Contraception, 92(3), 241–245.[2]

---

[1] Mot. – ECF No. 1. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents. The parties narrowed the dispute, and the plaintiffs no longer seek data from the individual third parties, Michele Baron and Lauren Lederle. Reply – ECF No. 10 at 2.

[2] Reply – ECF No. 10 at 2.

ORDER – No. 21-mc-80009-LB

The court provisionally granted the defendants' motion to enforce the third-party subpoena subject to a protective order — a concession offered by the defendants in their reply brief. The University's concern was that disclosure of the data allowed disclosure of the study participants' identity. The defendants promised not to use the data that way. That seemed sufficient. *Murphy v. Philip Morris Inc.*, No. CV 99-7155-RAPJWJX, 1999 WL 33521196, at *3–5 (C.D. Cal. Dec. 28, 1999) (finding a similar promise, enforced by a protective order, to be sufficient). Because the concession was offered in the reply brief, however, the court allowed the parties additional briefing to fully illuminate their positions.[3] The court held a hearing on the supplemental submissions on February 11, 2021.[4]

Given the privacy issues here, the court now thinks the issue is whether the subpoena request is proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1).[5] It is not. The defendants have the study that reports the results. The raw data necessarily reveal the identities of the study participants, given the limited number of abortion providers in particular regions.[6] The data is private, and it was given in return for the assurance that it would remain confidential. Although the defendants' experts have asked for the data, the University made strong arguments at the hearing about the sensitivity of the data and the concerns of having others access it, even with a protective order. Some experts have been deposed, and that — coupled with their access to the report itself — militates against disclosure of the private data.[7]

In sum, given the privacy concerns and the other arguments advanced by the University about the promises of confidentiality given to the study participants, the protective order is not sufficient. *Cf. Murphy*, 1999 WL 33521196, at *4 (evaluating, among other things, "whether disclosure will violate any privacy interests"). Also, given the production of the report itself,

---

[3] Order – ECF No. 11 at 2.

[4] Surreply – ECF No. 12; Response – ECF No. 16; Minute Entry – ECF No. 17.

[5] Order – ECF No. 11 at 2 (standard for third-party discovery).

[6] Reply – ECF No. 10 at 2–3 (seeking raw data in order to "determine which other medical institutions Movants need to subpoena"); Surreply – ECF No. 12 at 4.

[7] Response – ECF No. 16 at 3 (conceding that only two expert depositions remain).

production of the data is not proportional to the needs of the case. The court thus denies the defendants' motion for disclosure of the data.

**IT IS SO ORDERED.**

Dated: February 16, 2021

LAUREL BEELER
United States Magistrate Judge